# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>MICHAEL PATRICK CREEDON AND REGINA ANNE CREEDON<br>　　　Debtors | Case No. 23-12202-pmm |
| Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6,<br>　　　Movant | Chapter 13 |
| vs.<br>MICHAEL PATRICK CREEDON AND REGINA ANNE CREEDON<br>　　　Respondents | 11 U.S.C. §362 |

## ORDER MODIFYING §362 AUTOMATIC STAY

**AND NOW**, this _____ day of _____, 20____, at **PHILADELPHIA**, upon Motion of Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6 (Movant), it is:

**ORDERED:** that Movant shall be permitted to reasonably communicate with Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law; and it is further;

**ORDERED** that Relief from the Automatic stay of all proceedings, as provided under 11 U.S.C. §362 is granted with respect to, 4 Saljon Ct, Maple Glen, Pennsylvania 19002 (hereinafter the Premises) (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises) , as to permit Movant, its successors or assignees, to proceed with its rights under the terms of said Mortgage; and it is further;

**ORDERED** that the Trustee is directed to cease making any further distributions to the Creditor; and it is further

**ORDERED** that Rule 4001(a)(3) is not applicable and may immediately enforce and implement this Order granting Relief from the Automatic Stay; and it is further;

**ORDERED** that FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1 is no longer applicable to Movant, its successors or assignees.

_____
Patricia M. Mayer
BANKRUPTCY JUDGE