United States Bankruptcy Court

Eastern District of Pennsylvania

In re:  Case No. 23-12202-pmm
Michael Patrick Creedon  Chapter 13
Regina Anne Creedon
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: admin    Page 1 of 2
Date Rcvd: Jun 10, 2024    Form ID: pdf900    Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 12, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| db/jdb | Michael Patrick Creedon, Regina Anne Creedon, 4 Saljon Ct, Maple Glen, PA 19002-3012 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | + Email/Text: BKEBN-Notifications@ocwen.com | Jun 11 2024 11:22:00 | Wells Fargo Bank, National Association as Trustee, 1661 Worthington Rd., Ste. 100, West Palm Beach, FL 33409-6493 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 12, 2024      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 10, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ANDREW L. SPIVACK | on behalf of Creditor Wells Fargo Bank  National Association as Trustee for Asset Backed Securities Corporation Home Equit andrew.spivack@brockandscott.com, wbecf@brockandscott.com |
| KENNETH E. WEST | on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com  philaecf@gmail.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |

| | |
|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Jun 10, 2024 | Form ID: pdf900 | Total Noticed: 2 |

MARIO J. HANYON
    on behalf of Creditor Wells Fargo Bank  National Association as Trustee for Asset Backed Securities Corporation Home Equit wbecf@brockandscott.com, mario.hanyon@brockandscott.com

MICHAEL A. CIBIK
    on behalf of Joint Debtor Regina Anne Creedon help@cibiklaw.com noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com

MICHAEL A. CIBIK
    on behalf of Debtor Michael Patrick Creedon help@cibiklaw.com noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com

STEPHEN R. STARKS
    on behalf of Creditor Wells Fargo Bank  National Association as Trustee for Asset Backed Securities Corporation Home Equit ryan.starks@brockandscott.com, wbecf@brockandscott.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 8

Case 23-12202-pmm    Doc 68    Filed 06/12/24    Entered 06/13/24 00:35:21    Desc Imaged
                        Certificate of Notice    Page 2 of 5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: Michael and Regina Creedon, | : | Chapter 13 |
| | : | |
| | : | |
| Debtors. | : | Bky. No. 23-12202 (PMM) |

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation (doc. #65, , "the Application") filed by Michael Assad, Esquire ("the Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of **$5,725.00** for legal services provided to the Debtor;

**AND** this bankruptcy case having been dismissed on May 7, 2024,

**AND**, upon the Applicant's certification that proper service has been made on all interested parties,

**AND**, upon the Applicant's certification of no response,

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which  . . .  derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest,"   In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original),

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional

-

representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the time records submitted by the Applicant and the services provided in this case, the court concluding that a reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART AND DENIED IN PART.**

2. Compensation is allowed in favor of the Applicant in the amount of **$4,300.00**. Counsel was paid $2,075.00 of this amount prior to the bankruptcy filing. See also L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a hearing).

3. The Chapter 13 Trustee is authorized to distribute to the Applicant the allowed compensation ($4,300.00) less the $2,075.00 which was paid by the Debtor prepetition

---

[1] Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976 (en banc)).

[2] After reviewing the time records and case docket, I am unpersuaded that a fee of $5,725.00 is a reasonable amount to charge for representation of the interests of the Debtor.

The time stated in the time records appears to be an unreasonable amount for the stated work. For example, counsel charges 4.5 hours to draft schedules and a plan, 3.0 hours to defend against a motion for relief and negotiate a stipulation, and 1.0 hour to review a short summary of time spent. It is unlikely that these tasks took that amount of time.

I have therefore reduced Counsel's fee by approximately 25%, to a fee of $4,300.00. Such an approach permits the court to avoid becoming enmeshed in a fee application process that is overly cumbersome or disproportionate given the size of this case and the stakes involved. See Green Valley Beer, 281 B.R. at 259; In re In re Adventist Living, 137 B.R. 701 (Bankr. N.D. Ill. 1991). See generally Busy Beaver, 19 F.3d at 845 ("Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled").

-

(for a **remaining amount due of $2,225.00**), as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B).

4. Cause exists within the meaning of 11 U.S.C. §349(b)(3) and the Trustee is directed to distribute the funds in his possession derived from the pre-confirmation chapter 13 plan payments of the Debtor(s) to pay the allowed compensation.

**Date: 6/10/24**

*Patricia M. Mayer*

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**