## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Patrick Creedon, <br> Regina Anne Creedon, <br>         *Debtors.* | Case No. 23-12202-PMM <br> Chapter 13 |

### Motion for Stay Pending Appeal

Appellant Michael I. Assad moves this Court as follows:

1. On May 21, 2024, the Appellant applied for compensation for services provided to the Debtors as their attorney in this bankruptcy case. ECF No. 65.

2. The compensation, if approved, would be paid from the Debtors' bankruptcy estate, which consisted only of funds that the Court ordered the chapter 13 trustee to hold for that purpose. ECF No. 63.

3. On June 10, 2024, the Court issued a final order partially denying the Appellant's application. ECF No. 67.

4. Between September 6, 2023, and December 13, 2023, the Debtors paid $15,920.00 to the trustee, of which the trustee was paid $1,512.40 as compensation for case administration as allowed by law. Exhibit A.

5. On June 14, 2024, before the expiration of time for reconsideration, appeal, or a motion under L.B.R. 2016-1(h), the trustee issued payment to the Appellant in the amount of $2,225.00 by electronic means and to the Debtors in the amount of $12,182.60 by mail. Exhibit A.

6. On June 15, 2024, the Appellant filed a timely notice of appeal to the U.S. District Court for the Eastern District of Pennsylvania from the Court's June 10 order. ECF No. 69.

7. Because funds are no longer being held by the trustee, there are no funds from which the Appellant can be paid if the matter is remanded to this Court by the District Court.

8. Given the circumstances, this Court must issue a stay pending appeal and direct the trustee to stop payment on the check mailed to the Debtors.

9. A stay pending appeal is necessary when: (1) an appellant has made a strong showing that they are likely to succeed on the merits, (2) an appellant will be irreparably injured absent a stay, (3) the stay will not substantially injure other interested parties; and (4) the stay is in the public interest. *In re Revel AC Inc.*, 802 F.3d 558, 568-69 (3d Cir. 2015).

10. Because the Appellant was deprived of property without due process of law in violation of the U.S. Constitution, there is a substantial likelihood that the District Court will remand the matter to this Court for further proceedings.

11. The Court's failure to issue a stay will cause irreparable harm to the Appellant because he will not be reasonably able to recover the funds if the Debtors cash the trustee's check.

12. The Debtors will not be substantially harmed by issuance of a stay because they did not object to the Appellant's application for compensation, thus they will not be deprived of property they had not already conceded.

13. The public interest would be served by the issuance of a stay because adherence to the Fifth Amendment is essential to the American system.

For those reasons, the Court must grant relief in the form of order attached, and further in the Appellant's favor if necessary and proper under the law.

Date: June 16, 2024                    CIBIK LAW, P.C.
                                       *Attorney for Appellant*

                                       By: _____
                                       Mike Assad (#330937)
                                       1500 Walnut Street, Suite 900
                                       Philadelphia, PA 19102
                                       215-735-1060
                                       help@cibiklaw.com

## Certificate of Service

I certify that on this date, I did cause a copy of this document and all attachments to be electronically served on all parties on the Clerk's service list that are registered to receive notices through the CM/ECF system. I did not serve anyone by mail.

Date: June 16, 2024                    _____
                                       Mike Assad