United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                          Case No. 23-12202-pmm

Michael Patrick Creedon                                                      Chapter 13

Regina Anne Creedon

     Debtors

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jul 12, 2024 | Form ID: pdf900 | Total Noticed: 2 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 14, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| db/jdb | Michael Patrick Creedon, Regina Anne Creedon, 4 Saljon Ct, Maple Glen, PA 19002-3012 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | + Email/Text: BKEBN-Notifications@ocwen.com | Jul 13 2024 00:09:00 | Wells Fargo Bank, National Association as Trustee, 1661 Worthington Rd., Ste. 100, West Palm Beach, FL 33409-6493 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

    NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 14, 2024                              Signature:              /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 12, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ANDREW L. SPIVACK | on behalf of Creditor Wells Fargo Bank  National Association as Trustee for Asset Backed Securities Corporation Home Equit andrew.spivack@brockandscott.com, wbecf@brockandscott.com |
| KENNETH E. WEST | on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com  philaecf@gmail.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |

| District/off: 0313-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Jul 12, 2024 | Form ID: pdf900 | Total Noticed: 2 |

MARIO J. HANYON

on behalf of Creditor Wells Fargo Bank  National Association as Trustee for Asset Backed Securities Corporation Home Equit
wbecf@brockandscott.com, mario.hanyon@brockandscott.com

MICHAEL A. CIBIK

on behalf of Joint Debtor Regina Anne Creedon help@cibiklaw.com
noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com

MICHAEL A. CIBIK

on behalf of Debtor Michael Patrick Creedon help@cibiklaw.com
noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com

MICHAEL I. ASSAD

on behalf of Attorney Michael I. Assad help@cibiklaw.com
noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com

STEPHEN R. STARKS

on behalf of Creditor Wells Fargo Bank  National Association as Trustee for Asset Backed Securities Corporation Home Equit
ryan.starks@brockandscott.com, wbecf@brockandscott.com

United States Trustee

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 9

**UNITED STATES BANKRUPTCY COUR**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | **:** | **Chapter 13** |
| | **:** | |
| **Michael Patrick and** | | |
| **Regina Anne Creedon,** | **:** | **Case No.   23-12202 (PMM)** |
| | **:** | |
| **Debtors.** | **:** | |

--------------------------------

**O P I N I O N**

## I.     INTRODUCTION

This matter is before the court on an appeal from an Order entered on June 10, 2024 (doc. #67, the "Fee Order") which reduced the compensation sought by the Debtors' counsel, Michael Assad ("Counsel" or the "Applicant"), by approximately 25%.[1]   Because consideration of Counsel's Application for Compensation (doc. #65, the "Application") was a routine matter not requiring a hearing in advance of the determination, a summary order with footnotes was entered. This Opinion, filed in conformity with Local Rule 8003-1, is submitted in support of the Fee Order.

As discussed below, the amount sought in the Application was reduced pursuant to the court's professional and judicial experience and based on the court's discretion to review and determine attorney fees in a chapter 13 case.  Further, contrary to the contention of the Applicant, the procedure of issuing an order prior to holding a hearing on the Application does not violate Counsel's right to due process.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Counsel filed this chapter 13 bankruptcy case on behalf of the Debtors on July 25, 2023. The Debtors' previous chapter 13 case (case no. 22-11697, the "Prior Case"), in which they were also represented by Mr. Assad, was dismissed on February 28, 2023.

---

[1]     Michael Cibik of Cibik Law is listed on the docket as counsel to the Debtors. However, Mr. Assad of the Cibik firm filed most of the documents and pleadings in this case, including the appeal.

The initial 2016(b) disclosure in the current case states that the agreed attorney fee would be $4,725.00, of which $2,075.00 was received prior to the filing.  Doc. #14.  The 2016(b) disclosure notes that certain legal services were not included in the $4,725.00 and would be billed at an hourly rate of $375.00.  For reasons unclear from the record, the Applicant amended the firm's disclosure statement on January 23, 2024 to reflect an anticipated fee of $5,725.00. Doc. #42 (the "Amended Disclosure").[2]

Soon into this case, the Debtor's mortgagee, Wells Fargo Bank ("Wells Fargo"), filed an Objection to the proposed Plan (doc. #19) as well as a Motion for Relief from Stay (doc. #27). The Motion for Relief was settled on January 19, 2024.  Doc. #39. A few months later, the Debtors defaulted on that stipulation and relief was granted to Wells Fargo. Doc. #59. The chapter 13 plan was amended twice. Doc. #'s 41, 48. On March 26, 2024, confirmation of the plan was denied. Doc. #54.

On May 7, 2024, after notice and hearing of the chapter 13 trustee's Motion, this bankruptcy case was dismissed. Doc. #63 (the "Dismissal Order"). The Dismissal Order allowed 14 days for the filing of administrative fee applications. Counsel timely filed an Application for Compensation, doc. #65, seeking fees in the amount of $5,725.00 for services performed from July 15, 2023 (the date the case was filed) through May 21, 2024 at the rate of $350.00 per hour. The Application states that a total of 16.35 hours were worked and details the tasks performed.[3]

Upon review of the Application, I entered the Fee Order on June 10, 2024 which reduced the amount sought by about 25% and allowed reduced compensation in the amount of $4,300.00.

---

[2]     The Debtors have "below median" income. Doc. #65.

[3]     The Application calculates the fee based on an hourly fee of $350.00 per hour, even though the Amended Disclosure states that the Firm would bill at a rate of $375.00 per hour.  I further note that the 16.35 hours listed in the Application billed at a rate of $350.00 amounts to a charge of $5,722.50, approximately, but not exactly, the amount sought of $5,725.00.

Thus the Application was granted in part (with regard to the allowed $4,300.00) and denied with regard to the remaining $1,425.00. Footnote 2 of the Fee Order summarizes the reason for the reduction; "[t]he time stated in the time records appears to be an unreasonable amount for the stated work." Id.

On June 15, 2024, Counsel filed a timely Notice of Appeal, doc. #69, and Statement of Issues on Appeal (doc. #70, the "Statement"). Following an expedited hearing, Counsel's Motion for Stay Pending Appeal was granted, staying the execution of the distribution directed in the Fee Order. Doc. #86.

### III.  RELEVANT BACKGROUND LAW

*Bankruptcy Code and Rules*

Bankruptcy Courts may award reasonable compensation for actual, necessary services rendered by professionals.  11 U.S.C.S. §330(a)(1).  The reasonableness of the compensation is determined by an examination of  "(i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services, and (v) the cost of comparable services in non-bankruptcy cases."  11 U.S.C.S. §330(a)(3).  A court must also consider the "benefit and necessity" of such services and what is reasonable in light of the representation of the interests of the debtor in connection with the case.  11 U.S.C. § 330(a)(4)(B).

The procedure for seeking payment of compensation is set forth in Federal Rule of Bankruptcy Procedure 2016, which provides that counsel "shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."  Fed. R. Bankr. P. 2016(a). The Federal Rule is supplemented by procedures detailed in Local Rule 2016 (discussed below).

*Third Circuit Case Law*

The Third Circuit holds that Bankruptcy Courts have not only a right, but an affirmative duty, to review fee applications even in the absence of an objection (particularly given that objections to fee applications are rare and that review is necessary). In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 841 (3d Cir. 1994). In so finding, the Third Circuit emphasized that the Bankruptcy Court need not - in fact should not - become "enmeshed in a meticulous analysis" Id. at 844–45 (3d Cir. 1994) (citation omitted).

This sentiment has been echoed by colleagues on this court: "both the billing and fee review process are more art than science. The Court is not required to, nor realistically could it, determine an exact or a perfectly, precise fee for each case . . . fee review and allowance process is a holistic one." In re Kyung Tae Ko, 560 B.R. 245, 250–51 (Bankr. E.D. Pa. 2016) (citation and emphasis omitted). Further, it is an applicant's duty to demonstrate through a sufficiently detailed fee application that he is entitled to the amount sought. In re Murray, 2007 WL 2317523, at *2 (Bankr. E.D. Pa. Aug. 6, 2007).

In reviewing fee applications, a court should call on its professional experience, expert judgment, and understanding of the legal profession as a starting point. In re: Badyrka, 2022 WL 4656034, at *9 (Bankr. M.D. Pa. Sept. 30, 2022).

### *In re Lewis: pre-confirmation, post-dismissal fee applications*

Also relevant here (where a fee application is being considered in a dismissed, unconfirmed chapter 13 case) is In re Lewis, 346 B.R. 89, 109–10 (Bankr. E.D. Pa. 2006). In Lewis, Judge Frank held that §349(b)(3) governs the effect of dismissal on property of the bankruptcy estate. Id. at 111. While §349 provides that property shall, upon dismissal, be revested "in the entity to which such property was vested" prior to the filing of the case, the section permits a court to order

4

that the funds be otherwise distributed "for cause." Id. at 101–02, 114. If jurisdiction is retained, this provision allows a court to order payment of estate funds to debtor's counsel rather than to the entity vested with the funds pre-petition (who is usually the debtor). Lewis is the prevailing case on this issue in this district.

When counsel submits a fee application in a chapter 13 case which has not been confirmed, the "no look" fee, see L.R. 2016-3(a)(1), is not applicable. Rather, the court must "employ the traditional analysis of determining the reasonable amount of compensation, taking into account the results achieved by counsel's efforts in a case dismissed without a confirmed plan, all of the factors set forth in 11 U.S.C. § 330(a)(3), 330(a)(4)(B) and any other relevant considerations." Lewis, 346 B.R. at 109–10 (citations omitted). It is the burden of the applicant to demonstrate by way of the fee application that the services provided to the debtor were both valuable and aimed at achieving a viable chapter 13 plan. Id. at 108; see also 3 Collier on Bankruptcy P 330.03 (16th 2024).

## IV. ANALYSIS

Counsel identified three (3) issues in the Statement.[4] I will address these issues in turn.

### A. Reasonable Fees

Counsel's primary objection is that the reduction of fees is unfair because the amount charged to represent the Debtors was reasonable. Doc. #70. The Application seeks fees of $5,725.00. This amount was cut by the Fee Order to $4,300.00, an approximate 25% reduction. Doc. #67. Upon careful review of the history of the case and the Applicant's billing records, I conclude, as summarized in the Fee Order, that "[t]he time stated . . . appears to be an unreasonable amount for the stated work . . . [i]t is unlikely that these tasks took that amount of time." Id. at n.2.

---

[4]    I consider the enumerated issue 3 and issue 4 to be part of the same objection, namely that a hearing prior to determination was necessary in order to protect the due process rights of Counsel.

The Debtors' bankruptcy was far from a complicated chapter 13 case. In fact, the schedules, docket entries, and pleadings indicate that this bankruptcy posed the typical "plain vanilla" scenario, namely that the Debtors fell behind on their mortgage payments and wished to cure the arrears through a chapter 13 plan.

The arrears here are, to be sure, significant (over $200,000.00) and the Debtors' attempt to catch up has been an uphill battle. The Debtors' Prior Case was dismissed upon motion of the trustee after the Debtors defaulted on a stipulation with mortgagee Wells Fargo Bank ("Wells Fargo").

The current bankruptcy sought to cure the same problem and, unfortunately for the Debtors, had the same unsuccessful result. The main events in the current case are as follows:

- The Debtors' Motion to Extend the Stay was granted on August 24, 2023 (doc. #21).

- Schedules and a chapter 13 plan were filed on August 17, 2023; the chapter 13 plan was amended twice on January 23 2024 and February 12, 2024 (doc. #'s 14, 16, 41, and 48).

- Wells Fargo objected to the plan and filed a Motion for Relief on November 24, 2023 (doc. #'s 19, 27); the Debtors objected to that Motion (doc. #29).

- Following a settlement of the Motion for Relief (doc. #40), the Debtors defaulted on the stipulation (doc. #58). As a result, relief was granted to Wells Fargo on April 17, 2024 (doc. #59).

- The case was dismissed on May 7, 2024, upon motion of the chapter 13 trustee, for delay and for failure to make payments (doc. #63).

The bankruptcy did not feature complicated tax, probate, or state law issues; no adversary proceedings or objections to claims were filed; the Debtors did not attempt to cramdown a car or strip a mortgage lien. The Debtors have one (1) home, one (1) car, two (2) secured creditors, and five (5) unsecured creditors. While the Debtors do have some tax debt and own portions of two

(2) businesses,[5] this case was a straightforward chapter 13 in which, to reiterate, the Debtors sought to avert the loss of their home to foreclosure.

With this in mind, I turn to the time sheets filed by Counsel in support of the Application. Counsel charges 4.50 hours on August 17, 2023 for drafting "schedules, statements, other documents, and chapter 13 plan." Application at 2. Because the schedules and plan are not complex, and based on my experience as a consumer bankruptcy attorney, I find this to be a large amount of time spent on a routine task. This conclusion is supported by the fact that Counsel represented the Debtors in the Previous Case, filed only about one (1) year before the current case. Counsel, therefore, was not drafting schedules from scratch. I would expect the initial task of drafting schedules and a plan in a second filing to take, at most, half of the time reported.

Similarly, Counsel charges 3.0 hours on November 24, 2023 to defend "against [the] motion for relief . . . including filing answer and negotiating stipulation." Id. at 3. The Objection (doc. #29) to the Motion for Relief submitted by Counsel is one (1) paragraph. While settlement of the motion may have involved some back and forth, presumably the issues and options were well known to both parties, who at that point had been working towards resolution for years in the Prior Case and the current case. The Stipulation of Settlement (doc. #39) was filed by Wells Fargo (rather than by Debtors' Counsel) and looks to rely on boilerplate language. For these reasons, I find the charge of 3.0 hours for these tasks to be inflated.

The 25% reduction of fees was based on a careful analysis of the record and case history but is not, nor need it be, an exact calculation. Rather, the Third Circuit directs courts to use discretion in reviewing fee applications and to make a determination that is fair but not necessarily precise. At bottom, I find a bill of nearly $6,000.00 for a routine bankruptcy in which a plan of

---

[5]    The Debtors own Mr. Creedon's law practice, which is an LLC. See schedule A/B at ¶19; see also Statement of Financial Affairs. They also own a minority percentage of Ventresca Travel. See Schedule A/B.

reorganization was not confirmed to be high; this determination was made pursuant to my common sense, experience, and discretion.

### B. Unsecured Creditors Would not Benefit

Issue 2 on appeal is "[w]hether the Bankruptcy Court erred by awarding the Appellant less than the requested amount of compensation when property of the estate could no longer inure to the benefit of unsecured creditors." Doc. #70. The contention is that a court's analysis of counsel fees should include consideration of where the funds would go if not awarded to the debtor's lawyer.

This contention is supported neither by case law nor by district practice.

While Busy Beaver states that the bankruptcy estate should be protected from "overreaching attorneys" who might drain the funds which would "inure to the benefit of unsecured creditors," it is important to consider that Busy Beaver was an ongoing chapter 11 case. 19 F. 3d at 844. However, in a dismissed chapter 13 case (the present scenario), the goal is not to keep money in the bank for unsecured creditors, but "to restore all property rights to the position in which they were found at the commencement of the case." Lewis, 346 B.R. at 104; 11 U.S.C. § 349(b)(3). In other words, the statute contemplates returning funds to the debtor upon the pre-confirmation dismissal of a chapter 13. The interests of unsecured creditors—who did not own estate property when the case was filed—are not a consideration in determining chapter 13 professional fees. See 3 Collier on Bankruptcy P. 330.3 (16th Ed. 2024) (stating that a §330 determination must inquire as to whether the service was actual and necessary and whether the billed amount is reasonable considering the nature, extent and value of the services provided).

### C. Due Process

Last, I take up the contention that the Fee Order, which reduced the fees sought without prior notice and hearing, violated Counsel's right to due process, particularly in light of the fact that the Applicant "did not consent to the entry of a reduced award without notice and hearing." Statement at 1.

Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In re U.S.A. Dawgs, Inc., 657 B.R. 98, 118 (B.A.P. 9th Cir. 2024) (citing Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

After reviewing the statutory and common law, I submit that the entry of the Fee Order did not violate due process. The court is able to reduce fees without a hearing prior to such decision; the proper course of action for an attorney who objects to that reduction is to file and notice a motion to reconsider the relevant order. This process allows further review of the fee application and provides counsel with an opportunity to submit additional evidence and argument in support of the amount sought.

Neither the Bankruptcy Code nor the Local Rules contemplates the requirement of a hearing *prior* to a reduction in fees. Section 330(a)(2) of the Code allows the court "on its own motion . . . [to] award compensation that is less than the amount of compensation that is requested." This portion of §330 does not mandate a hearing. Similarly, Local Rule 2016-1(h), entitled "Disposition Without Hearing: Reduced Award," provides that:

> If the court, **without holding a hearing**, awards an applicant less than the requested amount of compensation and reimbursement of expenses, the applicant may include a **request for a hearing** on the application in a motion under Fed. R. Bankr. P. 9023. If the motion under Fed. R. Bank. P. 9023 does not include a request for a hearing, the motion is governed by L.B.R. 9014-2 (providing for motions to be determined without a hearing).

L.B.R. 2016-1(h)(emphasis added).[6]

Although the Application notes discretely on page 4 that "[t]he Applicant does not consent to the entry of a reduced award by the Court without notice and hearing," such a notation is not the proper way to notice a motion before the court.  See L.B.R. 9014-3. Further, the local form fee application (which was not used by Counsel) does not include a space or option allowing an applicant to request a hearing.  See L.B.F. 2016-3(b).

In short, while a hearing to contest the reduction of fees may well be required in order to insure due process, the proper procedure is for an applicant to file a motion for reconsideration pursuant to Fed. R. Bankr. P. 9023 *after* the order on the fees has been entered.

In fact, the appellant in Busy Beaver filed a motion for reconsideration following the Bankruptcy Courts *sua sponte* reduction of fees. 19 F.3d at 837. While Busy Beaver does contemplate that, in order to satisfy due process concerns, an application should be allowed the opportunity to "present evidence or argument" in support of the amount sought in the fee application, the Third Circuit states that such an opportunity must be given not automatically or as a matter of course upon the reduction of fees, but rather only "should [a hearing] be requested." 19 F.3d at 846 (emphasis added). See also Id. at 847 (stating that, after being noticed of the reasons for the denial of fees, a hearing should be held if the applicant "make[s] a timely request for one.").

Judge Fehling of this court summarized the procedure contemplated by Busy Beaver following the reduction of counsel fees:

> First, a court may note (presumably through some order) its specific concerns and allow counsel to supplement the fee application in response thereto before holding a hearing and issuing an order on the application . . . . Second, a court could rely on the general

---

[6]    L.R. 9014-2(a)(16) provides that a hearing is not necessary "if the motion [pursuant to Fed. R. Bankr. P. 9023] does not include a request for a hearing, to alter or amend an order awarding an applicant less than the requested amount of compensation and reimbursement of expenses."  This language indicates that an applicant's motion for reconsideration must specifically request a hearing or that motion too (in addition to the underlying fee application) may be decided by the court without a hearing.

standards for reconsideration of an order . . . . **Full due process protection is therefore
affixed to a fee applicant whose fee is reduced despite no advance notice**.

In re Waltenberg, 2007 WL 1740274, at *10-11 (Bankr. E.D. Pa. June 15, 2007) (citing Busy

Beaver) (emphasis added). In Waltenberg, Judge Fehling issued an Order to Show Cause in

advance of making a determination regarding fees because the egregious nature of counsel's billing

practices warranted the consideration and imposition of sanctions. Id. at *2. However, the Opinion

discusses the procedural due process protections outlined by Busy Beaver and states that as an

alternative to holding a hearing prior to the determination of fees, the court may first issue an order

reducing fees and "if counsel desires to do so, to allow counsel the occasion to file a motion to

reconsider to defend the fee application with argument or evidence at a hearing." Id. at *11.

Thus, the Code, the law in this Circuit, and the local rules support the conclusion that the

entry of a summary order reducing fees does not violate due process; objecting counsel may file

and notice a motion for reconsideration, which will allow him to provide further explanation in

support of the requested fees. See Zolfo, Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 261

(3rd Cir. 1995) (noting that the burden of proof in requesting a fee rests on the movant). To be

sure, the procedure described remains the practice in this district. E.g., In re Sherman, 2022 WL

626940, at *1 (Bankr. E.D. Pa. Mar. 3, 2022) ("[u]nder the local rules of this court, applications

for compensation typically are decided by the court without a hearing.").

While the law, as just discussed, contemplates such procedure, it is important to consider that

the need for efficiency and or the goal of avoiding judicial backlog also support this practice.

According to the Third Circuit, allowing an applicant an *ex-post* rather than *ex-ante* opportunity to

object makes sense because "hearings on a routine matter like compensation for services might

overwhelm already swollen calendars." Busy Beaver, 19 F.3d at 845–46.

11

This court currently has approximately 6,000 open chapter 13 cases. Certainly a percentage of the fees sought in these thousands of cases will include "no look" requests in confirmed cases, see L.B.R. 2016-3(a)(1), and will not require consideration of the merits of the award sought. But the additional need for hearings with regard to the many cases in which the court determines that the fee application has not supported the requested reward would indeed be burdensome.

## V. CONCLUSION

It is true that even a *de minimus* reduction of counsel feels, if a regular occurrence, may make a big difference to a consumer bankruptcy lawyer. The Applicant's objection is thus not taken lightly. Counsel's appeal allows the court to expound on a carefully considered, though summary, fee reduction order. The point of such a reduction, usually announced by way of a brief order with little explanation, is not to punish counsel or to deny hard earned wages. Rather, such process allows the court both efficiently to perform its duty of closely examining fee applications and also to balance professionals' need and right to get paid with the protection of debtors' scarce funds.

**Date:  July 12, 2024**

_Patricia M. Mayer_

_____
**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**