*Form PL239 (03/22)*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                      )
    Michael Patrick Creedon          )          Case No. 23−12202−pmm
                                     )
                                     )
    Regina Anne Creedon              )          Chapter: 13
                                     )
    Debtor(s).                       )          Civil Case Number. −24−cv−2671

## Transmission of Documents to the U.S. District Court

To Clerk of Court, U.S. District Court:

    We herewith transmit the following document(s) filed in the above matter(s), together with a copy of the docket entries:

☐ Certificate of appeal from order entered by the Honorable Patricia M. Mayer
Notice of appeal filing fee ☐ paid ☐ not paid

☒ Designation of Record on Appeal Filed *Transcript not part of Court record
☐ Designation of Record on Appeal Not Filed

☐ Supplemental certificate of appeal

☐ Motion for leave to appeal filed
☐ Answer to motion filed

☐ Proposed findings of fact and conclusions of law entered by the Honorable Patricia M. Mayer
☐ Report and recommendation entered by the Honorable Patricia M. Mayer
☒ Other See Opinion in Support of Order on Application for Compensation under Appeal

    Kindly acknowledge receipt on the copy of the letter provided.

Date: July 31, 2024

                                For The Court

                                Timothy B. McGrath
                                Clerk of Court

---

Received Above material or record tile this day: _____
Civil Action No. _____        Signature: _____
Miscellaneous No. _____       Date: _____
Assigned to Judge _____

*Form PL246* (3/23)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
|    Michael Patrick Creedon | ) | Case No. 23−12202−pmm |
| | ) | |
| | ) | |
|    Regina Anne Creedon | ) | Chapter: 13 |
| | ) | |
|    Debtor(s). | ) | Civil Case Number. 24−2671 |

## CERTIFICATE OF APPEAL FROM
## ORDER OF THE BANKRUPTCY JUDGE DATED June 10, 2024
## AND ENTERED ON THE DOCKET June 10, 2024

I, Timothy B. McGrath, Clerk of the United States Bankruptcy Court, Eastern District of Pennsylvania, herewith electronically transmit the record on appeal filed on June 15, 2024 and certify that the above proceeding was properly before the Honorable Bankruptcy Judge Patricia M. Mayer.

Date: July 30, 2024

For The Court

Timothy B. McGrath
Clerk of Court

Parties/Counsel of Record:
MICHAEL A. CIBIK
Cibik Law, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
Appellant/ Counsel for Debtors

Michael Patrick Creedon
4 Saljon Ct
Maple Glen, PA 19002−3012
Debtor

Regina Anne Creedon
4 Saljon Ct
Maple Glen, PA 19002−3012
Joint Debtor

KENNETH E. WEST
Office of the Chapter 13 Standing Trustee
1234 Market Street − Suite 1813
Philadelphia, PA 19107

**United States Trustee**
**Office of the United States Trustee**
**Robert NC Nix, Sr.**
**Federal Building**
**900 Market Street, Suite 320**
**Philadelphia, PA 19107**

**Repeat−PAEB, RepeatPACER, DISMISSED, APPEAL**

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Philadelphia)
### Bankruptcy Petition #: 23−12202−pmm

*Date filed:* 07/25/2023

*Assigned to:* Judge Patricia M. Mayer
Chapter 13
Voluntary
Asset

*Debtor dismissed:* 05/07/2024
*Joint debtor dismissed:* 05/07/2024
*Deadline for filing claims:* 10/03/2023
*Deadline for filing claims (govt.):* 01/22/2024

*Debtor disposition:* Dismissed for Other Reason
*Joint debtor disposition:* Dismissed for Other Reason

**Debtor**
**Michael Patrick Creedon**
4 Saljon Ct
Maple Glen, PA 19002−3012
MONTGOMERY−PA
SSN / ITIN: xxx−xx−2310

represented by **MICHAEL A. CIBIK**
Cibik Law, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
215−735−1060
Email: help@cibiklaw.com

**Joint Debtor**
**Regina Anne Creedon**
4 Saljon Ct
Maple Glen, PA 19002−3012
MONTGOMERY−PA
SSN / ITIN: xxx−xx−8131

represented by **MICHAEL A. CIBIK**
(See above for address)

**Trustee**
**KENNETH E. WEST**
Office of the Chapter 13 Standing Trustee
1234 Market Street − Suite 1813
Philadelphia, PA 19107
215−627−1377

represented by **KENNETH E. WEST**
Office of the Chapter 13 Standing
Trustee
1234 Market Street − Suite 1813
Philadelphia, PA 19107
215−627−1377
Fax : 215−627−6299
Email: ecfemails@ph13trustee.com

**U.S. Trustee**
**United States Trustee**
Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street
Suite 320
Philadelphia, PA 19107
(215)597−4411

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 07/25/2023 | | 1 | Chapter 13 Voluntary Petition for Individual . Fee Amount $313 Filed by Michael Patrick Creedon, Regina Anne Creedon. SSN − Form B121 /Tax ID due 08/1/2023. Government Proof of Claim Deadline: 01/22/2024. Atty Disclosure Statement due 08/8/2023.Chapter 13 Statement of Your |

1

| | | | |
|---|---|---|---|
| | | | Current Monthly Income and Calculation of Commitment Period Form 122C−1 Due08/8/2023 Means Test Calculation Form 122C−2 – *If Applicable* – Due: 08/8/2023. Chapter 13 Plan due by 08/8/2023. Schedules AB−J due 08/8/2023. Statement of Financial Affairs due 08/8/2023. Summary of Assets and Liabilities due 08/8/2023. Incomplete Filings due by 08/8/2023. (CIBIK, MICHAEL) (Entered: 07/25/2023) |
| 07/25/2023 | | 2 | Statement of Social Security Number Received. Filed by MICHAEL A. CIBIK on behalf of Michael Patrick Creedon, Regina Anne Creedon. (CIBIK, MICHAEL) (Entered: 07/25/2023) |
| 07/25/2023 | | 3 | Certificate of Credit Counseling Filed by MICHAEL A. CIBIK on behalf of Michael Patrick Creedon, Regina Anne Creedon. (CIBIK, MICHAEL) (Entered: 07/25/2023) |
| 07/25/2023 | | | Receipt of Voluntary Petition (Chapter 13)( 23−12202) [misc,volp13a] ( 313.00) Filing Fee. Receipt number A25077895. Fee Amount $ 313.00. (re: Doc# 1) (U.S. Treasury) (Entered: 07/25/2023) |
| 07/26/2023 | | | Name of Trustee assigned to case: KENNETH E. WEST. (B., Keith) (Entered: 07/26/2023) |
| 07/26/2023 | | 4 | Order Entered the debtor having failed to file or submit with the petition all of the documents required by Fed. R. Bankr.P.1007, It is hereby ORDERED that this case **MAY BE DISMISSED WITHOUT FURTHER NOTICE** if the documents listed are not filed by deadlines listed: Any request for an extension of time must be filed prior to the expiration of the deadlines listed. (Matrix List of Creditors due 8/1/2023. Atty Disclosure Statement due 08/8/2023.Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C−1 Due 08/8/2023. Means Test Calculation Form 122C−2 – If Applicable – Due: 08/8/2023. Chapter 13 Plan due by 08/8/2023. Schedules AB−J due 08/8/2023. Statement of Financial Affairs due 08/8/2023. Summary of Assets and Liabilities due 08/8/2023) (B., Keith) Modified on 7/26/2023 (B., Keith). (Entered: 07/26/2023) |
| 07/26/2023 | | 5 | Matrix List of Creditors Filed. Number of pages filed: 2, Filed by MICHAEL A. CIBIK on behalf of Michael Patrick Creedon, Regina Anne Creedon. (CIBIK, MICHAEL) (Entered: 07/26/2023) |
| 07/28/2023 | | 6 | BNC Certificate of Mailing – Order Requiring Documents. Number of Notices Mailed: (related document(s) (Related Doc # 4)). No. of Notices: 1. Notice Date 07/28/2023. (Admin.) (Entered: 07/29/2023) |
| 07/31/2023 | | 7 | Motion to Extend Automatic Stay Filed by Michael Patrick Creedon, Regina Anne Creedon Represented by MICHAEL A. CIBIK (Counsel). (Attachments: # 1 Proposed Order) (CIBIK, MICHAEL) (Entered: 07/31/2023) |
| 07/31/2023 | | 8 | Notice of (related document(s): 7 Motion to Extend Automatic Stay ) Filed by Michael Patrick Creedon, Regina Anne Creedon. Hearing scheduled 8/23/2023 at 01:00 PM at Courtroom #1. (CIBIK, MICHAEL) (Entered: 07/31/2023) |
| 07/31/2023 | | 9 | Certificate of Service *of Motion to Extend Stay* Filed by MICHAEL A. CIBIK on behalf of Michael Patrick Creedon, Regina Anne Creedon (related document(s)7, 8). (CIBIK, MICHAEL) (Entered: 07/31/2023) |

| | | | |
|---|---|---|---|
| 08/03/2023 | | 10 | Notice of Appearance and Request for Notice by STEPHEN R. STARKS Filed by STEPHEN R. STARKS on behalf of Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equit.. (STARKS, STEPHEN) (Entered: 08/03/2023) |
| 08/08/2023 | | 11 | Motion to extend time to file schedules Filed by Michael Patrick Creedon, Regina Anne Creedon Represented by MICHAEL A. CIBIK (Counsel). (Attachments: # 1 Proposed Order) (CIBIK, MICHAEL) (Entered: 08/08/2023) |
| 08/11/2023 | | 12 | Order Granting Motion to extend time to file schedules (Related Doc # 11) Incomplete Filings due by 8/18/2023. Atty Disclosure Statement due 8/18/2023. Chapter 13 Plan due by 8/18/2023. Schedules AB–J due 8/18/2023. Statement of Financial Affairs due 8/18/2023. Statistical Summary of Certain Liabilities due 8/18/2023.Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C–1 Due 8/18/2023. Means Test Calculation Form 122C–2 – *If Applicable* – Due: 8/18/2023. (B., Keith) (Entered: 08/11/2023) |
| 08/13/2023 | | 13 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 12)). No. of Notices: 1. Notice Date 08/13/2023. (Admin.) (Entered: 08/14/2023) |
| 08/17/2023 | | 14 | Declaration About Individual Debtor's Schedules , Disclosure of Compensation of Attorney for Debtor in the amount of 4725.00 Debtor Michael Patrick Creedon, Joint Debtor Regina Anne Creedon, Schedules A/B – J , Statement of Financial Affairs for Individual , Summary of Assets and Liabilities and Certain Statistical Information Filed by MICHAEL A. CIBIK on behalf of Michael Patrick Creedon, Regina Anne Creedon. (CIBIK, MICHAEL) (Entered: 08/17/2023) |
| 08/17/2023 | | 15 | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years Form 122C–1. Disposable Income Is Not Determined Filed by MICHAEL A. CIBIK on behalf of Michael Patrick Creedon, Regina Anne Creedon. (CIBIK, MICHAEL) (Entered: 08/17/2023) |
| 08/17/2023 | | 16 | Chapter 13 Plan Filed by Michael Patrick Creedon, Regina Anne Creedon. (Attachments: # 1 cert of service)(CIBIK, MICHAEL) (Entered: 08/17/2023) |
| 08/18/2023 | | 17 | Amended Motion (related document(s): Motion to Extend Automatic Stay filed by Debtor Michael Patrick Creedon, Joint Debtor Regina Anne Creedon) Filed by Michael Patrick Creedon, Regina Anne Creedon Represented by MICHAEL A. CIBIK (Counsel) (related document(s)7). (Attachments: # 1 Certificate of Service) (CIBIK, MICHAEL) (Entered: 08/18/2023) |
| 08/22/2023 | | 18 | Meeting of Creditors. The Debtor has filed a Plan. This Plan proposes payment to the trustee of $3980.00 per month for 60 months. The 341(a) meeting to be held on 10/18/2023 at 11:30 AM at ALTERNATE TELEPHONIC CONFERENCE (For Trustee Use Only). Objection to Dischargeability of Certain Debts due: 12/17/2023. Proofs of Claims due by 10/3/2023. Government Proof of Claim Deadline: 01/22/2024.Confirmation Hearing scheduled 12/12/2023 at 1:00 PM at Courtroom #1. (WEST, KENNETH) (Entered: 08/22/2023) |
| 08/23/2023 | | 19 | Objection to Confirmation of Plan *and Certificate of Service* Filed by Wells Fargo Bank, National Association as Trustee for Asset Backed |

| | | | |
|---|---|---|---|
| | | | Securities Corporation Home Equit (related document(s)16). (SPIVACK, ANDREW) (Entered: 08/23/2023) |
| 08/23/2023 | | 20 | Hearing Held on 7 Motion to Extend Automatic Stay Filed by Michael Patrick Creedon, Regina Anne Creedon. Order entered granting motion. (B., Pamela) (Entered: 08/23/2023) |
| 08/24/2023 | | 21 | Order Granting Debtor's Motion to Extend Automatic Stay. (Related Doc # 7 (S., Antoinette) (Entered: 08/24/2023) |
| 08/25/2023 | | 22 | BNC Certificate of Mailing – Meeting of Creditors. Number of Notices Mailed: (related document(s) (Related Doc # 18)). No. of Notices: 7. Notice Date 08/25/2023. (Admin.) (Entered: 08/26/2023) |
| 08/26/2023 | | 23 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 21)). No. of Notices: 1. Notice Date 08/26/2023. (Admin.) (Entered: 08/27/2023) |
| 08/31/2023 | | 24 | The upcoming 341(a) meeting is scheduled to be held remotely..For participation by telephone, please call and to join the meeting.. More information can be found in the attached pdf document.. (WEST, KENNETH) (Entered: 08/31/2023) |
| 09/27/2023 | | 25 | Employee Income Records *joint debtor – Regina* Filed by MICHAEL A. CIBIK on behalf of Michael Patrick Creedon, Regina Anne Creedon. (CIBIK, MICHAEL) (Entered: 09/27/2023) |
| 09/27/2023 | | 26 | Employee Income Records *statement of no payroll – debtor* Filed by MICHAEL A. CIBIK on behalf of Michael Patrick Creedon, Regina Anne Creedon. (CIBIK, MICHAEL) (Entered: 09/27/2023) |
| 10/20/2023 | | | Meeting of Creditors Held and Concluded on: 10/18/2023. (WEST, KENNETH) (Entered: 10/20/2023) |
| 11/24/2023 | | 27 | Motion for Relief from Stay *4 Saljon Ct Maple Glen, Pennsylvania 19002*. Fee Amount $188.00, Filed by Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equit Represented by ANDREW L. SPIVACK (Counsel). Objections due by 1/3/2024. (Attachments: # 1 Service List # 2 Proposed Order # 3 Exhibit A # 4 Loan documents) (SPIVACK, ANDREW) (Entered: 11/24/2023) |
| 11/24/2023 | | 28 | Notice of (related document(s): 27 Motion for Relief from Stay *4 Saljon Ct Maple Glen, Pennsylvania 19002*. Fee Amount $188.00,) Filed by Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equit. Hearing scheduled 1/10/2024 at 01:00 PM at Courtroom #1. (SPIVACK, ANDREW) (Entered: 11/24/2023) |
| 11/24/2023 | | | Receipt of Motion for Relief From Stay( 23–12202–pmm) [motion,mrlfsty] ( 188.00) Filing Fee. Receipt number A25346814. Fee Amount $ 188.00. (re: Doc# 27) (U.S. Treasury) (Entered: 11/24/2023) |
| 11/30/2023 | | 29 | Objection to Motion for Relief From Stay filed by Creditor Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equit Filed by Michael Patrick Creedon, Regina Anne Creedon (related document(s)27). (CIBIK, MICHAEL) (Entered: 11/30/2023) |

| | | | |
|---|---|---|---|
| 12/12/2023 | | 32 | Hearing Continued on Confirmation. Hearing scheduled 01/23/2024 at 01:00 PM at Philadelphia Video Hearing. (Roman, Sara) (Entered: 12/26/2023) |
| 12/19/2023 | | 30 | Motion to Dismiss Case. There has been unreasonable delay by debtor(s) that is prejudicial to creditors pursuant to 11 U.S.C. Section 1307(c)(1) by failing to propose an adequately funded plan, in that the total filed proofs of claim which are to be paid through the plan exceed the value of the proposed plan. Filed by KENNETH E. WEST Represented by KENNETH E. WEST (Counsel). (Attachments: # 1 Proposed Order # 2 Service List) (WEST, KENNETH) (Entered: 12/19/2023) |
| 12/19/2023 | | 31 | Notice of (related document(s): 30 Motion to Dismiss Case. There has been unreasonable delay by debtor(s) that is prejudicial to creditors pursuant to 11 U.S.C. Section 1307(c)(1) by failing to propose an adequately funded plan, in that the total filed proofs of claim which are to be p) Filed by KENNETH E. WEST. Hearing scheduled 1/30/2024 at 01:00 PM at Courtroom #1. (WEST, KENNETH) (Entered: 12/19/2023) |
| 01/03/2024 | | 33 | Amended Notice of (related document(s): 30 Motion to Dismiss Case. There has been unreasonable delay by debtor(s) that is prejudicial to creditors pursuant to 11 U.S.C. Section 1307(c)(1) by failing to propose an adequately funded plan, in that the total filed proofs of claim which are to be p) Filed by KENNETH E. WEST. Hearing scheduled 1/23/2024 at 01:00 PM at Courtroom #1. (WEST, KENNETH) (Entered: 01/03/2024) |
| 01/08/2024 | | 34 | Hearing Scheduled 01/10/2024 on 27 Motion for Relief from Stay 4 Saljon Ct Maple Glen, Pennsylvania 19002.Filed by Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equit Represented by ANDREW L. SPIVACK (Counsel). Cancelled. Reason for Cancellation: Stipulation to be filed. (Roman, Sara) (Entered: 01/08/2024) |
| 01/08/2024 | | 35 | *WITHDRAWN* Praecipe to Re–list *Confirmation Hearing* Filed by KENNETH E. WEST on behalf of KENNETH E. WEST (related document(s)16). (WEST, KENNETH) Modified on 1/8/2024 (Roman, Sara). (Entered: 01/08/2024) |
| 01/08/2024 | | 36 | Order Entered that On or before February 7, 2024, the parties shall either file the Stipulation or file a notice relisting the Motion for hearing. (related document(s)27). (Roman, Sara) (Entered: 01/08/2024) |
| 01/08/2024 | | 37 | Praecipe to Withdraw Filed by KENNETH E. WEST on behalf of KENNETH E. WEST (related document(s)35). (WEST, KENNETH) (Entered: 01/08/2024) |
| 01/10/2024 | | 38 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 36)). No. of Notices: 1. Notice Date 01/10/2024. (Admin.) (Entered: 01/11/2024) |
| 01/16/2024 | | doc | Notice of Postpetition Mortgage Fees, Expenses, and Charges (Claim # 1) Filed by Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equit. (SPIVACK, ANDREW) (Entered: 01/16/2024) |
| 01/19/2024 | | 39 | Stipulation of Settlement By Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equit and Between Michael A. Cibik, Esquire *of Motion for Relief from Stay* Filed |

| | | | |
|---|---|---|---|
| | | | by ANDREW L. SPIVACK on behalf of Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equit (related document(s)27). (Attachments: # 1 Proposed Order) (SPIVACK, ANDREW) (Entered: 01/19/2024) |
| 01/22/2024 | | 40 | Order Approving Stipulation of Settlement Between Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equit and Michael A. Cibik, Esquire re: Motion for Relief from Stay Filed by ANDREW L. SPIVACK on behalf of Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equit (related document(s)39, 27). (Henry, Lisa) (Entered: 01/23/2024) |
| 01/23/2024 | | 41 | First Amended Chapter 13 Plan Filed by Michael Patrick Creedon, Regina Anne Creedon (related document(s)16). (Attachments: # 1 Service List)(CIBIK, MICHAEL) (Entered: 01/23/2024) |
| 01/23/2024 | | 42 | Amended Disclosure of Compensation of Attorney for Debtor in the amount of 5725 Debtor Michael Patrick Creedon, Joint Debtor Regina Anne Creedon Filed by MICHAEL A. CIBIK on behalf of Michael Patrick Creedon, Regina Anne Creedon. (CIBIK, MICHAEL) (Modified on 1/23/2024 to add Amended) (Henry, Lisa). (Entered: 01/23/2024) |
| 01/23/2024 | | 43 | Pre–Confirmation Certification of Compliance with Post Petition Obligations in Accordance with 11 U.S.C. Section 1325 (a)(8) and (a)(9) Filed by MICHAEL A. CIBIK on behalf of Michael Patrick Creedon, Regina Anne Creedon (related document(s)41). (CIBIK, MICHAEL) (Entered: 01/23/2024) |
| 01/23/2024 | | 44 | Hearing Held and Continued on Confirmation. Hearing scheduled 02/13/2024 at 01:00 PM at Philadelphia Video Hearing. (Roman, Sara) (Entered: 01/23/2024) |
| 01/23/2024 | | 45 | Hearing Held and Continued on 30 Motion to Dismiss Case for Other Filed by KENNETH E. WEST. Hearing scheduled 02/13/2024 at 01:00 PM at Philadelphia Video Hearing. (Roman, Sara) (Entered: 01/23/2024) |
| 01/25/2024 | | 46 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 40)). No. of Notices: 1. Notice Date 01/25/2024. (Admin.) (Entered: 01/26/2024) |
| 02/08/2024 | | 47 | Amended Schedule J – Your Expenses Filed by MICHAEL A. CIBIK on behalf of Michael Patrick Creedon, Regina Anne Creedon. (CIBIK, MICHAEL) (Entered: 02/08/2024) |
| 02/12/2024 | | 48 | Second Amended Chapter 13 Plan Filed by Michael Patrick Creedon, Regina Anne Creedon (related document(s)41). (Attachments: # 1 Service List)(CIBIK, MICHAEL) (Entered: 02/12/2024) |
| 02/13/2024 | | 49 | Praecipe to Withdraw *Objection to Confirmation of Plan* Filed by MARIO J. HANYON on behalf of Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equit (related document(s)19). (HANYON, MARIO) (Entered: 02/13/2024) |
| 02/13/2024 | | 50 | Hearing Continued on Confirmation. Hearing scheduled 03/26/2024 at 01:00 PM at Philadelphia Video Hearing. (Roman, Sara) (Entered: 02/14/2024) |

| | | | |
|---|---|---|---|
| 02/13/2024 | | 51 | Hearing Held on 30 Motion to Dismiss Case for Other Filed by KENNETH E. WEST. Motion Withdrawn on the record. (Roman, Sara) *Modified on 2/14/2024 by (Roman, Sara).* (Entered: 02/14/2024) |
| 02/14/2024 | | | Corrective Entry re: Hearing Held on 30 Motion to Dismiss Case for Other Filed by KENNETH E. WEST. Motion Withdrawn on the record. (related document(s) 51 ). *modified to reflect motion withdrawn and not continued (Roman, Sara)* (Entered: 02/14/2024) |
| 03/26/2024 | | 52 | Hearing Held on Confirmation. Denied. (Roman, Sara) (Entered: 03/26/2024) |
| 03/26/2024 | | 53 | Proposed Order Re: *DENYING CONFIRMATION OF PLAN* Filed by KENNETH E. WEST on behalf of KENNETH E. WEST (related document(s)48). (WEST, KENNETH) (Entered: 03/26/2024) |
| 03/26/2024 | | 54 | Order Denying Confirmation of Chapter 13 Plan. (B., Keith) (Entered: 03/27/2024) |
| 03/27/2024 | | 55 | Amended Motion to Dismiss Case. Filed by KENNETH E. WEST Represented by KENNETH E. WEST (Counsel). (Attachments: # 1 Proposed Order) (WEST, KENNETH) (Entered: 03/27/2024) |
| 03/27/2024 | | 56 | Notice of (related document(s): 55 Amended Motion to Dismiss Case. ) *Notice of Motion, Response Deadline and Hearing Date* Filed by KENNETH E. WEST. Hearing scheduled 5/7/2024 at 1:00 PM at Courtroom #1. (Attachments: # 1 Service List) (WEST, KENNETH) (Entered: 03/27/2024) |
| 03/29/2024 | | 57 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 54)). No. of Notices: 1. Notice Date 03/29/2024. (Admin.) (Entered: 03/30/2024) |
| 04/10/2024 | | 58 | Certification of Default of *Stipulation entered in Settlement of Motion for Relief from Stay* Filed by ANDREW L. SPIVACK on behalf of Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equit (related document(s)40, 39, 27). (Attachments: # 1 Proposed Order # 2 Notice of Default) (SPIVACK, ANDREW) (Entered: 04/10/2024) |
| 04/17/2024 | | 59 | Order Granting Motion for Relief from Stay 4 Saljon Ct Maple Glen, Pennsylvania 19002 Filed by Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equit Represented by ANDREW L. SPIVACK (Related Doc # 27) (B., Keith) (Entered: 04/17/2024) |
| 04/17/2024 | | 60 | Proposed Order Re: *Motion to Dismiss* Filed by MICHAEL A. CIBIK on behalf of Michael Patrick Creedon, Regina Anne Creedon (related document(s)55). (CIBIK, MICHAEL) (Entered: 04/17/2024) |
| 04/19/2024 | | 61 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 59)). No. of Notices: 1. Notice Date 04/19/2024. (Admin.) (Entered: 04/20/2024) |
| 05/07/2024 | | 62 | Hearing Held on 55 Motion to Dismiss Case for Other Filed by KENNETH E. WEST. Order to be entered Granting Motion with Retention. (Roman, Sara) (Entered: 05/07/2024) |

| | | | |
|---|---|---|---|
| 05/07/2024 | | 63 | Order Granting Amended Motion to Dismiss Case. Filed by KENNETH E. WEST and Setting Deadline for Applications for Allowance of Administrative Expenses (Related Doc # 55) (B., Keith) (Entered: 05/07/2024) |
| 05/09/2024 | | 64 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 63)). No. of Notices: 6. Notice Date 05/09/2024. (Admin.) (Entered: 05/10/2024) |
| 05/21/2024 | | 65 | Application for Compensation for MICHAEL I. ASSAD, Debtor's Attorney, Period: to, Fee: $5725, Expenses: $. Filed by MICHAEL I. ASSAD Represented by Self(Counsel). (Attachments: # 1 Exhibit A # 2 Proposed Order # 3 Service List) (ASSAD, MICHAEL) (Entered: 05/21/2024) |
| 06/05/2024 | | 66 | Certificate of No Response to *Application for Compensation* Filed by MICHAEL A. CIBIK on behalf of Michael Patrick Creedon, Regina Anne Creedon (related document(s)65, 63). (CIBIK, MICHAEL) (Entered: 06/05/2024) |
| 06/10/2024 | | 67 | Order Granting in part, Denying in part Application For Compensation (Related Doc # 65) Granting in part, Denying in part for MICHAEL I. ASSAD, fees awarded: $4300.00, expenses awarded: $ (B., Keith) (Entered: 06/10/2024) |
| 06/12/2024 | | 68 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 67)). No. of Notices: 1. Notice Date 06/12/2024. (Admin.) (Entered: 06/13/2024) |
| 06/15/2024 | | 69 | Notice of Appeal to District Court. . Fee Amount $298.00 Filed by Michael I. Assad (related document(s)67). Appellant Designation due by 07/1/2024. Transmission of record on appeal to District Court Due Date:07/15/2024. (ASSAD, MICHAEL) (Entered: 06/15/2024) |
| 06/15/2024 | | | Receipt of Notice of Appeal( 23–12202–pmm) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25792704. Fee Amount $ 298.00. (re: Doc# 69) (U.S. Treasury) (Entered: 06/15/2024) |
| 06/15/2024 | | 70 | Statement of Issues on Appeal, Filed by Michael I. Assad (related document(s)69). (ASSAD, MICHAEL) (Entered: 06/15/2024) |
| 06/15/2024 | | 71 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Michael I. Assad. Appellee designation due by 07/1/2024. Transmission of Designation Due by 07/15/2024. (ASSAD, MICHAEL) (Entered: 06/15/2024) |
| 06/16/2024 | | 72 | Amended Document *Appellant Designation of Contents For Inclusion in Record On Appeal* Filed by MICHAEL I. ASSAD on behalf of Michael I. Assad (related document(s)71). (ASSAD, MICHAEL) (Entered: 06/16/2024) |
| 06/16/2024 | | 73 | Motion To Stay Pending Appeal (related documents Order on Application for Compensation) Filed by Michael I. Assad Represented by MICHAEL I. ASSAD (Counsel) (related document(s)67). (Attachments: # 1 Exhibit A # 2 Proposed Order) (ASSAD, MICHAEL) (Entered: 06/16/2024) |
| 06/16/2024 | | 74 | |

| | | | |
|---|---|---|---|
| | | | Motion to Expedite Hearing (related documents Motion to Stay Pending Appeal) Filed by Michael I. Assad Represented by MICHAEL I. ASSAD (Counsel) (related document(s)73). (ASSAD, MICHAEL) (Entered: 06/16/2024) |
| 06/17/2024 | | 75 | Courts Certificate of Service Re: Notice of Appeal filed by Attorney Michael I. Assad. The following Party(s) have been notified: Case Judge – via email Case Trustee – via CM/ECF Debtor – via Regular mail through the BNC Joint Debtor – via Regular mail through the BNC Debtors Counsel – via CM/ECF Joint Debtors Counsel – via CM/ECF Office of the U.S. Trustee – via CM/ECF U.S. District Court – via email (related document(s)69). (B., Keith) (Entered: 06/17/2024) |
| 06/17/2024 | | 76 | Transmission of Notice of Appeal to District Court (related document(s)69). (B., Keith) (Entered: 06/17/2024) |
| 06/17/2024 | | 77 | Proposed Order Re: *Motion to Expedite Hearing* Filed by MICHAEL I. ASSAD on behalf of Michael I. Assad (related document(s)74). (ASSAD, MICHAEL) (Entered: 06/17/2024) |
| 06/17/2024 | | 78 | Order Granting Motion Expedite Hearing (Related Doc # 74) In Re: (73Motion To Stay Pending Appeal (related documents Order on Application for Compensation) Filed by Michael I. Assad Represented by MICHAEL I. ASSAD Zoom Hearing scheduled 6/20/2024 at 01:00 PM via ZOOM. (B., Keith) (Entered: 06/17/2024) |
| 06/17/2024 | | 79 | Notice of (related document(s): 73 Motion To Stay Pending Appeal (related documents Order on Application for Compensation) ) Filed by Michael I. Assad. (ASSAD, MICHAEL) (Entered: 06/17/2024) |
| 06/17/2024 | | 80 | Certificate of Service *of Motion To Stay Pending Appeal* Filed by MICHAEL I. ASSAD on behalf of Michael I. Assad (related document(s)73, 78, 79). (ASSAD, MICHAEL) (Entered: 06/17/2024) |
| 06/17/2024 | | 81 | Notice of Docketing Record on Appeal to District Court. Case Number: 24–cv–2671, assigned to Judge Karen S. Marston(related document(s)69). (B., Keith) (Entered: 06/18/2024) |
| 06/19/2024 | | 82 | BNC Certificate of Mailing –Court's Certificate of Mailing or Service. Number of Notices Mailed: (related document(s) (Related Doc # 75)). No. of Notices: 2. Notice Date 06/19/2024. (Admin.) (Entered: 06/20/2024) |
| 06/19/2024 | | 83 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 75)). No. of Notices: 2. Notice Date 06/19/2024. (Admin.) (Entered: 06/20/2024) |
| 06/19/2024 | | 84 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 78)). No. of Notices: 1. Notice Date 06/19/2024. (Admin.) (Entered: 06/20/2024) |
| 06/20/2024 | | 85 | Hearing Held on 73 Expedite Hearing Re: 73 Motion To Stay Pending Appeal (related documents Order on Application for Compensation) Filed by Michael I. Assad Represented by MICHAEL I. ASSAD. Order to be entered. (Roman, Sara) (Entered: 06/20/2024) |
| 06/20/2024 | | 86 | Order Granting Motion To Stay Pending Appeal (related documents Order on Application for Compensation) Filed by Michael I. Assad |

| | | | |
|---|---|---|---|
| | | | Represented by MICHAEL I. ASSAD (Related Doc # 73) (B., Keith) (Entered: 06/20/2024) |
| 06/22/2024 | | 87 | **INCORRECT ENTRY**Document in re: *Transcript Order* Filed by MICHAEL I. ASSAD on behalf of Michael I. Assad (related document(s) 62 , 45 , 51 , 52 , 32 , 44 , 20 , 50 ). (ASSAD, MICHAEL) Modified on 6/24/2024 (S., Antoinette). (Entered: 06/22/2024) |
| 06/22/2024 | | 88 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 86)). No. of Notices: 1. Notice Date 06/22/2024. (Admin.) (Entered: 06/23/2024) |
| 06/22/2024 | | 91 | **CORRECT ENTRY**Transcript Ordered Filed by Michael I. Assad (related document(s)69). (S., Antoinette) (Entered: 06/24/2024) |
| 06/23/2024 | | 89 | **INCORRECT ENTRY**Amended Document *Appellant Designation of Contents For Inclusion in Record On Appeal* Filed by MICHAEL I. ASSAD on behalf of Michael I. Assad (related document(s)72). (ASSAD, MICHAEL) Modified on 6/24/2024 (S., Antoinette). (Entered: 06/23/2024) |
| 06/23/2024 | | 90 | **INCORRECT ENTRY**Amended Document *Appellant Designation of Contents For Inclusion in Record On Appeal* Filed by MICHAEL I. ASSAD on behalf of Michael I. Assad (related document(s)89). (ASSAD, MICHAEL) Modified on 6/24/2024 (S., Antoinette). (Entered: 06/23/2024) |
| 06/23/2024 | | 92 | **CORRECT ENTRY**Second Amended Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Michael I. Assad . Appellee designation due by 7/8/2024. Transmission of Designation Due by 7/23/2024. (S., Antoinette) (Entered: 06/24/2024) |
| 06/23/2024 | | 93 | **CORRECT ENTRY**Third Amended Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Michael I. Assad . Appellee designation due by 7/8/2024. Transmission of Designation Due by 7/23/2024. (S., Antoinette) (Entered: 06/24/2024) |
| 06/26/2024 | | 94 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 91)). No. of Notices: 1. Notice Date 06/26/2024. (Admin.) (Entered: 06/27/2024) |
| 07/12/2024 | | 95 | Opinion in Support of Order on Application for Compensation under Appeal (related document(s)69, 67). (Henry, Lisa) (Entered: 07/12/2024) |
| 07/14/2024 | | 96 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 95)). No. of Notices: 1. Notice Date 07/14/2024. (Admin.) (Entered: 07/15/2024) |

Fill in this information to identify your case:

United States Bankruptcy Court for the:

_____ **Eastern District of Pennsylvania** _____

Case number (*If known*): _____

Chapter you are filing under:

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13

☐ Check if this is an
amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

**12/22**

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint* case—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1.  Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Michael**<br>First name<br><br>**Patrick**<br>Middle name<br><br>**Creedon**<br>Last name<br><br>_____<br>Suffix (Sr., Jr, II, III) | **Regina**<br>First name<br><br>**Anne**<br>Middle name<br><br>**Creedon**<br>Last name<br><br>_____<br>Suffix (Sr., Jr, II, III) |
| **2.  All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) | First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) |
| **3.  Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx - xx - **2  3  1  0**<br>OR<br>**9**xx - xx - ___ ___ ___ ___ | xxx - xx - **8  1  3  1**<br>OR<br>**9**xx - xx - ___ ___ ___ ___ |

11

Debtor 1   **Michael**     **Patrick**     **Creedon**

Debtor 2   **Regina**     **Anne**     **Creedon**

First Name     Middle Name     Last Name

Case number *(if known)* _____

---

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **4.** **Your Employer Identification Number (EIN), if any.** | _ _ _ - _ _ _ _ _ _ _ <br> EIN <br><br> _ _ _ - _ _ _ _ _ _ _ <br> EIN | _ _ _ - _ _ _ _ _ _ _ <br> EIN <br><br> _ _ _ - _ _ _ _ _ _ _ <br> EIN |

---

**5.** **Where you live**

     **4 Saljon Ct**
Number     Street

_____

**Maple Glen, PA 19002-3012**
City     State     ZIP Code

**Montgomery**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number     Street

_____
P.O. Box

_____
City     State     ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number     Street

_____

_____
City     State     ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number     Street

_____
P.O. Box

_____
City     State     ZIP Code

---

**6.** **Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408)

_____

_____

_____

_____

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408)

_____

_____

_____

_____

---

12

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | |
|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | |
| | First Name | Middle Name | Last Name | |

Case number *(if known)* _____

---

**Part 2:** Tell the Court About Your Bankruptcy Case

---

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13

---

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No.
☑ Yes.  District **Eastern District of Pennsylvania**  When **06/29/2022**  Case number **22-11697**
                                                    MM / DD / YYYY

District _____  When _____  Case number _____
                                           MM / DD / YYYY

District _____  When _____  Case number _____
                                           MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No.
☐ Yes.  Debtor _____  Relationship to you _____

District _____  When _____  Case number, if known _____
                                           MM / DD / YYYY

Debtor _____  Relationship to you _____

District _____  When _____  Case number, if known _____
                                           MM / DD / YYYY

---

**11. Do you rent your residence?**

☑ No.  Go to line 12.

☐ Yes.  Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | |
| | Regina | Anne | Creedon | |
| | First Name | Middle Name | Last Name | Case number *(if known)* _____ |

Debtor 2   **Regina   Anne   Creedon**

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |

**12.** **Are you a sole proprietor of any full- or part-time business?**

☑ No. Go to Part 4.

☐ Yes. Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

_____
Name of business, if any

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

_____
Number          Street

_____

_____
City                              State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13.** **Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or a debtor as defined by 11 U. S. C. § 1182(1)?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines.* If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.   I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

14

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | | |
|---|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | | |
| | First Name | Middle Name | Last Name | | Case number *(if known)* _____ |

| **Part 4:** | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No.

☐ Yes.   What is the hazard?  _____

_____

_____

If immediate attention is needed, why is it needed?

_____

_____

_____

Where is the property?  _____

Number        Street

_____

_____
City                                    State    ZIP Code

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | | |
|---|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | | |
| | First Name | Middle Name | Last Name | Case number (if known) | |

---

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |
|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | | |
|---|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | | |
| | First Name | Middle Name | Last Name | | Case number *(if known)* _____ |

## Part 6:  Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

---

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☑ No.  I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?
    ☐ No
    ☐ Yes

---

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,000-100,000
☐ More than 100,000

---

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Part 7:  Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

X **/s/ Michael Patrick Creedon** _____

Michael Patrick Creedon, Debtor 1

Executed on **07/25/2023** _____
       MM/  DD/  YYYY

X **/s/ Regina Anne Creedon** _____

Regina Anne Creedon, Debtor 2

Executed on **07/25/2023** _____
       MM/  DD/  YYYY

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | |
|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | |
| | First Name | Middle Name | Last Name | Case number *(if known)* _____ |

| For your attorney, if you are represented by one | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
|---|---|
| **If you are not represented by an attorney, you do not need to file this page.** | |

X  **/s/ Michael A. Cibik** _____     Date  **07/25/2023** _____
Signature of Attorney for Debtor                                                           MM / DD / YYYY

**Michael A. Cibik** _____
Printed name

**Cibik Law, P.C.** _____
Firm name

**1500 Walnut Street Suite 900** _____
Number        Street

_____

**Philadelphia** _____     **PA**     **19102** _____
City                                                        State        ZIP Code

Contact phone  **(215) 735-1060** _____     Email address  **mail@cibiklaw.com** _____

**23110** _____     **PA** _____
Bar number                                           State

18

Fill in this information to identify your case and this filing:

| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: __**Eastern**__ District of __**Pennsylvania**__

Case number __**23-12202-pmm**__

☐ Check if this is an amended filing

## Official Form 106A/B
## Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

   **1.1**    __4 Saljon Ct__
   Street address, if available, or other description

   __Maple Glen, PA 19002-3012__
   City          State      ZIP Code

   __Montgomery__
   County

   **What is the property?** Check all that apply.
   ☑ Single-family home
   ☐ Duplex or multi-unit building
   ☐ Condominium or cooperative
   ☐ Manufactured or mobile home
   ☐ Land
   ☐ Investment property
   ☐ Timeshare
   ☐ Other _____

   **Who has an interest in the property?** Check one.
   ☐ Debtor 1 only
   ☐ Debtor 2 only
   ☑ Debtor 1 and Debtor 2 only
   ☐ At least one of the debtors and another

   Other information you wish to add about this item, such as local property identification number: _____

   Source of Value: __Realtor.com value ($790,800) less 20% liquidation cost.__

   Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

   | Current value of the entire property? | Current value of the portion you own? |
   |---|---|
   | **$632,640.00** | **$632,640.00** |

   **Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

   __Tenants by the Entirety__

   ☐ **Check if this is community property** (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here** ...................................... ➔ | **$632,640.00** |

### Part 2:    Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**
   ☐ No
   ☑ Yes

19

Debtor  Creedon, Michael Patrick; Creedon, Regina Anne          Case number *(if known)* 23-12202-pmm

| | | | |
|---|---|---|---|
| 3.1 | Make: | **Lexus** | |

Who has an interest in the property? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Model: **ES 350**

Year: **2008**

Approximate mileage: **195,000**

Other information:

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,778.00** | **$2,778.00** |

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

5.  **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ...................................................... ➔

**$2,778.00**

### Part 3:  Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6.  **Household goods and furnishings**

*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe. .........   | Various used pieces of furniture, furnishings, appliances, linens, and other similar items. |   **$1,000.00**

7.  **Electronics**

*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes. Describe. .........   | Various used televisions, mobile devices, and computers. |   **$200.00**

8.  **Collectibles of value**

*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☑ No
☐ Yes. Describe. .........

9.  **Equipment for sports and hobbies**

*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☑ No
☐ Yes. Describe. .........

Debtor  **Creedon, Michael Patrick; Creedon, Regina Anne**                     Case number *(if known)* **23-12202-pmm**

---

10. **Firearms**

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☑ No

☐ Yes. Describe. .........

11. **Clothes**

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

☑ Yes. Describe. .........  | Various used articles of clothing, shoes, and accessories. | **$800.00**

12. **Jewelry**

*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No

☑ Yes. Describe. .........  | Various used pieces of jewelry. | **$300.00**

13. **Non-farm animals**

*Examples:* Dogs, cats, birds, horses

☑ No

☐ Yes. Describe. .........

14. **Any other personal and household items you did not already list, including any health aids you did not list**

☑ No

☐ Yes. Give specific information. .............

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ..................................................................................................  ➡  **$2,300.00**

| Part 4: | Describe Your Financial Assets |
|---|---|

Do you own or have any legal or equitable interest in any of the following?   | **Current value of the portion you own?** Do not deduct secured claims or exemptions.

16. **Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☑ No

☐ Yes .....................................................................................................................................  Cash: ...................

---

Official Form 106A/B                     **Schedule A/B: Property**                     page **3**

Debtor  Creedon, Michael Patrick; Creedon, Regina Anne                    Case number *(if known)*  23-12202-pmm

---

17.  **Deposits of money**

*Examples:*  Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

☑ Yes ....................                          Institution name:

|  |  |  |
|---|---|---|
| 17.1. Checking account: | **Bank of America (#1718)** | $2,000.00 |
| 17.2. Checking account: | **Bank of America (#3308)** | $500.00 |
| 17.3. Checking account: | **TD Bank (#8447)** | $150.00 |
| 17.4. Checking account: | **WSFS (#7643)** | $40.00 |
| 17.5. Other financial account: | **Prudential** | $850.00 |

18.  **Bonds, mutual funds, or publicly traded stocks**

*Examples:*  Bond funds, investment accounts with brokerage firms, money market accounts

☑ No

☐ Yes ....................

19.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No

☑ Yes. Give specific information about them....................

| Name of entity: | % of ownership: | |
|---|---|---|
| **Michael P. Creedon, Attorney at Law, LLC** | **100.00%** | $0.00 |
| **Ventresca Travel Inc.** | **43.00%** | $0.00 |

20.  **Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific information about them....................

21.  **Retirement or pension accounts**

*Examples:*  Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No

☐ Yes. List each account separately.

22.  **Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:*  Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☑ No

☐ Yes ....................

---

Official Form 106A/B                    **Schedule A/B: Property**                    page 4

Debtor  Creedon, Michael Patrick; Creedon, Regina Anne                    Case number *(if known)*  23-12202-pmm

---

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes ....................

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes ....................

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No
☐ Yes. Give specific
information about them. ...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:*   Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No
☐ Yes. Give specific
information about them. ...

27. **Licenses, franchises, and other general intangibles**
*Examples:*   Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No
☐ Yes. Give specific
information about them. ...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**

☑ No
☐ Yes. Give specific information about
them, including whether you
already filed the returns and
the tax years. ...................

29. **Family support**
*Examples:*   Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property
settlement

☑ No
☐ Yes. Give specific information. ........

30. **Other amounts someone owes you**
*Examples:*   Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation,
Social Security benefits; unpaid loans you made to someone else

☑ No
☐ Yes. Give specific information. ........

---

Official Form 106A/B                    **Schedule A/B: Property**                    page **5**

23

Debtor  Creedon, Michael Patrick; Creedon, Regina Anne                    Case number *(if known)*  23-12202-pmm

---

31. **Interests in insurance policies**

*Examples:*  Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No

☐ Yes. Name the insurance company
        of each policy and list its value. ...

32. **Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes. Give specific information. ........

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:*  Accidents, employment disputes, insurance claims, or rights to sue

☑ No

☐ Yes. Describe each claim. ..............

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No

☐ Yes. Describe each claim. ..............

35. **Any financial assets you did not already list**

☑ No

☐ Yes. Give specific information. ........

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ..................................................................................................  ➡    | $3,540.00 |

---

**Part 5:**    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.

☐ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

38. **Accounts receivable or commissions you already earned**

☑ No

☐ Yes. Describe. .........

39. **Office equipment, furnishings, and supplies**

*Examples:*  Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No

☐ Yes. Describe. .........

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No

☐ Yes. Describe. .........

---

24

Debtor  **Creedon, Michael Patrick; Creedon, Regina Anne**                     Case number *(if known)* **23-12202-pmm**

---

41. **Inventory**

☑ No

☐ Yes. Describe. .........

42. **Interests in partnerships or joint ventures**

☑ No

☐ Yes. Describe .......

43. **Customer lists, mailing lists, or other compilations**

☑ No

☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

44. **Any business-related property you did not already list**

☑ No

☐ Yes. Give specific
    information .........

45. **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
    for Part 5. Write that number here** ...................................................................................... ➔ | $0.00 |

---

**Part 6:**  Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
**If you own or have an interest in farmland, list it in Part 1.**

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

> **Current value of the
> portion you own?**
> Do not deduct secured
> claims or exemptions.

47. **Farm animals**
    *Examples:*  Livestock, poultry, farm-raised fish

☑ No

☐ Yes .........................

48. **Crops—either growing or harvested**

☑ No

☐ Yes. Give specific
    information. ............

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No

☐ Yes .........................

50. **Farm and fishing supplies, chemicals, and feed**

☑ No

☐ Yes .........................

51. **Any farm- and commercial fishing-related property you did not already list**

☑ No

☐ Yes. Give specific
    information. ............

---

Debtor  **Creedon, Michael Patrick; Creedon, Regina Anne**                              Case number *(if known)* __23-12202-pmm__

---

| 52. | Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here ........................................................ ➡ | **$0.00** |
|---|---|---|

---

**Part 7:**  Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**

*Examples:*  Season tickets, country club membership

☑ No

☐ Yes. Give specific
   information. ............

| 54. | Add the dollar value of all of your entries from Part 7. Write that number here ........................... ➡ | **$0.00** |
|---|---|---|

---

**Part 8:**  List the Totals of Each Part of this Form

| 55. | **Part 1: Total real estate, line 2** ................................................................. ➡ | **$632,640.00** |
|---|---|---|
| 56. | **Part 2: Total vehicles, line 5** | **$2,778.00** | |
| 57. | **Part 3: Total personal and household items, line 15** | **$2,300.00** | |
| 58. | **Part 4: Total financial assets, line 36** | **$3,540.00** | |
| 59. | **Part 5: Total business-related property, line 45** | **$0.00** | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| 61. | **Part 7: Total other property not listed, line 54** | + **$0.00** | |
| 62. | **Total personal property.** Add lines 56 through 61. ............... | **$8,618.00** | Copy personal property total ➡ + **$8,618.00** |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62. ................................................. | | **$641,258.00** |

---

Fill in this information to identify your case:

| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | **Regina** | **Anne** | **Creedon** |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Eastern District of Pennsylvania**

Case number **23-12202-pmm**
(if known)

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

**04/22**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☑ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own Copy the value from Schedule A/B | Amount of the exemption you claim *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:<br>4 Saljon Ct Maple Glen, PA 19002-3012<br>Line from *Schedule A/B:* 1.1 | $632,640.00 | ☑ _____ $0.00 _____<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(1) |
| | | ☑ _____ $0.00 _____<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| Brief description:<br>2008 Lexus ES 350<br>Line from *Schedule A/B:* 3.1 | $2,778.00 | ☑ _____ $2,778.00 _____<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(2) |
| | | ☑ _____ $0.00 _____<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | | |
|---|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | | |
| | First Name | Middle Name | Last Name | Case number *(if known)* | 23-12202-pmm |

**Part 2:    Additional Page**

3.  **Are you claiming a homestead exemption of more than $189,050?**

(Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

☑ No

☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

☐ No

☐ Yes

Official Form 106C                    **Schedule C: The Property You Claim as Exempt**                    page 2 of 4

28

| Debtor 1 | **Michael** | **Patrick** | | **Creedon** | | |
|---|---|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | | **Creedon** | | |
| | First Name | Middle Name | | Last Name | | Case number *(if known)* 23-12202-pmm |

## Part 2: Additional Page

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| Brief description: Various used pieces of furniture, furnishings, appliances, linens, and other similar items. Line from *Schedule A/B:* 6 | $1,000.00 | ☑ $1,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |
| Brief description: Various used televisions, mobile devices, and computers. Line from *Schedule A/B:* 7 | $200.00 | ☑ $200.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |
| Brief description: Various used articles of clothing, shoes, and accessories. Line from *Schedule A/B:* 11 | $800.00 | ☑ $800.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |
| Brief description: Various used pieces of jewelry. Line from *Schedule A/B:* 12 | $300.00 | ☑ $300.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(4) |
| Brief description: Bank of America (#1718) Checking account Line from *Schedule A/B:* 17 | $2,000.00 | ☑ $2,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| Brief description: Bank of America (#3308) Checking account Line from *Schedule A/B:* 17 | $500.00 | ☑ $500.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| Brief description: TD Bank (#8447) Checking account Line from *Schedule A/B:* 17 | $150.00 | ☑ $150.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | |
|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | |
| | First Name | Middle Name | Last Name | Case number *(if known)* 23-12202-pmm |

| Part 2: | Additional Page |
|---|---|

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| Brief description:<br>WSFS (#7643)<br>Checking account<br><br>Line from *Schedule A/B*: __17__ | $40.00 | ☑ ____$40.00____<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| Brief description:<br>Prudential<br>Brokerage account<br><br>Line from *Schedule A/B*: __17__ | $850.00 | ☑ ____$850.00____<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| Brief description:<br>Ventresca Travel Inc.<br><br>Line from *Schedule A/B*: __19__ | $0.00 | ☑ ____$0.00____<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| Brief description:<br>Michael P. Creedon, Attorney at Law, LLC<br><br>Line from *Schedule A/B*: __19__ | $0.00 | ☑ ____$0.00____<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |

Official Form 106C          **Schedule C: The Property You Claim as Exempt**          page 4 of 4

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    **Eastern District of Pennsylvania**

Case number    **23-12202-pmm**
(if known)

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property    **12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

| Part 1: | List All Secured Claims |
|---|---|

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** | Column C **Unsecured portion** If any |
|---|---|---|---|---|

**2.1** Ocwen Loan Servicing, LLC
Creditor's Name

1661 Worthington Road Suite 100
Number    Street

West Palm Beach, FL 33409
City    State    ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Date debt was incurred**
8/1/2003

**Describe the property that secures the claim:**

4 Saljon Ct Maple Glen, PA 19002-3012

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Last 4 digits of account number  7  7  8  0

Column A: $702,936.00    Column B: $632,640.00    Column C: $70,296.00

**Add the dollar value of your entries in Column A on this page. Write that number here:**    $702,936.00

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | |
| | Regina | Anne | Creedon | |
| Debtor 2 | First Name | Middle Name | Last Name | Case number *(if known)*  23-12202-pmm |

| Part 1: | Additional Page<br>After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth. | *Column A*<br>**Amount of claim**<br>Do not deduct the value of collateral. | *Column B*<br>**Value of collateral that supports this claim** | *Column C*<br>**Unsecured portion**<br>If any |

**2.2**

Creditor's Name

_____
Number        Street

_____
City            State      ZIP Code

**Who owes the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Date debt was incurred** _____

**Describe the property that secures the claim:**

...........................................

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

☐ Other (including a right to offset)

**Last 4 digits of account number** __ __ __ __

| Add the dollar value of your entries in Column A on this page. Write that number here: | $0.00 |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $702,936.00 |

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | | |
|---|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | | Case number *(if known)* 23-12202-pmm |
| | First Name | Middle Name | Last Name | | |

<div style="background:black;color:white">**Part 2:**</div> List Others to Be Notified for a Debt That You Already Listed

**Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.**

| 1 | |
|---|---|
| Stern and Eisenberg, LLP | **On which line in Part 1 did you enter the creditor?** ___1___ |
| Name | |
| 1581 Main Street Suite 200 | **Last 4 digits of account number** ___ ___ ___ ___ |
| Number      Street | |
| | |
| Warrington, PA 18976 | |
| City                          State          ZIP Code | |

Fill in this information to identify your case:

| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Eastern District of Pennsylvania**

Case number **23-12202-pmm**
(if known)

☐ Check if this is an
amended filing

# Official Form 106E/F
# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Hold Claims Secured by Property*. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

## Part 1:    List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**
   ☐ No. Go to Part 2.
   ☑ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.
   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

|  |  | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|

**2.1** 

| Internal Revenue Service | Last 4 digits of account number ___ ___ ___ ___ | **$6,000.00** | **$6,000.00** | **$0.00** |
|---|---|---|---|---|

Priority Creditor's Name

 Centralized Insolvency Operation

 PO Box 7346

Number     Street

 Philadelphia, PA 19101-7346

City                    State     ZIP Code

**Who incurred the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**
☐ Domestic support obligations
☑ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | |
|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | |
| | First Name | Middle Name | Last Name | |

Case number *(if known)*  **23-12202-pmm**

---

**Part 2:**  List All of Your NONPRIORITY Unsecured Claims

**3.** **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes.

**4.** **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | **Total claim** |
|---|---|---|

| **4.1** | **City of Philadelphia** | |
|---|---|---|

Nonpriority Creditor's Name

**Municipal Services Building**

**1401 John F Kennedy Blvd 5th Floor**
Number     Street

**Philadelphia, PA 19102-1640**
City                                State        ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

Last 4 digits of account number _____

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify
   **Taxes**

**Total claim**

**$10,118.00**

**Remarks:** A claim was filed by the City of Philadelphia in the Debtors' prior case, however the debt claimed was for a different person with the same name as Debtor Michael Creedon but with a different address. The Debtors intend to object to this claim if filed again on the basis that it is owed by a different person for which they are not responsible.

---

Official Form 106E/F              Schedule E/F: Creditors Who Have Unsecured Claims              page 2 of 3

| Debtor 1 | Michael | Patrick | Creedon | Case number *(if known)*  23-12202-pmm |
|---|---|---|---|---|
| Debtor 2 | Regina | Anne | Creedon | |
| | First Name | Middle Name | Last Name | |

| **Part 4:** | Add the Amounts for Each Type of Unsecured Claim |
|---|---|

6. **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  | | | Total claim |
|---|---|---|---|
| **Total claims from Part 1** | 6a. **Domestic support obligations** | 6a. | $0.00 |
| | 6b. **Taxes and certain other debts you owe the government** | 6b. | $6,000.00 |
| | 6c. **Claims for death or personal injury while you were intoxicated** | 6c. | $0.00 |
| | 6d. **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. + | $0.00 |
| | 6e. **Total.** Add lines 6a through 6d. | 6e. | $6,000.00 |

|  | | | Total claim |
|---|---|---|---|
| **Total claims from Part 2** | 6f. **Student loans** | 6f. | $0.00 |
| | 6g. **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $0.00 |
| | 6h. **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $0.00 |
| | 6i. **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. + | $10,118.00 |
| | 6j. **Total.** Add lines 6f through 6i. | 6j. | $10,118.00 |

Fill in this information to identify your case:

| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Eastern District of Pennsylvania**

Case number **23-12202-pmm**
(if known)

❑ Check if this is an
amended filing

## Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases          **12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| **2.1** | |
| Name | |
| Number    Street | |
| City          State    ZIP Code | |
| **2.2** | |
| Name | |
| Number    Street | |
| City          State    ZIP Code | |
| **2.3** | |
| Name | |
| Number    Street | |
| City          State    ZIP Code | |
| **2.4** | |
| Name | |
| Number    Street | |
| City          State    ZIP Code | |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: _____ **Eastern District of Pennsylvania** _____

Case number _____ **23-12202-pmm** _____
(if known)

☐ Check if this is an amended filing

# Official Form 106H

## Schedule H: Your Codebtors

**12/15**

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

   ☑ No

   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☑ No. Go to line 3.

   ☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

      ☐ No

      ☐ Yes. In which community state or territory did you live? _____ Fill in the name and current address of that person.

      _____
      Name

      _____
      Number      Street

      _____
      City                          State      ZIP Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F, or Schedule G* to fill out Column 2.**

| *Column 1:* **Your codebtor** | *Column 2:* **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |
| 3.1 _____ <br> Name | ☐ Schedule D, line _____ |
| _____ <br> Number      Street | ☐ Schedule E/F, line _____ |
| _____ <br> City          State      ZIP Code | ☐ Schedule G, line _____ |

Fill in this information to identify your case:

| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    **Eastern District of Pennsylvania**

Case number    **23-12202-pmm**
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition
    chapter 13 income as of the following date:

_____
MM / DD / YYYY

# Official Form 106I

## Schedule I: Your Income                                12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | **Debtor 1** | **Debtor 2 or non-filing spouse** |
|---|---|---|---|
| Employment status | | ☑ Employed  ☐ Not Employed | ☑ Employed  ☐ Not Employed |
| Occupation | | Self-Employed Attorney | Travel Agent |
| Employer's name | | Michael P. Creedon, Attorney at Law, LLC | Ventresca Travel, Inc. |
| Employer's address | | 4 Saljon Ct | 253 S York Rd |
| | | Number Street | Number Street |
| | | Ambler, PA 19002 | Hatboro, PA 19040 |
| | | City      State    Zip Code | City      State    Zip Code |
| How long employed there? | | Since January 2023 | |

### Part 2:  Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| 2. **List monthly gross wages, salary, and commissions** (before all payroll deductions.) If not paid monthly, calculate what the monthly wage would be. | 2. | $0.00 | $193.75 |
| 3. **Estimate and list monthly overtime pay.** | 3. | + $0.00 | + $0.00 |
| 4. **Calculate gross income.** Add line 2 + line 3. | 4. | $0.00 | $193.75 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Debtor 1 | **Michael** | **Patrick** | | **Creedon** | | |
| Debtor 2 | **Regina** | **Anne** | | **Creedon** | | |
| | First Name | Middle Name | | Last Name | Case number *(if known)*  23-12202-pmm | |

| | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| | Copy line 4 here...........................................................➔ | 4. | $0.00 | $193.75 |

**5. List all payroll deductions:**

| | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. $0.00 | $26.84 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. $0.00 | $0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. $0.00 | $0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. $0.00 | $0.00 |
| 5e. | **Insurance** | 5e. $0.00 | $0.00 |
| 5f. | **Domestic support obligations** | 5f. $0.00 | $0.00 |
| 5g. | **Union dues** | 5g. $0.00 | $0.00 |
| 5h. | **Other deductions.** Specify: _____ | 5h. + $0.00 | + $0.00 |
| **6.** | **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. $0.00 | $26.84 |
| **7.** | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. $0.00 | $166.91 |

**8. List all other income regularly received:**

| | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** <br><br> Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. $5,164.83 | $0.00 |
| 8b. | **Interest and dividends** | 8b. $0.00 | $0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** <br><br> Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. $0.00 | $0.00 |
| 8d. | **Unemployment compensation** | 8d. $0.00 | $0.00 |
| 8e. | **Social Security** | 8e. $2,704.00 | $961.00 |
| 8f. | **Other government assistance that you regularly receive** <br><br> Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. <br> Specify: _____ | 8f. $0.00 | $0.00 |
| 8g. | **Pension or retirement income** | 8g. $0.00 | $0.00 |
| 8h. | **Other monthly income.** Specify: _____ | 8h. + $0.00 | + $0.00 |
| **9.** | **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. $7,868.83 | $961.00 |
| **10.** | **Calculate monthly income.** Add line 7 + line 9. <br> Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse | 10. $7,868.83 + $1,127.91 = $8,996.74 | |

**11.** State all other regular contributions to the expenses that you list in *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____                                                                                                              11. + $0.00

**12.** Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information,* if it applies                                      12. $8,996.74

**Combined monthly income**

**13.** Do you expect an increase or decrease within the year after you file this form?

☑ No.

☐ Yes. Explain: _____

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | |
|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | |
| | First Name | Middle Name | Last Name | Case number *(if known)*  23-12202-pmm |

8a. Attached Statement

# Business Income

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

| | | |
|---|---|---:|
| 1. | Gross Monthly Income: | $7,527.83 |

PART B - ESTIMATED AVERAGE FUTURE MONTHLY EXPENSES:

| | | |
|---|---|---:|
| 2. | Ordinary and necessary expense | $2,363.00 |
| 3. | Net Employee Payroll (Other than debtor) | $0.00 |
| 4. | Payroll Taxes | $0.00 |
| 5. | Unemployment Taxes | $0.00 |
| 6. | Worker's Compensation | $0.00 |
| 7. | Other Taxes | $0.00 |
| 8. | Inventory Purchases (Including raw materials) | $0.00 |
| 9. | Purchase of Feed/Fertilizer/Seed/Spray | $0.00 |
| 10. | Rent (Other than debtor's principal residence) | $0.00 |
| 11. | Utilities | $0.00 |
| 12. | Office Expenses and Supplies | $0.00 |
| 13. | Repairs and Maintenance | $0.00 |
| 14. | Vehicle Expenses | $0.00 |
| 15. | Travel and Entertainment | $0.00 |
| 16. | Equipment Rental and Leases | $0.00 |
| 17. | Legal/Accounting/Other Professional Fees | $0.00 |
| 18. | Insurance | $0.00 |
| 19. | Employee Benefits (e.g., pension, medical, etc.) | $0.00 |
| 20. | Payments to be Made Directly by Debtor to Secured Creditors for Pre-Petition Business Debts | |
| | TOTAL PAYMENTS TO SECURED CREDITORS | $0.00 |
| 21. | Other Expenses | |
| | TOTAL OTHER EXPENSES | $0.00 |
| 22. | TOTAL MONTHLY EXPENSES(Add item 2 - 21) | $2,363.00 |

PART C - ESTIMATED AVERAGE NET MONTHLY INCOME:

| | | |
|---|---|---:|
| 23. | AVERAGE NET MONTHLY INCOME(Subtract item 22 from item 1) | $5,164.83 |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Eastern District of Pennsylvania**

Case number **23-12202-pmm**
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

## Schedule J: Your Expenses                                                12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Your Household

**1.  Is this a joint case?**

☐ No. Go to line 2.

☑ Yes. **Does Debtor 2 live in a separate household?**

  ☑ No

  ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

**2.  Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☑ No

☐ Yes. Fill out this information for each dependent............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |

**3.  Do your expenses include expenses of people other than yourself and your dependents?**

☑ No

☐ Yes

### Part 2:  Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $2,954.00 |
| | **If not included in line 4:** | |
| | 4a. Real estate taxes | 4a. $0.00 |
| | 4b. Property, homeowner's, or renter's insurance | 4b. $0.00 |
| | 4c. Home maintenance, repair, and upkeep expenses | 4c. $150.00 |
| | 4d. Homeowner's association or condominium dues | 4d. $0.00 |

| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| | First Name | Middle Name | Last Name |

Case number *(if known)* 23-12202-pmm

| | | | Your expenses |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | $0.00 |
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | $200.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $50.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $150.00 |
| | 6d. Other. Specify: _____ | 6d. | $0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $800.00 |
| 8. | **Childcare and children's education costs** | 8. | $0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $75.00 |
| 10. | **Personal care products and services** | 10. | $75.00 |
| 11. | **Medical and dental expenses** | 11. | $150.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $412.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $0.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $0.00 |
| | 15b. Health insurance | 15b. | $0.00 |
| | 15c. Vehicle insurance | 15c. | $0.00 |
| | 15d. Other insurance. Specify: _____ | 15d. | $0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $0.00 |
| | 17c. Other. Specify: _____ | 17c. | $0.00 |
| | 17d. Other. Specify: _____ | 17d. | $0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* (Official Form 106I). | 18. | $0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19. | $0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | |
| | 20a. Mortgages on other property | 20a. | $0.00 |
| | 20b. Real estate taxes | 20b. | $0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $0.00 |

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | | |
|---|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | | |
| | First Name | Middle Name | Last Name | Case number *(if known)* | 23-12202-pmm |

| | | | |
|---|---|---|---|
| **21.** | **Other.** Specify: _____ | 21. | + _____ $0.00 |
| **22.** | **Calculate your monthly expenses.** | | |
| | 22a. Add lines 4 through 21. | 22a. | _____ $5,016.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | 22b. | _____ $0.00 |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | 22c. | _____ $5,016.00 |
| **23.** | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 (your combined monthly income) from *Schedule I.* | 23a. | _____ $8,996.74 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | − _____ $5,016.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | _____ $3,980.74 |

**24.** **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.

None

Fill in this information to identify your case:

| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | **Regina** | **Anne** | **Creedon** |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Eastern District of Pennsylvania**

Case number **23-12202-pmm**
(if known)

☐ Check if this is an amended filing

## Official Form 106Sum

# Summary of Your Assets and Liabilities and Certain Statistical Information

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1: Summarize Your Assets

| | **Your assets**<br>Value of what you own |
|---|---|
| 1. *Schedule A/B: Property* (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from *Schedule A/B*............................................... | $632,640.00 |
| 1b. Copy line 62, Total personal property, from *Schedule A/B*................................... | $8,618.00 |
| 1c. Copy line 63, Total of all property on *Schedule A/B*............................................ | $641,258.00 |

### Part 2: Summarize Your Liabilities

| | **Your liabilities**<br>Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D*....... | $702,936.00 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*..................................... | $6,000.00 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................... | + $10,118.00 |
| **Your total liabilities** | $719,054.00 |

### Part 3: Summarize Your Income and Expenses

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I) | |
| Copy your combined monthly income from line 12 of *Schedule I*........................................................................... | $8,996.74 |
| 5. *Schedule J: Your Expenses* (Official Form 106J) | |
| Copy your monthly expenses from line 22c of *Schedule J*.................................................................................. | $5,016.00 |

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | |
|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | |
| | First Name | Middle Name | Last Name | |

Case number *(if known)*  23-12202-pmm

---

**Part 4:**  Answer These Questions for Administrative and Statistical Records

---

**6. Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☑ Yes

**7. What kind of debt do you have?**

☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

**8. From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$5,358.58

**9. Copy the following special categories of claims from Part 4, line 6 of Schedule E/F:**

| | Total claim |
|---|---|
| **From Part 4 on Schedule E/F, copy the following:** | |
| 9a. Domestic support obligations (Copy line 6a.) | $0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $6,000.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $0.00 |
| 9d. Student loans. (Copy line 6f.) | $0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | + $0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $6,000.00 |

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **Eastern District of Pennsylvania** |
| Case number | **23-12202-pmm** | |
| (if known) | | |

☐ Check if this is an
amended filing

## Official Form 106Dec

# Declaration About an Individual Debtor's Schedules          12/15

**If two married people are filing together, both are equally responsible for supplying correct information.**

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person _____     Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119).*

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X /s/ Michael Patrick Creedon _____          X /s/ Regina Anne Creedon _____

Michael Patrick Creedon, Debtor 1          Regina Anne Creedon, Debtor 2

Date 08/17/2023 _____          Date 08/17/2023 _____
MM/ DD/ YYYY          MM/ DD/ YYYY

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Eastern District of Pennsylvania**

Case number  **23-12202-pmm**
(if known)

☐ Check if this is an amended filing

## Official Form 107

# Statement of Financial Affairs for Individuals Filing for Bankruptcy                04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Give Details About Your Marital Status and Where You Lived Before

**1. What is your current marital status?**

☑ Married

☐ Not married

**2. During the last 3 years, have you lived anywhere other than where you live now?**

☑ No

☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

**3. Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☑ No

☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2:  Explain the Sources of Your Income

**4. Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No

☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross Income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross Income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☐ Wages, commissions, bonuses, tips | | ☑ Wages, commissions, bonuses, tips | $1,162.50 |
| | ☑ Operating a business | $45,167.00 | ☐ Operating a business | |

| Debtor 1 | Michael | Patrick | Creedon | |
|---|---|---|---|---|
| Debtor 2 | Regina | Anne | Creedon | |
| | First Name | Middle Name | Last Name | Case number *(if known)* 23-12202-pmm |

| | | | |
|---|---|---|---|
| **For last calendar year:** | ☐ Wages, commissions, bonuses, tips | | ☐ Wages, commissions, bonuses, tips |
| (January 1 to December 31, 2022 )<br>YYYY | ☑ Operating a business                $5,052.00 | | ☐ Operating a business |
| **For the calendar year before that:** | ☐ Wages, commissions, bonuses, tips | | ☐ Wages, commissions, bonuses, tips |
| (January 1 to December 31, 2021 )<br>YYYY | ☑ Operating a business                $13,326.00 | | ☐ Operating a business |

**5. Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

☐ No

☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross Income from each source**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Social Security | $18,928.00 | Social Security | $6,727.00 |
| | | | | |
| **For last calendar year:**<br>(January 1 to December 31, 2022 )<br>YYYY | Social Security | $44,114.00 | | |
| | | | | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2021 )<br>YYYY | Social Security | $41,668.00 | | |

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

**6. Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No.    **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?

☐ No. Go to line 7.

☐ Yes.    List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

* Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

| Debtor 1 | Michael | Patrick | Creedon | |
|---|---|---|---|---|
| Debtor 2 | Regina | Anne | Creedon | |
| | First Name | Middle Name | Last Name | Case number *(if known)* 23-12202-pmm |

☑ Yes.    **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☑ No. Go to line 7.

☐ Yes.    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

**7. Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

☑ No

☐ Yes. List all payments to an insider.

**8. Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

☑ No

☐ Yes. List all payments that benefited an insider.

**Part 4:** Identify Legal Actions, Repossessions, and Foreclosures

**9. Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No

☑ Yes. Fill in the details.

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Case title   Debtors v. Rydal Park<br><br>Case number  2021-17640 | Tort Claim | Montgomery County Court of Common Pleas<br>Court Name<br><br>2 E Airy St<br>Number     Street<br><br>Norristown, PA 19401-4819<br>City                         State       ZIP Code | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| Case title   Wells Fargo v. Debtors<br><br>Case number  2019-00625 | Mortgage Foreclosure | Montgomery County Court of Common Pleas<br>Court Name<br><br>2 E Airy St<br>Number     Street<br><br>Norristown, PA 19401-4819<br>City                         State       ZIP Code | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

**10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☑ No. Go to line 11.

☐ Yes. Fill in the information below.

Official Form 107            Statement of Financial Affairs for Individuals Filing for Bankruptcy          page 3

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | |
|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | |
| | First Name | Middle Name | Last Name | Case number *(if known)* 23-12202-pmm |

**11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☑ No

☐ Yes. Fill in the details.

**12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No

☐ Yes

## Part 5:  List Certain Gifts and Contributions

**13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No

☐ Yes. Fill in the details for each gift.

**14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No

☐ Yes. Fill in the details for each gift or contribution.

## Part 6:  List Certain Losses

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No

☐ Yes. Fill in the details.

## Part 7:  List Certain Payments or Transfers

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No

☑ Yes. Fill in the details.

| Debtor 1 | Michael | Patrick | Creedon |
|---|---|---|---|
| Debtor 2 | Regina | Anne | Creedon |
|  | First Name | Middle Name | Last Name |

Case number *(if known)* 23-12202-pmm

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Cibik Law, P.C. | Attorney's Fee and Cost | | |
| Person Who Was Paid | | 07/21/23 | $2,075.00 |
| 1500 Walnut Street Suite 900 | | | |
| Number    Street | | | |
| Philadelphia, PA 19102 | | | |
| City          State    ZIP Code | | | |
| mail@cibiklaw.com | | | |
| Email or website address | | | |
| | | | |
| Person Who Made the Payment, if Not You | | | |

**17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

☑ No

☐ Yes. Fill in the details.

**18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property).
Do not include gifts and transfers that you have already listed on this statement.

☑ No

☐ Yes. Fill in the details.

**19. Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?**
(These are often called *asset-protection devices*.)

☑ No

☐ Yes. Fill in the details.

**Part 8:**  List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

**20. Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No

☑ Yes. Fill in the details.

| Debtor 1 | Michael | Patrick | Creedon |
|---|---|---|---|
| Debtor 2 | Regina | Anne | Creedon |
| | First Name | Middle Name | Last Name |

Case number *(if known)* 23-12202-pmm

| | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| Creedon & Feliciani, P.C. 401(k) | | | June 2022 | $20,519.00 |
| **Name of Financial Institution** | XXXX– ___ ___ ___ ___ | ☐ Checking | | |
| | | ☐ Savings | | |
| **Number    Street** | | ☐ Money market | | |
| | | ☐ Brokerage | | |
| | | ☑ Other  401(k) | | |
| **City          State    ZIP Code** | | | | |

**21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☑ No

☐ Yes. Fill in the details.

**22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☑ No

☐ Yes. Fill in the details.

| Part 9: | Identify Property You Hold or Control for Someone Else |
|---|---|

**23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☑ No

☐ Yes. Fill in the details.

| Part 10: | Give Details About Environmental Information |
|---|---|

**For the purpose of Part 10, the following definitions apply:**

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

- *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

**Report all notices, releases, and proceedings that you know about, regardless of when they occurred.**

**24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Fill in the details.

**25. Have you notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Fill in the details.

Official Form 107    Statement of Financial Affairs for Individuals Filing for Bankruptcy    page 6

| Debtor 1 | Michael | Patrick | Creedon | |
|---|---|---|---|---|
| Debtor 2 | Regina | Anne | Creedon | |
| | First Name | Middle Name | Last Name | Case number *(if known)* 23-12202-pmm |

**26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No

☐ Yes. Fill in the details.

## Part 11: Give Details About Your Business or Connections to Any Business

**27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☑ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies. Go to Part 12.

☑ Yes. Check all that apply above and fill in the details below for each business.

| Michael P. Creedon, Attorney at Law, LLC<br>**Name** | **Describe the nature of the business** | **Employer Identification number**<br>**Do not include Social Security number or ITIN.** |
|---|---|---|
| | Law Firm | **EIN:** __ __ – __ __ __ __ __ __ __ |
| **Number      Street** | **Name of accountant or bookkeeper** | **Dates business existed** |
| | | **From** _____ **To** _____ |
| **City              State    ZIP Code** | | |

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☑ No

☐ Yes. Fill in the details below.

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | |
|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | |
| | First Name | Middle Name | Last Name | Case number *(if known)* 23-12202-pmm |

## Part 12: Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**X** /s/ Michael Patrick Creedon                **X** /s/ Regina Anne Creedon

Signature of Michael Patrick Creedon, Debtor 1        Signature of Regina Anne Creedon, Debtor 2

Date 08/17/2023                Date 08/17/2023

**Did you attach additional pages to your *Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**

☑ No

☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person _____        Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Eastern District of Pennsylvania

**In re**    Creedon, Michael Patrick

Creedon, Regina Anne

Case No.    23-12202-pmm

**Debtor**

Chapter    13

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.    Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept ................................................................    $4,725.00

Prior to the filing of this statement I have received ................................................    $2,075.00

Balance Due ..............................................................................................................    $2,650.00

2.    The source of the compensation paid to me was:

☑ Debtor        ☐ Other (specify)

3.    The source of compensation to be paid to me is:

☑ Debtor        ☐ Other (specify)

4.    ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.    Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

b.    Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

c.    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:

B2030 (Form 2030) (12/15)

Filing fee plus Costs & Expenses. Motion to Extend the Stay. Continued Meeting of Creditor Hearings, Addition of Creditor after Filing Petition, Motions to Avoid Liens, Motions for Relief from the Automatic Stay, Motions to Dismiss Case, Adverserial Proceedings & Discharge Litigation, Depositions, Asset Cramdowns, Objection to Proof of Claims, Certification of Stipulation Defaults, Motions for Plan Modifications, Motions for Reconsideration, Vacate Wage Orders, Praceipe for Discharge, Bankruptcy Chapter Conversions, Redemption of Property, Lexis & Pacer Research, Credit, Property, Judgements, & Liens Reports. The above legal services will be billed at a hourly rate of $375 per hour per attorney

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| 08/17/2023 | /s/ Michael A. Cibik |
|---|---|
| *Date* | Michael A. Cibik |
| | *Signature of Attorney* |
| | Bar Number: 23110 |
| | Cibik Law, P.C. |
| | 1500 Walnut Street Suite 900 |
| | Philadelphia, PA 19102 |
| | Phone: (215) 735-1060 |
| | Cibik Law, P.C. |
| | *Name of law firm* |

Page 2 of 2

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    **Eastern District of Pennsylvania**

Case number    **23-12202-pmm**
(if known)

Check as directed in lines 17 and 21:

According to the calculations required by this Statement:

☑ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☑ 3. The commitment period is 3 years.

☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1

# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

**10/19**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1: Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☑ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | *Column A* Debtor 1 | *Column B* Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $0.00 | $193.75 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse. | $0.00 | $0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $0.00 | $0.00 |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $7,527.83 | $0.00 | | |
| Ordinary and necessary operating expenses | − $2,363.00 | − $0.00 | | |
| Net monthly income from a business, profession, or farm | $5,164.83 | $0.00 | Copy here → $5,164.83 | $0.00 |

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $0.00 | $0.00 | | |
| Ordinary and necessary operating expenses | − $0.00 | − $0.00 | | |
| Net monthly income from rental or other real property | $0.00 | $0.00 | Copy here → $0.00 | $0.00 |

| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
|----------|-------------|-------------|-------------|
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| | First Name | Middle Name | Last Name |

Case number *(if known)* 23-12202-pmm

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 7. **Interest, dividends, and royalties** | $0.00 | $0.00 |
| 8. **Unemployment compensation** | $0.00 | $0.00 |

Do not enter the amount if you contend that the amount received was a benefit under

the Social Security Act. Instead, list it here: .................................................... ↓

| | | |
|---|---|---|
| For you................................................................................. | $2,704.00 | |
| For your spouse.................................................................... | $961.00 | |

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.

|  | $0.00 | $0.00 |
|---|---|---|

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

Total amounts from separate pages, if any.    +

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

| $5,164.83 | + | $193.75 | = | $5,358.58 |
|---|---|---|---|---|

**Total average monthly income**

---

| Part 2: | Determine How to Measure Your Deductions from Income |
|---|---|

12. **Copy your total average monthly income from line 11.** ....................................................................    $5,358.58

13. **Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in 0 below.

☑ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

+

Total...........................................................................................    $0.00    Copy here. →    -    $0.00

14. **Your current monthly income.** Subtract the total in line 13 from line 12.    $5,358.58

---

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | **Regina** | **Anne** | **Creedon** | |
| | First Name | Middle Name | Last Name | Case number *(if known)* 23-12202-pmm |

**15. Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here →..................................................................................................... $5,358.58

Multiply line 15a by 12 (the number of months in a year). **x 12**

15b. The result is your current monthly income for the year for this part of the form................ $64,302.96

**16. Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live. Pennsylvania

16b. Fill in the number of people in your household. 2

16c. Fill in the median family income for your state and size of household. ............................ $80,321.00

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

**17. How do the lines compare?**

17a. ☑ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C–2).

17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C–2).** On line 39 of that form, copy your current monthly income from line 14 above.

**Part 3:** Calculate Your Commitment Period Under 11 U.S.C. §1325(b)(4)

**18. Copy your total average monthly income from line 11.** ................................................. $5,358.58

**19. Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a. ...................................... **-** $0.00

19b. **Subtract line 19a from line 18.** $5,358.58

**20. Calculate your current monthly income for the year.** Follow these steps.

20a. Copy line 19b............................................................................................................. $5,358.58

Multiply by 12 (the number of months in a year). **x 12**

20b. The result is your current monthly income for the year for this part of the form. $64,302.96

20c. Copy the median family income for your state and size of household from line 16c. ......... $80,321.00

**21. How do the lines compare?**

☑ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

**Part 4:** Sign Below

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

**X** /s/ Michael Patrick Creedon          **X** /s/ Regina Anne Creedon

Signature of Debtor 1          Signature of Debtor 2

Date 08/17/2023          Date 08/17/2023
MM/ DD/ YYYY          MM/ DD/ YYYY

If you checked 17a, do NOT fill out or file Form 122C–2.

If you checked 17b, fill out Form 122C–2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

**L.B.F. 3015.1**

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA

In re:    Creedon, Michael Patrick          Chapter    13

        Creedon, Regina Anne           Case No.    23-12202-pmm

        Debtor(s)

## Chapter 13 Plan

☑ Original

❑ _____ Amended

Date: _____ 08/17/2023

### THE DEBTOR HAS FILED FOR RELIEF UNDER
### CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

### IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE NOTICE OF MEETING OF CREDITORS.

| Part 1: | Bankruptcy Rule 3015.1(c) Disclosures |
|---|---|

❑ Plan contains non-standard or additional provisions – see Part 9

❑ Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

❑ Plan avoids a security interest or lien – see Part 4 and/or Part 9

| Part 2: | Plan Payment, Length and Distribution – *PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE* |
|---|---|

**§ 2(a) Plan payments (For Initial and Amended Plans):**

**Total Length of Plan:** _____ **60** _____ months.

**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") _____ $238,800.00

Debtor shall pay the Trustee _____ $3,980.00 _____ per month for ____ 60 ____ months and then

Debtor shall pay the Trustee _____ per month for the remaining _____ months;

**or**

Debtor shall have already paid the Trustee _____ through month number _____ and

then shall pay the Trustee _____ per month for the remaining _____ months.

1

☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):**

**§ 2(c) Alternative treatment of secured claims:**

☑ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

**§ 2(e) Estimated Distribution:**

| | | | | |
|---|---|---|---|---|
| A. | Total Priority Claims (Part 3) | | | |
| | 1. | Unpaid attorney's fees | $ | 2,650.00 |
| | 2. | Unpaid attorney's costs | $ | 0.00 |
| | 3. | Other priority claims (e.g., priority taxes) | $ | 6,000.00 |
| B. | | Total distribution to cure defaults (§ 4(b)) | $ | 203,820.00 |
| C. | Total distribution on secured claims (§§ 4(c) &(d)) | | $ | 0.00 |
| D. | Total distribution on general unsecured claims(Part 5) | | $ | 2,450.00 |
| | | Subtotal | $ | 214,920.00 |
| E. | | Estimated Trustee's Commission | $ | 23,880.00 |
| F. | | Base Amount | $ | 238,800.00 |

**§2 (f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**

☑ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $       4,725.00       , with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

| Part 3: | Priority Claims |
|---|---|

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise.**

| Creditor | Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| Cibik Law, P.C. | | Attorney Fees | $2,650.00 |
| Internal Revenue Service | | Taxes or Penalties Owed to Governmental Units | $6,000.00 |

2

§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

☑ **None.** If "None" is checked, the rest of § 3(b) need not be completed.

| Part 4: | Secured Claims |
|---|---|

§ 4(a) Secured Claims Receiving No Distribution from the Trustee:

☑ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

**§ 4(b) Curing default and maintaining payments**

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Claim Number | Description of Secured Property and Address, if real property | Amount to be Paid by Trustee |
|---|---|---|---|
| Ocwen Loan Servicing, LLC (Arrearage) | | 4 Saljon Ct Maple Glen, PA 19002-3012 | $203,820.00 |

**§ 4(c) Allowed secured claims to be paid in full: based on proof of claim or preconfirmation determination of the amount, extent or validity of the claim**

☑ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

**§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

☑ **None.** If "None" is checked, the rest of § 4(d) need not be completed.

**§ 4(e) Surrender**

☑ **None.** If "None" is checked, the rest of § 4(e) need not be completed.

**§ 4(f) Loan Modification**

☑ **None.** If "None" is checked, the rest of § 4(f) need not be completed.

(1) Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of _____ per month, which represents _____ (*describe basis of adequate protection payment*). Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by _____ (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

| Part 5: | General Unsecured Claims |
|---|---|

**§ 5(a) Separately classified allowed unsecured non-priority claims**

☑ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

3

**§ 5(b) Timely filed unsecured non-priority claims**

*(1)* Liquidation Test *(check one box)*

☑ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $ _____ for purposes of § 1325(a)(4) and plan provides for distribution of $ _____ to allowed priority and unsecured general creditors.

*(2)* Funding: § 5(b) claims to be paid as follows *(check one box)*

☑ Pro rata

☐ 100%

☐ Other (Describe) _____

| Part 6: | Executory Contracts & Unexpired Leases |
|---|---|

☑ **None.** If "None" is checked, the rest of § 6 need not be completed.

| Part 7: | Other Provisions |
|---|---|

**§ 7(a) General principles applicable to the Plan**

*(1)* Vesting of Property of the Estate *(check one box)*

☑ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**§ 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

**§ 7(c) Sale of Real Property**

☑ **None.** If "None" is checked, the rest of § 7(c) need not be completed.

**Part 8:    Order of Distribution**

The order of distribution of Plan payments will be as follows:

**Level 1:** Trustee Commissions*
**Level 2:** Domestic Support Obligations
**Level 3:** Adequate Protection Payments
**Level 4:** Debtor's attorney's fees
**Level 5:** Priority claims, pro rata
**Level 6:** Secured claims, pro rata
**Level 7:** Specially classified unsecured claims
**Level 8:** General unsecured claims
**Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

**Part 9:    Non Standard or Additional Plan Provisions**

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☑ **None.** If "None" is checked, the rest of Part 9 need not be completed.

**Part 10:    Signatures**

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.

Date:    08/17/2023                        /s/ Michael A. Cibik
                                    _____
                                    Michael A. Cibik
                                    Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date:    _____            _____
                                    Michael Patrick Creedon
                                    Debtor

Date:    _____            _____
                                    Regina Anne Creedon
                                    Joint Debtor

5

# United States Bankruptcy Court
# Eastern District Of Pennsylvania

In re    Creedon, Michael Patrick                  Case No.     23-12202-pmm

         Creedon, Regina Anne                  Chapter     13

               Debtor(s)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the following document(s):

**Chapter 13 Plan**

was(were) mailed to all persons in interest at the addresses set forth in the exhibit which is attached hereto, electronically or by first class mail, postage prepaid, on    08/17/2023   .

Dated:         08/17/2023                         /s/ Michael A. Cibik

                                                 Michael A. Cibik
                                                 Debtor or Debtor's(s') Counsel
                                                 Bar Number: 23110
                                                 Cibik Law, P.C.
                                                 1500 Walnut Street Suite 900
                                                 Philadelphia, PA 19102
                                                 Phone: (215) 735-1060
                                                 Email: mail@cibiklaw.com

| | | |
|---|---|---|
| **City of Philadelphia**<br>Municipal Services Building<br>1401 John F Kennedy Blvd 5th Floor<br>Philadelphia, PA 19102-1640 | **Internal Revenue Service**<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | **Montgomery County Tax Claim Bureau**<br>PO Box 190<br>Norristown, PA 19404-0190 |
| **Ocwen Loan Servicing, LLC**<br>1661 Worthington Road Suite 100<br>West Palm Beach, FL 33409 | **Pennsylvania Attorney General**<br>16th Floor, Strawberry Square<br>Harrisburg, PA 17120 | **Pennsylvania Department of Revenue**<br>Bankruptcy Division<br>Po Box 280946<br>Harrisburg, PA 17128-0946 |
| **Pennsylvania Office of General Counsel**<br>333 Market St Fl 17<br>Harrisburg, PA 17101-2210 | **Remex Inc**<br>Attn: Bankruptcy<br>307 Wall Street<br>Princeton, NJ 08540 | **Stern and Eisenberg, LLP**<br>1581 Main Street Suite 200<br>Warrington, PA 18976 |
| **Synchrony Bank**<br>Attn: Bankruptcy Dept.<br>PO Box 965064<br>Orlando, FL 32896-5064 | **Township of Upper Dublin**<br>370 Commerce Drive<br>Fort Washington, PA 19034 | **Toyota Financial Services**<br>Attn: Bankruptcy<br>PO Box 259001<br>Plano, TX 75025-9001 |

Debtor  Creedon, Michael Patrick; Creedon, Regina Anne

Case number  23-12202-pmm

**U.S. Attorney, Eastern District of Pa.**
615 Chestnut St Ste 1250
Philadelphia, PA 19106-4404

**U.S. Department of Justice**
950 Pennsylvania Ave NW
Washington, DC 20530-0009

**Upper Dublin School District**
1580 Fort Washington Avenue
Ambler, PA 19002

# United States Bankruptcy Court
# Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-12202-pmm |
| Michael Patrick Creedon, Regina Anne Creedon, | Chapter 13 |
| Debtor. | Amends ECF No. 7 |

## Debtors' Amended Motion to Extend the Automatic Stay

**AND NOW**, Debtors Michael Patrick Creedon and Regina Anne Creedon, by and through their attorney, move this Court for an order extending the automatic stay under 11 U.S.C. § 362(c)(3)(B). In support of this motion, the Debtors state as follows:

1. The Debtors filed this case under chapter 13 on July 25, 2023.

2. The trustee in this case is Kenneth E. West.

3. The Debtors have filed a chapter 13 plan and all statements, schedules, and related documents as required by Fed. R. Bankr. P. 1007(b).

4. The Debtors filed Case No. 22-11697 in this district under chapter 13 on June 29, 2022, which was dismissed on June 28, 2023 for failure to make plan payments. The Debtors were represented in that case by Cibik Law P.C.

5. The Debtors had no other bankruptcy cases pending in the one-year period immediately preceding the petition date in this case.

6. Because the Debtors had one bankruptcy case pending in the past year, the automatic stay is set to expire thirty days after the instant case was filed. 11 U.S.C. § 362(c)(3)(A).

7. The Court may extend the automatic stay upon notice, hearing, and a showing that the instant case was filed in good faith. 11 U.S.C. § 362(c)(3)(B). A case is filed in good faith when there are positive changing circumstances showing that debtor can successfully see a chapter 13 through to the end. *In re Legree*, 285 B.R. 615, 620 (Bankr. E.D. Pa. 2002).

8. This case was filed in good faith. The Debtor started his own law practice in January 2023 that provides a more reliable stream of income; there is also an opportunity for significant income when a large case the Debtor is working on settles or goes to trial. Additionally, the Joint

Debtor has returned to work on a limited basis and is providing some income. On top of that, both Debtors have seen their monthly social security benefit payments increase over last year and completed payments on their vehicle loan. These positive changing circumstances make it likely that the Debtors will be able to reorganize successfully.

9. Because this case was filed in good faith, the Court must continue the automatic stay against all creditors for the duration of this case.

**NOW, THEREFORE**, the Debtors ask this Court to grant relief in the form of order attached and to grant such other relief in their favor as may be necessary and proper under the law.

Date: August 18, 2023

CIBIK LAW, P.C.
*Counsel for Debtors*

By: */s/ Michael A. Cibik*
Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com

# United States Bankruptcy Court
# Eastern District of Pennsylvania

In re:

    Michael Patrick Creedon,
    Regina Anne Creedon,

          Debtor.

Case No. 23-12202-pmm

Chapter 13

## Certificate of Service

I certify that on this date I caused a true and correct copy of the Debtors' Amended Motion to Extend the Automatic Stay to be served on all parties listed on the clerk's service list through the CM/ECF.

Date: August 18, 2023

/s/ Michael A. Cibik
Michael A. Cibik (#23110)
Cibik Law, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com

70

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
*Philadelphia Division*

| | |
|---|---|
| IN RE:<br>REGINA ANNE CREEDON AND MICHAEL PATRICK CREEDON | Case No. 23-12202-pmm |
| | Chapter 13 |
| Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6,<br>　　Movant | |
| vs. | |
| REGINA ANNE CREEDON AND MICHAEL PATRICK CREEDON,<br>　　Debtors | |

**OBJECTION TO CONFIRMATION**
**OF DEBTORS' CHAPTER 13 PLAN**

Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6 ("Movant"), by and through its undersigned counsel, files this *Objection to Confirmation of Debtors' Chapter 13 Plan* (Doc 16), and states as follows:

1.　　The Debtors filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on June 29, 2022.

2.　　Movant holds a security interest in the Debtors' real property located at 4 Saljon Ct, Maple Glen, PA 19002 (the "Property"), by virtue of a Mortgage which is recorded as instrument Number 2003603518 in Official Records of Montgomery County, Pennsylvania. Said Mortgage secures a Note in the amount of $400,000.00.

3.      The Debtors filed a Chapter 13 Plan (the "Plan") on August 17, 2023 (Doc 16).

4.      The Plan includes payments toward the Note and Mortgage with Movant, however the figures used by the Debtors are inaccurate.  Although Movant has not yet filed its proof of claim, it is anticipated that the claim will show the pre-petition arrearage due Movant is $213,073.70, whereas the Plan proposes to pay only $203,820.00.  Therefore, the Plan is not in compliance with the requirements of 11 U.S.C. §§ 1322(b)(3) and 1325(a)(5) and cannot be confirmed.  Movant objects to any plan which proposes to pay it anything less than $213,073.70 as the pre-petition arrearage over the life of the plan.

5.      Movant objects to any plan which proposes to pay it anything less than $213,073.70 as the pre-petition arrearage over the life of the plan.

**WHEREFORE**, Movant respectfully requests the entry of an Order which denies confirmation of the Plan unless such plan is amended to overcome the objections of Movant as stated herein, and for such other and further relief as the Court may deem just and proper.

*/s/Andrew Spivack*
Andrew Spivack, PA Bar No. 84439
Matthew Fissel, PA Bar No. 314567
Mario Hanyon, PA Bar No. 203993
Ryan Starks, PA Bar No. 330002
Jay Jones, PA Bar No. 86657
Attorney for Creditor
BROCK & SCOTT, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
Telephone: (844) 856-6646
Facsimile: (704) 369-0760
E-Mail: PABKR@brockandscott.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
*Philadelphia Division*

|  |  |
|---|---|
| IN RE:<br>REGINA ANNE CREEDON AND MICHAEL PATRICK CREEDON | Case No. 23-12202-pmm |
|       Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6,<br>      Movant<br><br>vs.<br><br>REGINA ANNE CREEDON AND MICHAEL PATRICK CREEDON,<br>      Debtors | Chapter 13 |

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that a true and exact copy of the foregoing OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN has been electronically served or mailed, postage prepaid on this day to the following:

Via Electronic Notice:

Michael Assad, Debtor's Attorney
Cibik Law, P.C
1500 Walnut St, Ste 900
Philadelphia, PA 19102
mail@cibiklaw.com


Kenneth E West, Bankruptcy Trustee
Office of the Chapter 13 Standing Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107

Via First Class Mail:

REGINA ANNE CREEDON
4 SALJON COURT
MAPLE GLEN, PA 19002-3012

MICHAEL PATRICK CREEDON
4 SALJON COURT
MAPLE GLEN, PA 19002-3012

Date: August 23, 2023

*/s/Andrew Spivack*
Andrew Spivack, PA Bar No. 84439
Matthew Fissel, PA Bar No. 314567
Mario Hanyon, PA Bar No. 203993
Ryan Starks, PA Bar No. 330002
Jay Jones, PA Bar No. 86657
Attorney for Creditor
BROCK & SCOTT, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
Telephone: (844) 856-6646
Facsimile: (704) 369-0760
E-Mail: PABKR@brockandscott.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>MICHAEL PATRICK CREEDON AND REGINA ANNE CREEDON<br>　　　Debtors | Case No. 23-12202-pmm |
| | Chapter 13 |
| Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6,<br>　　　Movant | |
| vs.<br>MICHAEL PATRICK CREEDON AND REGINA ANNE CREEDON<br>　　　Respondents | 11 U.S.C. §362 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001

Movant, by its attorneys, Brock and Scott PLLC, hereby requests a termination of Automatic Stay and leave to proceed with its state court rights on its mortgage on real property owned by MICHAEL PATRICK CREEDON and REGINA ANNE CREEDON (the "Debtors").

1.　　　Movant is Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6**.**

2.　　　Debtors, MICHAEL PATRICK CREEDON and REGINA ANNE CREEDON, is/are the owner(s) of the premises located at 4 Saljon Ct, Maple Glen, Pennsylvania 19002 hereinafter known as the mortgaged premises.

3.　　　Movant is the holder of a mortgage on the mortgaged premises.

4.　　　Debtors' failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

5.      Movant instituted foreclosure proceedings on the mortgage because of Debtors' failure to make the monthly payment required hereunder.

6.      The foreclosure proceedings instituted were stayed by the filing of the instant Chapter 13 Petition.

7.      The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed as of November 8, 2023:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 3 | September 1, 2023 | November 1, 2023 | $3,360.78 | $10,082.34 |
| Less partial payments (suspense balance): ($3,335.55) | | | | |

**Total: $6,746.79**

8.      A post-petition payment history is attached hereto as Exhibit A.

9.      The next payment is due on or before December 1, 2023 in the amount of $3,360.78. Under the terms of the Note and Mortgage, Debtors have a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

10.     Upon information and belief, the payoff amount as of November 8, 2023 is $717,737.41.

11.     Movant, Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6 requests the Court award reimbursement in the amount of $1,238.00 for the legal fees and costs associated with this Motion.

12.     Movant has cause to have the Automatic Stay terminated as to permit Movant to proceed with its state court rights pursuant to the mortgage contract.

13.     Movant specifically requests permission from the Honorable Court to communicate

with and Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law.

14.    Movant, it's successors and assignees posits that due to Debtors' continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

15.    Movant requests that if relief is granted that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a.    Modifying the Automatic Stay under Section 362 with respect to 4 Saljon Ct, Maple Glen, Pennsylvania 19002 (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

b.    Movant specifically requests permission from this Honorable Court to communicate with Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law; and

c.    That the Trustee cease making any further distributions to the Creditor; and

d.    Holding that due to Debtors' continuing failure to tender post-petition mortgage payments and the resulting and ever-increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

      e.       Awarding Movant attorney fees and costs related to this Motion in the amount of

$1,238.00; and

      f.       Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

      g.       Granting any other relief that this Court deems equitable and just.

This is the 24th day of November, 2023.

*/s/Andrew Spivack*
Andrew Spivack, PA Bar No. 84439
Matthew Fissel, PA Bar No. 314567
Mario Hanyon, PA Bar No. 203993
Ryan Starks, PA Bar No. 330002
Jay Jones, PA Bar No. 86657
Attorney for Creditor
BROCK & SCOTT, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
Telephone: (844) 856-6646
Facsimile: (704) 369-0760
E-Mail: PABKR@brockandscott.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>MICHAEL PATRICK CREEDON AND REGINA ANNE CREEDON<br>    Debtors | Case No. 23-12202-pmm |
| Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6,<br>    Movant | Chapter 13 |
| vs.<br>MICHAEL PATRICK CREEDON AND REGINA ANNE CREEDON<br>    Respondents | 11 U.S.C. §362 |

## CERTIFICATE OF SERVICE

I hereby certify that service upon all interested parties, indicated below was made by sending true and correct copies of the Notice of Motion and Motion for Relief from the Automatic Stay at the addresses shown below or on the attached list on November 24, 2023.

The types of service made on the parties were: Electronic Notification and First Class Mail.

Service by First Class Mail
MICHAEL PATRICK CREEDON
4 SALJON COURT
MAPLE GLEN, PA 19002-3012

REGINA ANNE CREEDON
4 SALJON COURT
MAPLE GLEN, PA 19002-3012

Service by Electronic Notification
MICHAEL A. CIBIK
1500 Walnut Street
Suite 900
Philadelphia, PA 19102

KENNETH E. WEST
1234 Market Street - Suite 1813
Philadelphia, PA 19107

Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107


If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification" and those served by mail will be listed under the heading: Service by First Class Mail.

This is the 24th day of November, 2023.

> */s/Andrew Spivack*
> Andrew Spivack, PA Bar No. 84439
> Matthew Fissel, PA Bar No. 314567
> Mario Hanyon, PA Bar No. 203993
> Ryan Starks, PA Bar No. 330002
> Jay Jones, PA Bar No. 86657
> Attorney for Creditor
> BROCK & SCOTT, PLLC
> 3825 Forrestgate Drive
> Winston Salem, NC 27103
> Telephone: (844) 856-6646
> Facsimile: (704) 369-0760
> E-Mail: PABKR@brockandscott.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>MICHAEL PATRICK CREEDON AND REGINA ANNE CREEDON<br>     Debtors | Case No. 23-12202-pmm |
| Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6,<br>     Movant | Chapter 13 |
| vs.<br>MICHAEL PATRICK CREEDON AND REGINA ANNE CREEDON<br>     Respondents | 11 U.S.C. §362 |

## ORDER MODIFYING §362 AUTOMATIC STAY

**AND NOW**, this _____ day of _____, 20____, at **PHILADELPHIA**, upon Motion of Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6 (Movant), it is:

**ORDERED:** that Movant shall be permitted to reasonably communicate with Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law; and it is further;

**ORDERED** that Relief from the Automatic stay of all proceedings, as provided under 11 U.S.C. §362 is granted with respect to, 4 Saljon Ct, Maple Glen, Pennsylvania 19002 (hereinafter the Premises) (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises) , as to permit Movant, its successors or assignees, to proceed with its rights under the terms of said Mortgage; and it is further;

**ORDERED** that the Trustee is directed to cease making any further distributions to the Creditor; and it is further

**ORDERED** that Rule 4001(a)(3) is not applicable and may immediately enforce and implement this Order granting Relief from the Automatic Stay; and it is further;

**ORDERED** that FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1 is no longer applicable to Movant, its successors or assignees.

_____
Patricia M. Mayer
BANKRUPTCY JUDGE

| Name: | Michael Patrick Creedon | | | | |
|---|---|---|---|---|---|
| BK Case Number: | 23-12202 | | | | |
| Filing Date: | 7/25/2023 | | | | |
| First Post Due: | 8/1/2023 | | | | |
| Post-Petition Due | Date Received | Amount Received | Amount Applied | Suspense Application | Suspense Balance |
| | 9/14/2023 | $ 3,348.03 | | $ 3,348.03 | $ 3,348.03 |
| | 10/16/2023 | $ 3,348.30 | | $ 3,348.30 | $ 6,696.33 |
| 8/1/2023 | 10/17/2023 | | $ 3,360.78 | $ (3,360.78) | $ 3,335.55 |

| Name: | Michael Patrick Creedon | | | | |
|---|---|---|---|---|---|
| **BK Case Number:** | 23-12202 | | | | |
| **Filing Date:** | 7/25/2023 | | | | |
| | | | | | **NOPC Filed Date** |
| **Due Date** | **Total Payment** | | **P&I** | **Escrow** | |
| 9/1/2023 | $ | 3,360.78 | $ 2,179.43 | $ 1,181.35 | |
| 10/1/2023 | $ | 3,360.78 | $ 2,179.43 | $ 1,181.35 | |
| 11/1/2023 | $ | 3,360.78 | $ 2,179.43 | $ 1,181.35 | |
| | $ | - | | | |
| **Total Due** | **$** | **10,082.34** | **$6,538.29** | **$3,544.05** | |

Date: 08/18/03

## ADJUSTABLE RATE NOTE
### (LIBOR Index - Rate Caps)

**ORIGINAL**

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

4 ~~SALJOHN~~ COURT, MAPLE GLENN, PA 19002-
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $400,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is Option One Mortgage Corporation, a California Corporation . I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest will be calculated on the basis of a 12-month year and a 30-day month. I will pay interest at a yearly rate of 7.790% . The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on October 01 ,2003 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on, September 01 ,2033 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at Option One Mortgage Corporation Department 7821, Los Angeles, CA 90084-7821 or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $2,876.71 . This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**(D) Application of Payments**

Payments received by the Note Holder will be applied in the following order: (i) prepayment charges due under this Note; (ii) amounts payable under paragraph 2 of the Security Instrument (defined below); (iii) interest due under this Note; (iv) principal due under this Note; and (v) late charges due under this Note.

### 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the first day of September 01 ,2005 , and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX percentage point(s) ( 6.000% ) to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than ___10.790%___ or less than ___7.790%___. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than ___13.790%___ or less than ___7.790%___ .

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due, together with accrued interest. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

If within ___24 Months___ from the date of execution of the Security Instrument I make a full prepayment or, in certain cases a partial prepayment, I will at the same time pay to the Note Holder a prepayment charge. The prepayment charge will be equal to six (6) months advance interest on the amount of any prepayment that, when added to all other amounts prepaid during the twelve (12) month period immediately preceding the date of the prepayment, exceeds twenty percent (20%) of the original principal amount of this Note. Notwithstanding the foregoing, I will not be required to pay a prepayment charge to the Note Holder if the original principal amount of the Note is $50,000 or less. In no event will such a charge be made unless it is authorized by state or federal law.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of ___15___ calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be ___6.000%___ of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount, together with any other charges that I owe under this Note or the Security Instrument, except as otherwise required by applicable law.

**(C) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, whether or not a lawsuit is filed. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Page 2 of 3

10.    **WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11.    **SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
MICHAEL P CREEDON          -Borrower                                                           -Borrower

_____ (Seal)          _____ (Seal)
                                                    -Borrower                                                           -Borrower

_____ (Seal)          _____ (Seal)
                                                    -Borrower                                                           -Borrower

[Sign Original Only]

PAY TO THE ORDER OF

WITHOUT RECOURSE

OPTION ONE MORTGAGE CORPORATION
A CALIFORNIA CORPORATION

BY:
ADRIAN ABELGAS ASSISTANT SECRETARY

Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, Florida 33416-4737
*(Do not send correspondence or payments to the above address.)*

WWW.OCWEN.COM

# Helping Homeowners Is What We Do! ™

Friday, February 20, 2015

Michael P Creedon
4 Saljon Ct
Ambler, PA 19002

**Your executed Loan Modification Agreement!**

Re: ▬▬▬▬▬▬

    Property Address: 4 Saljon Ct | Maple Glen, PA 19002

Dear Borrower(s):

We are glad to be able to assist all qualifying homeowners save their homes from foreclosure and thank you for sending in your completed Loan Modification Agreement.

Included with this letter is an executed copy of your Loan Modification Agreement to keep for your records.

If you have any questions regarding your Loan Modification Agreement, please call our Customer Care Center at (800) 746-2936 Monday to Friday 8:00 am to 9:00 pm, Saturday 8:00 am to 5:00 pm and Sunday 12:00 pm to 9:00 pm ET, and remember **"Helping Homeowners is what we do!"**

Sincerely,

Ocwen Loan Servicing, LLC

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*



Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

# LOAN MODIFICATION AGREEMENT

Ocwen Loan Servicing, LLC ("Ocwen") is offering you this Loan Modification Agreement ("Agreement"), dated 1/14/2015, which modifies the terms of your home loan obligations as described in detail below:

A.  the Mortgage, Deed of Trust, or Security Deed (the "Mortgage"), dated and recorded in the public records of Montgomery County, and

B.  the Note, of the same date and secured by the Mortgage, which covers the real and personal property described in the Mortgage and defined therein as the "Property", located at 4 Saljon Ct, Maple Glen, PA 19002.

Pursuant to our mutual agreement to modify your Note and Mortgage and in consideration of the promises, conditions, and terms set forth below, the parties agree as follows:

1.  You agree that the new principal balance due under your modified Note and the Mortgage will be $558,691.97.  Upon modification, your Note will become contractually current.

2.  You promise to make an initial payment in the amount of  $2,843.41 on or before 2/2/2015, after which  you will commence payments of principal and interest in the amount of  $1,691.86 beginning on 3/1/2015 and continuing on the same day of each succeeding month until 3/1/2020.  At the end of this period, your payment is subject to change based on paragraph 4 below.

3.  You will be required to pay to Ocwen, until such time the loan is paid in full, a sum to provide for payment of amounts due for (i) yearly taxes and assessments which may attain priority over the Security Instrument as a lien on the Property, and (ii) yearly hazard or property insurance premiums, all in accordance with the terms and conditions of the Security Instrument.  A waiver of this requirement by Ocwen as of the Effective Date shall not constitute a waiver of such requirement at any future date, and Ocwen specifically reserves the right, in its sole and absolute discretion, to impose such requirement at any time upon written notice to you..

4.  Upon Modification, the interest rate of 2.00000%  will begin to accrue on the unpaid principal balance as of 2/1/2015 and the first new monthly payment on the unpaid principal balance will be due on 3/1/2015 . Your payment schedule for the modified Loan is as follows

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5.0 | 2.00000% | 2/1/2015 | $1,691.86 | $1,151.55, adjusts annually after year 1 | $2,843.41, adjusts annually after year 1 | 3/1/2015 | 60 |
| 5.0 - Loan Maturity | 3.73000% | 2/1/2020 | $2,179.43 | adjusts annually | Adjusts Annually | 3/1/2020 | 163 |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

5.  You promise to make payments of principal and interest on the same day of each succeeding month until 9/1/2033, at which time a final balloon payment in an amount equal to all remaining amounts under the Note and Modification will be due.

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property.  It is not intended as an attempt to collect a debt from you personally.



**OCWEN**

Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

---

6. You will comply with all other covenants, agreements, and requirements of your Mortgage, including without limitation, the covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that you are obligated to make under the Mortgage, except as otherwise provided herein.

7. If you sell your property, refinance, or otherwise payoff your loan during the 12 months following the Date of Modification, the Modification will be voidable at the sole option of Ocwen and all amounts owed under the obligations existing prior to the Modification will be due and owing.

8. You understand and agree that:

   (a) All the rights and remedies, stipulations, and conditions contained in your Mortgage relating to default in the making of payments under the Mortgage will also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in your Note and Mortgage will remain in full force and effect, except as herein modified, and none of the your obligations or liabilities under your Note and Mortgage will be diminished or released by any provisions hereof, nor will this Agreement in any way impair, diminish, or affect any of Ocwen's rights under or remedies on your Note and Mortgage, whether such rights or remedies arise there under or by operation of law. Also, all rights of recourse to which Ocwen is presently entitled against any property or any other persons in any way obligated for, or liable on, your Note and Mortgage are expressly reserved by Ocwen.

   (c) Any expenses incurred in connection with the servicing of your loan, but not yet charged to your account as of the date of this Agreement, may be charged to your account after the date of this Agreement.

   (d) Nothing in this Agreement will be understood or construed to be a satisfaction or release in whole or in part of your Note and Mortgage.

   (e) You agree to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Ocwen, will bind and inure to your heirs, executors, administrators, and assigns.

   (f) You understand that this agreement is legally binding and that it affects your rights. You confirm that you have had the opportunity to obtain, independent legal counsel concerning this Agreement and are signing this Agreement voluntarily and with full understanding of its contents and meaning.

   (g) Corrections and Omissions: You agree to execute such other and further documents as may be reasonably necessary to consummate the transactions contemplated herein or to perfect the liens and security interests intended to secure the payment of the loan evidenced by the Note.

Ocwen Loan Servicing, LLC

By: _____
Authorized Officer  **Desmond Cummings**
**FEB 2 0 2015**

Michael P Creedon

*Regina A. Creedon*
REGINA A. CREEDON

---

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.



Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

## BALLOON DISCLOSURE

Property Address:        4 Saljon Ct Maple Glen, PA 19002

The loan modification for which you have applied contains a balloon provision. This means that even if you make all payments full and on time, the loan will not be paid in full by the final payment date. Your estimated balloon payment amount is $385,349.86 and will be due in a single payment on 9/1/2033, provided that all payments are made in accordance with the loan terms and the interest rate does not change for the entire loan term. The balloon payment may vary depending on your payment history, and, if you have an adjustable rate mortgage, any interest rate changes that occur during the life of the loan.

Neither Ocwen Loan Servicing, LLC nor any lender to which your loan is transferred or assigned is under any obligation to finance the amount of the balloon payment. In addition, the value of the real estate securing this loan may change during the term of the loan. On the date the balloon payment becomes due, the value of the real estate may not be sufficient to secure a new loan in an amount equal to the balloon payment.

I/we have read the above disclosure and acknowledge receiving a copy by signing below.

_____
Borrower Michael P Creeden

_____
Borrower Regina A. Creedon

_1-17-15_____
Date

_1/17/2015_____
Date

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.

WHEN RECORDED MAIL TO:
OPTION ONE MORTGAGE CORP.
P.O. BOX 57096
IRVINE, CA 92619-7096

2003603518  10/09/2003 10:30:52 AM 4
RCD FEE: $88.50

MONTGOMERY
COUNTY ROD

Statewide Abstract, Inc.
7901 Bustleton Ave. Suite 203
Phila., PA 19152

ORIGINAL

[Space Above This Line For Recording Data]

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on August 18, 2003    . The mortgagor is
MICHAEL P CREEDON AND REGINA A CREEDON

("Borrower"). This Security Instrument is given to
      Option One Mortgage Corporation, a California Corporation
which is organized and existing under the laws of    CALIFORNIA        , and whose
address is
            3 Ada, Irvine, CA  92618                    ("Lender").
Borrower owes Lender the principal sum of
      ... AND NO/100THs        FOUR HUNDRED THOUSAND
                  Dollars (U.S.   $400,000.00        ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on September 01, 2033 .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and
all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced
under paragraph 7 to protect the security of this Security Instrument; and (e) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby
mortgage, grant and convey to Lender the following described property located in
      Montgomery                    County, Pennsylvania:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART THEREOF.

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
54-00-13860-52-2  UPPER DUBLIN
4 SALJON CT
CREEDON MICHAEL P & REGINA A
B 005G U 012 L   4  1101  DATE 08/28/03

92

Date: 08/18/03

which has the address of   4   ~~SALJOHN~~ SALJON *MPC* COURT, MAPLE GLEN, *MPC*

[Street, City]

Pennsylvania       19002-          ("Property Address");
                [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

Page 2 of 10

Date: 08/18/03

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such ease Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, or applicable Law otherwise requires, insurance proceeds shall be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining any such insurance proceeds, and then, at Lender's option, in such order and proportion as Lender may determine in its sole and absolute discretion, and regardless of any impairment of security or lack thereof: (i) to the sums secured by this Security Instrument, whether or not then due, and to such components thereof as Lender may determine in its sole and absolute discretion; and/or (ii) to Borrower to pay the costs and expenses of necessary repairs or

Page 3 of 10

Date: 08/18/03

restoration of the Property to a condition satisfactory to Lender. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, Lender may collect the insurance proceeds. Lender may, in its sole and absolute discretion, and regardless of any impairment of security or lack thereof, use the proceeds to repair or restore the Property or to pay the sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

If Borrower obtains earthquake insurance, any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by Lender, then such insurance shall (i) name Lender as loss payee thereunder, and (ii) be subject to the provisions of this paragraph 5.

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower acknowledges that the Lender does not desire to make a loan to Borrower secured by this property on the terms contained in the Note unless the property is to be occupied by Borrower as Borrower's primary/secondary residence. Lender makes non-owner residence loans of different terms. Borrower promises and assures Lender that Borrower intends to occupy this property as Borrower's primary/secondary residence and that Borrower will so occupy this property as its sole primary/secondary residence within sixty (60) days after the date of the Security Instrument. If Borrower breaches this promise to occupy the property as Borrower's primary/secondary residence, then Lender may invoke any of the following remedies, in addition to the remedies provided in the Security Instrument; (1) Declare all sums secured by the Security Instrument due and payable and foreclose the Security Instrument, (2) Decrease the term of the loan and adjust the monthly payments under the Note accordingly, increase the interest rate and adjust the monthly payments under the Note accordingly, or (3) require that the principal balance be reduced to a percentage of either the original purchase price or the appraised value then being offered on non-owner occupied loans.

Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

Borrower shall, at Borrower's own expense, appear in and defend any action or proceeding purporting to affect the Property or any portion thereof or Borrower's title thereto, the validity or priority of the lien created by this Security Instrument, or the rights or powers of Lender with respect to this Security Instrument or the Property. All causes of action of Borrower, whether accrued before or after the date of this Security Instrument, for damage or injury to the Property or any part thereof, or in connection with any transaction financed in whole or in part by the proceeds of the Note or any other note secured by this Security Instrument, by Lender, or in connection with or affecting the Property or any part thereof, including causes of action arising in tort or contract and causes of

Page 4 of 10

Date: 08/18/03

action for fraud or concealment of a material fact, are, at Lender's option, assigned to Lender, and the proceeds thereof shall be paid directly to Lender who, after deducting therefrom all its expenses, including reasonable attorneys' fees, may apply such proceeds to the sums secured by this Security Instrument or to any deficiency under this Security Instrument or may release any monies so received by it or any part thereof, as Lender may elect. Lender may, at its option, appear in and prosecute in its own name any action or proceeding to enforce any such cause of action and may make any compromise or settlement thereof. Borrower agrees to execute such further assignments and any other instruments as from time to time may be necessary to effectuate the foregoing provisions and as Lender shall request.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate in effect from time to time and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Lender may apply, use or release the condemnation proceeds in the same manner as provided in paragraph 5 hereof with respect to insurance proceeds.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

Page 5 of 10

Date: 08/18/03

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower.

If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Page 6 of 10

Date:     08/18/03

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law. The holder of the Note and this Security Instrument shall be deemed to be the Lender hereunder.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all
necessary remedial actions in accordance with Environmental Law.

Borrower shall be solely responsible for, shall indemnify, defend and hold harmless Lender, its directors, officers, employees, attorneys, agents, and their respective successors and assigns, from and against any and all claims, demands, causes of action, loss, damage, cost (including actual attorneys' fees and court costs and costs of any required or necessary repair, cleanup or detoxification of the Property and the preparation and implementation of any closure, abatement, containment, remedial or other
(required plan), expenses and liability directly or indirectly arising out of or attributable to (a) the use, generation, storage, release, threatened release, discharge, disposal, abatement or presence of Hazardous Substances on, under or about the Property, (b) the transport to or from the Property of any Hazardous Substances, (c) the violation of any Hazardous Substances law, and (d) any Hazardous Substances claims.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances:  gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

ADDITIONAL COVENANTS. Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies. If any installment under the Note or notes secured hereby is not paid when due, or if Borrower should be in default under any provision of this Security Instrument, or if Borrower is in default under any other mortgage or other instrument secured by the Property, all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice, except as otherwise required by applicable law, and regardless of**

Page 7 of 10

Date:        08/18/03

any prior forbearance. In such event, Lender, at its option, and subject to applicable law, may then or thereafter invoke the power of sale and/or any other remedies or take any other actions permitted by applicable law. Lender will collect all expenses incurred in pursuing the remedies described in this Paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

22. **Release.**Upon payment of all sums secured by this Security Instrument, Lender shall release this property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for releasing the Property for services rendered if the charging of the fee is permitted under applicable law.

23. **Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

24. **Reinstatement Period.** Borrower's time to reinstate provided in paragraph 18 shall extend to one hour prior to the commencement of bidding at a sheriffs sale or other sale pursuant to this Security Instrument.

25. **Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

26. **Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

27. **Misrepresentation and Nondisclosure.** Borrower has made certain written representations and disclosures in order to induce Lender to make the loan evidenced by the Note or notes which this Security Instrument secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Lender, at its option and without prior notice or demand, shall have the right to declare the indebtedness secured by this Security Instrument, irrespective of the maturity date specified in the Note or notes secured by this Security Instrument, immediately due and payable.

28. **Time is of the Essence.** Time is of the essence in the performance of each provision of this Security Instrument.

29. **Waiver of Statute of Limitations.** The pleading of the statute of limitations as a defense to enforcement of this Security Instrument, or any and all obligations referred to herein or secured hereby, is hereby waived to the fullest extent permitted by applicable law.

30. **Modification.** This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender.

31. **Reimbursement.**To the extent permitted by applicable law, Borrower shall reimburse Trustee and Lender for any and all costs, fees and expenses which either may incur, expend or sustain in the execution of the trust created hereunder or in the performance of any act required or permitted hereunder or by law or in equity or otherwise arising out of or in connection with this Security Instrument, the Note, any other note secured by this Security Instrument or any other instrument executed by Borrower in connection with the Note and Security Instrument. To the extent permitted by applicable law, Borrower shall pay to Trustee and Lender their fees in connection with Trustee and Lender including, but not limited to assumption application fees; fees for payoff demands and, statements of loan balance; fees for making, transmitting and transporting copies of loan documents, verifications, full or partial lien releases and other documents requested by borrower or necessary for performance of Lender's rights or duties under this Security Instrument; fees arising from a returned or dishonored check; fees to determine whether the Property is occupied, protected, maintained or insured or related purposes; appraisal fees, inspection fees, legal fees, broker fees, insurance mid-term substitutions, repair expenses, foreclosure fees and costs arising from foreclosure of the Property and protection of the security for this Security Instrument; and all other

Page 8 of 10

Date: 08/18/03

fees and costs of a similar nature not otherwise prohibited by law.

permitted by applicable law, Borrower shall pay to Lender their fees in connection with Lender providing documents or services arising out of or in connection with this Security Instrument, the Note, any other note secured by this Security Instrument or any other instrument executed by Borrower in connection with the Note or Security Instrument.

**32. Clerical Error.** In the event Lender at any time discovers that the Note, any other note secured by this Security Instrument, the Security Instrument, or any other document or instrument executed in connection with the Security Instrument, Note or notes contains an error that was caused by a clerical mistake, calculation error, computer malfunction, printing error or similar error, Borrower agrees, upon notice from Lender, to reexecute any documents that are necessary to correct any such error(s). Borrower further agrees that Lender will not be liable to Borrower for any damages incurred by Borrower that are directly or indirectly caused by any such error.

**33. Lost Stolen, Destroyed or Mutilated Security Instrument and Other Documents.** In the event of the loss, theft or destruction of the Note, any other note secured by this Security Instrument, the Security Instrument or any other documents or instruments executed in connection with the Security Instrument, Note or notes (collectively, the "Loan Documents"), upon Borrower's receipt of an indemnification executed in favor of Borrower by Lender, or, in the event of the mutilation of any of the Loan Documents, upon Lender's surrender to Borrower of the mutilated Loan Document, Borrower shall execute and deliver to Lender a Loan Document in form and content identical to, and to serve as a replacement of, the lost, stolen, destroyed, or mutilated Loan document, and such replacement shall have the same force and effect as the lost, stolen, destroyed, or mutilated Loan Documents, and may be treated for all purposes as the original copy of such Loan Document.

**34. Assignment of Rents.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property. Borrower shall have the right to collect and retain the rents of the Property as they become due and payable provided Lender has not exercised its rights to require immediate payment in full of the sums secured by this Security instrument and Borrower has not abandoned the Property.

**35. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)]

| | | |
|---|---|---|
| ☒ Adjustable Rate Rider | ☐ Condominium Rider | ☐ 1-4 Family Rider |
| ☐ No Prepayment Penalty Option Rider | ☐ Planned Unit Development Rider | ☐ Occupancy Rider |
| ☐ Other(s) (specify) | | |

Page 9 of 10

100

Date: 08/18/03

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security
Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____                _____(Seal)
                                                                                          -Borrower

_____                _____(Seal)
                                                                                          -Borrower

_____(Seal)                   _____(Seal)
MICHAEL P CREEDON                -Borrower               REGINA A CREEDON                 -Borrower

_____(Seal)                   _____(Seal)
                                 -Borrower                                                -Borrower

**Certificate of Residence**

I, J. Jackson , do hereby certify that the correct address of

the within-named Mortgagee is

3 Ada, Irvine, CA  92618

Witness my hand this 18th day of August , 2003

_____
                          Agent of Mortgagee

**COMMONWEALTH OF PENNSYLVANIA,** Montgomery            **County ss:**

On this, the 18th day of August 2003, before me, the undersigned
officer, personally appeared Michael P. CREEDON And Regina A. CREEDON
known to me (or satisfactorily proven) to be the persons whose names are subscribed to the
within instrument and acknowledged that they executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires:

_____

NOTARIAL SEAL
BRIAN J SCHU, Notary Public
City of Philadelphia, Phila County
My Commission Expires April 22, 2006

_____
Title of Officer

Page 10 of 10

Date: 08/18/03

# ADJUSTABLE RATE RIDER
## (LIBOR Index - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made  August 18, 2003                                    ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Adjustable Rate Note (the "Note") to

    Option One Mortgage Corporation, a California Corporation

(the "Lender") of the same date and covering the property described in the Security Instrument and located
at:

               SALJON  MPC phl                  MPC

      4   SALJOHN COURT,  MAPLE GLENN, PA 19002-

                              [Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST
RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE
BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE
MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**The Note** provides for an initial interest rate of           7.790%                    . The
Note provides for changes in the interest rate and the monthly payments, as follows:

**4.      INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   **(A) Change Dates**
   The interest rate I will pay may change on the first day of   September 01  2005          ,
and on that day every sixth month thereafter. Each date on which my interest rate could change is called a
"Change Date."
   **(B) The Index**
   Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the
average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market
("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first
business day of the month immediately preceding the month in which the Change Date occurs is called the
"Current Index."
   If the Index is no longer available, the Note Holder will choose a new index that is based upon
comparable information. The Note Holder will give me notice of this choice.
   **(C) Calculation of Changes**
   Before each Change Date, the Note Holder will calculate my new interest rate by adding
    SIX                                       percentage point(s) ( 6.000%    )
to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth
of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will

**MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX - Single Family**
Page 1 of 3

Date:  08/18/03

be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.790% or less than 7.790% . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than 13.790% or less than 7.790% .

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Covenant 17 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX-Single Family**
Page 2 of 3

Date: 08/18/03

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)
MICHAEL P CREEDON

_____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)
REGINA A CREEDON

_____ (Seal)

**MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX-Single Family**
Page 3 of 3



ALL THAT CERTAIN lot or piece of ground Situate in the Township of Upper Dublin, County of Montgomery and Commonwealth of Pennsylvania, bounded and described according to a Plan of Subdivision prepared for Sal Paone by Chambers Associates, Consulting Engineers and Surveyors, dated 8/5/86 and last revised 4/3/87 in Plan Book A48 page 234 as follows, to wit:

BEGINNING at a point on the Northeast side of Saljon Court (50 feet wide) said point being located along Saljon Court the four following courses from the Southernmost terminus of a round corner connecting the Northeast side of Saljon Court with the Northwest side of Shalimar Lane (50 feet wide) viz: (1) on the arc of a circle curving to the right having a radius of 25.00 feet the arc distance of 30.33 feet to a point of reverse curve, (2) on the arc of a circle curving to the left having a radius of 225.00 feet the arc distance of 150.26 feet to a point of reverse curve, (3) on the arc of a circle curving to the right having a radius of 25.00 feet the arc distance of 30.51 feet to a point of reverse curve, (4) on the arc of a circle curving to the left having a radius of 50.00 feet the arc distance of 70.14 feet to a point, a corner of Lot No. 3 and place of beginning; thence continuing along the Northeasterly to Northwesterly side of Saljon Court cul-de-sac on the arc of a circle curving to the left having a radius of 50.00 feet the arc distance of 61.39 feet to a point, a corner of Lot No. 5; thence along and around Lot No. 5 the two following courses and distances viz: (1) North 47 degrees, 59 minutes, 00 seconds West 150.91 feet, (2) North 42 degrees, 01 minutes, 00 seconds East 148.00 feet to a point, a corner in line of Marple Manor Swim Club; thence along Marple Manor Swim Club South 47 degrees, 59 minutes, 00 seconds East 185.00 feet to a point, a corner of Lot No. 3; thence along Lot No. 3 South 42 degrees, 01 minutes, 00 seconds West 101.56 feet to a point on the Northeasterly side of Saljon Court cul-de-sac and first mentioned point and place of beginning.

BEING Lot No. 4 on said plan.

BEING No. 4 Saljon Court.

BEING COUNTY TAX PARCEL NUMBER ███████████████

BEING the same premises which M.L.S.C. Inc., a Pennsylvania Corp. by Indenture bearing date the 17th day of June A.D. 1988 and recorded in the Office of the Recorder of Deeds, in and for the County of Montgomery at Norristown, Pennsylvania on the 28th day of June A.D. 1988 in Deed Book 4877 page 1534 &c., granted and conveyed unto Michael P. Creedon and Regina A. Creedon, his wife, their heirs and assigns, in fee.

**SCHEDULE C**
ALTA Commitment
Reorder Form No ███████████



VESTA LAND TRANSFER
WOODCREST CORPORATE CENTER
111 WOODCREST ROAD
Trailing
Legal/Rec
CHERRY HILL, NJ 08003

MOR BK11531-1441

AS-ASSIGNMENTS

07/25/2005 03 20 06 PM 1

RCD FEE $35 50

MONTGOMERY
COUNTY ROD

NANCY BECKER ROD

WHEN RECORDED MAIL TO:
Option One Mortgage Corporation
3 Ada, Irvine, CA 92618
ATTN: QUALITY CONTROL

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
UPPER DUBLIN
4 SALJON CT
CREEDON MICHAEL P & ...

DATE: 07/25/05

[Space Above This Line ]

## ASSIGNMENT OF MORTGAGE

COMMONWEALTH OF PENNSYLVANIA,
Montgomery COUNTY,      }

FOR VALUE RECEIVED, the undersigned

OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION

does hereby grant, bargain, sell, convey, assign and deliver unto

Wells Fargo Bank, N.A., as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6
Asset Backed Pass-Through Certificates, Series 2003-HE6

Whose address is: 1015 10th Ave. S.E., MS 0031 Minneapolis MN 55414
that certain Mortgage executed by MICHAEL P CREEDON AND REGINA A CREEDON

(Mortgagor)

to the undersigned, which Mortgage is recorded in the office of the Recorder of Deeds of Montgomery
County of Pennsylvania, in Book    10815          , and Page 0970
and as Instrument No.    2003603518                           , together with the debt thereby
secured and the note therein described and all right, title, and interest of the undersigned in and to the land and property conveyed
by said Mortgage, said premises being situated in   MAPLE GLEN          County of  Montgomery
, Pennsylvania, and known as: 4 SALJON CT  MAPLE GLEN, PA 19002
Mortgage Amount: $400,000.00         DESCRIBED ON MORTGAGE REFERRED TO HEREIN
Prior Assignments:

Original Mortgagee:  Option One Mortgage Corporation, A California Corporation
Dated: 8/18/2003  Recorded:  10/9/2003

Location of Property: Township, borough, municipality or ward # (indicate which):

City:  MAPLE GLEN                  State of Pennsylvania

IN WITNESS WHEREOF, the undersigned has caused this instrument to be executed in its name by its duly authorized
officer, on the      8th    day of  July, 2005.
To have and to hold unto OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION    , its
successors and assigns forever.

ATTEST:

OPTION ONE MORTGAGE CORPORATION,
a California Corporation

By:

Adam Elmahrek

Tracy M. Solomon          , Assistant Secretary

[Space Below This Line For Acknowledgment]

──────────── [Space Below This Line For Acknowledgment] ────────────

Commonwealth / State of California, County of _____ Orange _____ }SS:

On _July 8 , 2005_____ before me, the undersigned, a Notary Public

in and for said State, personally appeared _ Tracy Solomon, Assistant Secretary_

Option One Mortgage Corporation, A California Corporation

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. Witness my hand and official seal.

(Reserved for official seal)

M. MORADSHAHI
Commission #
Notary Public - California
Orange County
My Comm. Expires May 29, 2009

Signature _____

Notary   M. Moradshahi

Name (typed or printed)

My commission expires: _May 29, 2009_


# Certificate of the Precise address of the assignee

Option One Mortgage Corporation, A California Corporation
3 Ada
Irvine, CA 92618


This certifies that the precise address of the Assignee,



is:   1015 10th Ave. SE MS0031, Minneapolis, MN 55414


By:_____

Tracy M. Solomon ,   Assistant Secretary


**Pennsylvania Assignment of Mortgage**          Page 1 of 1

ALL THAT CERTAIN LOT OR PIECE OF GROUND SITUATE IN THE TOWNSHIP OF
UPPER DUBLIN, COUNTY OF MONTGOMERY AND COMMONWEALTH OF
PENNSYLVANIA, BOUNDED AND DESCRIBED ACCORDING TO A PLAN OF
SUBDIVISION PREPARED FOR SAL PAONE BY CHAMBERS ASSOCIATES,
CONSULTING ENGINEERS AND SURVEYORS, DATED 8/5/86 AND LAST REVISED
4/3/87 IN PLAN BOOK A 48 PAGE 234 AS FOLLOWS TO WIT:

BEGINNING AT A POINT ON THE NORTHEAST SIDE OF SALJON COURT (50
FEET WIDE) SAID POINT BEING LOCATED ALONG SALJON COURT THE FOUR
FOLLOWING COURSES FROM THE SOUTHERNMOST TERMINUS OF A ROUND CORNER
CONNECTING THE NORTHEAST SIDE OF SALJON COURT WITH THE NORTHWEST
SIDE OF SHALIMAR LANE (50 FEET WIDE) VIZ: (1) ON THE ARC OF A
CIRCLE CURVING TO THE RIGHT HAVING A RADIUS OF 25.00 FEET THE ARC
DISTANCE OF 30.33 FEET TO A POINT OF REVERSE CURVE (2) ON THE ARC
OF A CIRCLE CURVING TO THE LEFT HAVING A RADIUS OF 225.00 FEET THE
ARC DISTANCE OF 150.26 FEET TO A POINT OF REVERSE CURVE (3) ON THE
ARC OF A CIRCLE CURVING TO THE RIGHT HAVING A RADIUS OF 25.00 FEET
THE ARC DISTANCE OF 30.51 FEET TO A POINT OF REVERSE CURVE (4) ON
THE ARC OF A CIRCLE CURVING TO THE LEFT HAVING A RADIUS OF 50.00
FEET THE ARC DISTANCE OF 70.14 FEET TO A POINT A CORNER OF LOT NO.
3 AND PLACE OF BEGINNING; THENCE CONTINUING ALONG THE
NORTHEASTERLY TO NORTHWESTERLY SIDE OF SALJON COURT CUL-DE-SAC ON
THE ARC OF A CIRCLE CURVING TO THE LEFT HAVING A RADIUS OF 50.00
FEET THE ARC DISTANCE OF 61.39 FEET TO A POINT A CORNER OF LOT NO.
5; THENCE ALONG AND AROUND LOT NO. 5 THE TWO FOLLOWING COURSES AND
DISTANCES VIZ: (1) NORTH 47 DEGREES 59 MINUTES  00 SECONDS WEST
150.91 FEET (2) NORTH 42 DEGREES 01 MINUTES 00 SECONDS EAST 148.00
FEET TO A POINT A CORNER IN LINE OF MARPLE MANOR SWIM CLUB; THENCE
ALONG MARPLE MANOR SWIM CLUB SOUTH 47 DEGREES 59 MINUTES 00
SECONDS EAST 185.00 FEET TO A POINT A CORNER OF LOT NO. 3; THENCE
ALONG LOT NO. 3; SOUTH 42 DEGREES 01 MINUTES 00 SECONDS WEST
101.56 FEET TO A POINT ON THE NORTHEASTERLY SIDE OF SALJON COURT
CUL-DE-SAC AND FIRST MENTIONED POINT AND PLACE OF BEGINNING.

BEING LOT NO. 4 ON SAID PLAN.

COUNTY PARCEL NUMBER █████████████



# United States Bankruptcy Court
# Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>Michael Patrick Creedon,<br>Regina Anne Creedon,<br><br>Debtors. | Case No. 23-12202-pmm<br><br>Chapter 13<br><br>Related to ECF No. 27 |

### Debtors' Objection to Motion for Relief from Stay filed by Wells Fargo Bank, National Association

**AND NOW,** Debtors Michael Patrick Creedon and Regina Anne Creedon, by and through their attorney, hereby object to the Motion for Relief from Stay filed by Wells Fargo Bank, National Association. Because the purported arrearage that gave rise to the Motion can be timely paid directly or through the chapter 13 plan, no grounds for relief exist and the Motion must be denied.

**NOW, THEREFORE,** the Debtors ask this Court to deny the Motion in the form of order attached and to grant such other and further relief in their favor as may be necessary and proper under the law.

Date: November 30, 2023

CIBIK LAW, P.C.
*Counsel for Debtors*

By: */s/ Michael A. Cibik*
Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com

### Certificate of Service

I certify that on this date I caused a true and correct copy of the Debtors' Objection to Motion for Relief from Stay filed by Wells Fargo Bank, National Association to be served on all parties on the clerk's service list through the CM/ECF system.

Date: November 30, 2023

*/s/ Michael A. Cibik*
Michael A. Cibik

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Case No. 23-12202-pmm |
| Michael Patrick Creedon, Regina Anne Creedon, | Chapter 13 |
| Debtors. | Related to ECF No. 27 |

**Order Denying Motion for Relief from Stay**
**filed by Wells Fargo Bank, National Association**

    **AND NOW**, upon consideration of the Motion for Relief from Stay filed by Wells Fargo Bank, National Association, and the Debtors' objection thereto, and after notice and hearing, it is hereby **ORDERED** that the Motion is **DENIED**.

Date:

_____
Patricia M. Mayer
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In Re:                                          Chapter 13

    MICHAEL  PATRICK CREEDON
    REGINA  ANNE CREEDON             Bankruptcy No. 23-12202-PMM

               Debtors

TRUSTEE'S MOTION TO DISMISS PURSUANT TO 11 U.S.C. SECTION 1307

To the Honorable Judges of the United States Bankruptcy Court for the Eastern District of
Pennsylvania:

1.      Your Movant is Kenneth E. West, Esq. the duly qualified and acting Chapter 13 Trustee in
the above-captioned case.

2.      The within case was commenced by the filing of a Chapter 13 petition on 07/25/2023.

3.      This Motion to Dismiss has been filed for the following reason(s):

- There has been unreasonable delay by debtor(s) that is prejudicial to creditors
  pursuant to 11 U.S.C. Section 1307(c)(1) by failing to propose an adequately funded
  plan, in that the total filed proofs of claim which are to be paid through the plan
  exceed the value of the proposed plan.

     WHEREFORE, Kenneth E. West, Esq., Standing Chapter 13 Trustee,  requests that the
Court, after a hearing, enter an Order dismissing this case.

Date: 12/19/2023                          Respectfully submitted,

                                  */s/ Kenneth E. West, Esq.*
                                  Kenneth E. West, Esq.
                                  Standing Chapter 13 Trustee
                                  P.O. Box 40837
                                  Philadelphia, PA  19107
                                  Telephone: (215) 627-1377

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In Re:                                                  |    Chapter 13
    MICHAEL  PATRICK CREEDON               |
    REGINA  ANNE CREEDON                    |    Bankruptcy No. 23-12202-PMM
             Debtors      |

## ORDER

**AND NOW**, upon consideration of the Motion to Dismiss Case filed by Kenneth E. West, Esq., Standing Trustee, and after notice and hearing, it is hereby **ORDERED** that this case is **DISMISSED** and that any wage orders previously entered are **VACATED**.

**IT IS FURTHER ORDERED** if the case has been confirmed and the Trustee is holding funds, any undisbursed funds held by the Chapter 13 Trustee from payments made on account of the Debtor(s)' plan shall be refunded to the Debtor(s) unless a party in interest files a Motion for Alternative Disbursement within 21 days of the entry of this Order.

_____
Honorable Patricia M. Mayer
Bankruptcy Judge

112

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| In Re: | Chapter 13 |
|---|---|
| MICHAEL  PATRICK CREEDON | |
| REGINA  ANNE CREEDON | Bankruptcy No. 23-12202-PMM |
| Debtors | |

<u>CERTIFICATE OF SERVICE</u>

I, Vikki Wilson, do hereby certify that true and correct copies of the foregoing *Trustee's Motion to Dismiss Pursuant to 11 U.S.C. Section 1307* and *Notice of  Motion, Response Deadline and Hearing Date Pursuant to Local Bankruptcy Rule 9014-3* have been served this 19th day of December, 2023 by first class mail upon those listed below:

MICHAEL  PATRICK CREEDON
REGINA  ANNE CREEDON
4 SALJON CT.
MAPLE GLEN, PA  19002

**Electronically via ECF/System ONLY:**

MICHAEL A CIBIK, ESQ

Office of the United States Trustee
Robert N.C. Nix Federal Courthouse
900 Market Street, Suite 320
Philadelphia, PA  19107

/s/ Kenneth E. West, Esq.
_____
Kenneth E. West, Esq.
Standing Chapter 13 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>MICHAEL PATRICK CREEDON<br>REGINA ANNE CREEDON<br>  Debtors | Case No. 23-12202-pmm |
| Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6,<br>  Movant | Chapter 13 |
| vs.<br>MICHAEL PATRICK CREEDON<br>REGINA ANNE CREEDON<br>  Respondents | 11 U.S.C. §362 |

## STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6, and Michael A. Cibik, Esquire, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 4 Saljon Ct, Maple Glen, PA 19002, mortgage account ending with "7780".

3. The parties agree that the total post-petition arrearage consists of three (3) monthly payments for the months of October, 2023 through December, 2023 at $3,360.78 each, legal fees in the amount of $1,050.00, court costs in the amount of $188.00, less suspense in the amount of $3,322.80, resulting in the total post-petition arrearage amount of $7,997.54.

4. Within ten (10) days from the date that this stipulation is approved by the Court, Debtors agree to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of $7,997.54. The parties agree that the Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a

supplement to the filed Proof of Claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

5.    The parties agree that the allowed total secured claim of Movant for pre-petition arrearages in the amount of $231,112.69 and aforementioned post-petition delinquency in the amount of $7,997.54 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 Plan is $239,110.23.

6.    Debtors agree to remain current post-petition from this day forward. Beginning January 1, 2024 in the amount of $3,360.78, all subsequent monthly payments and any late charges, shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to **PHH MORTGAGE CORPORATION, PHH MORTGAGE SERVICES, P.O. BOX 24781 // ATTN: SV 19, WEST PALM BEACH, FL 33416.**

7.    If Debtors provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

8.    Should the Debtors fail to amend the Chapter 13 Plan within ten (10) days from the date this Stipulation is approved by the Court, or fails to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, whichever failure occurs first, the Movant may send Debtors and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, waiving FED. R. Bankr. P. 3002.1 and waiving Bankruptcy Rule 4001(a)(3) so that the Relief Order is immediately effective and enforceable.

9.    In the event the Debtors converts this case to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, and waiving Rule 4001(a)(3) so that the Relief Order is immediately effective and enforceable.

10.    Debtors' tendering of a check to PHH Mortgage Corporation, which is subsequently returned due to insufficient funds in the account upon which the

check is drawn, shall not constitute payment as the term is used in this
Stipulation.

11.     The parties stipulate that Movant shall be permitted to communicate with the
Debtors and Debtors' Counsel to the extent necessary to comply with applicable
non-bankruptcy law.

12.     The parties agree that a facsimile signature shall be considered an original
signature.


Dated: December 14, 2023                    /s/ Andrew Spivack
                                            Andrew Spivack, Esquire
                                            Attorney for Movant


                                            _____
                                            MICHAEL A. CIBIK, Esquire
                                            Attorney for Debtors




                                            /s/ Jack Miller, Esquire
                                            KENNETH E. WEST, Esquire
                                            Trustee
                                            **no objection to its terms, without
                                            prejudice to any of our rights and
                                            remedies

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>MICHAEL PATRICK CREEDON<br>REGINA ANNE CREEDON<br>    Debtors | Case No. 23-12202-pmm |
| Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6,<br>    Movant | Chapter 13 |
| vs.<br>MICHAEL PATRICK CREEDON<br>REGINA ANNE CREEDON<br>    Respondents | 11 U.S.C. §362 |

## ORDER

**AND NOW**, this _____ day of _____, 2023, it is hereby **ORDERED** that the corresponding Stipulation is hereby approved, shall be, and is hereby made an Order of this Court.

_____
Honorable Patricia M. Mayer
United States Bankruptcy Judge

117

**L.B.F. 3015.1**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

In re:     Creedon, Michael Patrick                Chapter     13

           Creedon, Regina Anne                    Case No.     23-12202-pmm

           Debtor(s)

# Chapter 13 Plan

☐ Original
☑ First _____ Amended

Date: _____ 01/23/2024 _____

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

| **Part 1:** | **Bankruptcy Rule 3015.1(c) Disclosures** |
|---|---|

☐ Plan contains non-standard or additional provisions – see Part 9

☐ Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

| **Part 2:** | **Plan Payment, Length and Distribution – *PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE*** |
|---|---|

**§ 2(a) Plan payments (For Initial and Amended Plans):**

**Total Length of Plan:** _____ 60 _____ months.

**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") _____ $276,400.00 _____
Debtor shall pay the Trustee _____ per month for _____ months and then
Debtor shall pay the Trustee _____ per month for the remaining _____ months;

**or**

Debtor shall have already paid the Trustee _____ $19,900.00 _____ through month number _____ 6 _____ and
then shall pay the Trustee _____ $4,750.00 _____ per month for the remaining _____ 54 _____ months.

1

118

☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):**

**§ 2(c) Alternative treatment of secured claims:**

☑ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

**§ 2(e) Estimated Distribution:**

A.    Total Priority Claims (Part 3)

    1.    Unpaid attorney's fees      $     3,650.00

    2.    Unpaid attorney's costs      $     0.00

    3.    Other priority claims (e.g., priority taxes)      $     4,573.92

B.      Total distribution to cure defaults (§ 4(b))      $     237,563.05

C.      Total distribution on secured claims (§§ 4(c) &(d))      $     0.00

D.      Total distribution on general unsecured claims(Part 5)      $     1,143.81

     Subtotal      $     246,930.78

E.      Estimated Trustee's Commission      $     27,436.75

F.      Base Amount      $     276,400.00

**§2 (f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**

☐ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $ _____ , with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

| Part 3: | Priority Claims |
|---|---|

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise.**

| Creditor | Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| Cibik Law, P.C. | | Attorney Fees | $3,650.00 |
| Internal Revenue Service | 2 | Taxes or Penalties Owed to Governmental Units | $4,573.92 |

2

§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

☑ **None.** If "None" is checked, the rest of § 3(b) need not be completed.

## Part 4:    Secured Claims

§ 4(a) Secured Claims Receiving No Distribution from the Trustee:

☑ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

**§ 4(b) Curing default and maintaining payments**

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Claim Number | Description of Secured Property and Address, if real property | Amount to be Paid by Trustee |
|---|---|---|---|
| PHH Mortgage (Arrearage) | 1 | 4 Saljon Ct Maple Glen, PA 19002-3012 | $231,112.69 |
| PHH Mortgage (Arrearage) | 1 | 4 Saljon Ct Maple Glen, PA 19002-3012 | $6,450.36 |

**§ 4(c) Allowed secured claims to be paid in full: based on proof of claim or preconfirmation determination of the amount, extent or validity of the claim**

☑ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

**§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

☑ **None.** If "None" is checked, the rest of § 4(d) need not be completed.

**§ 4(e) Surrender**

☑ **None.** If "None" is checked, the rest of § 4(e) need not be completed.

**§ 4(f) Loan Modification**

☑ **None.** If "None" is checked, the rest of § 4(f) need not be completed.

(1) Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of _____ per month, which represents _____ (***describe basis of adequate protection payment***). Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by _____ (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 5:    General Unsecured Claims

**§ 5(a) Separately classified allowed unsecured non-priority claims**

☑ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

3

120

**§ 5(b) Timely filed unsecured non-priority claims**

*(1)* Liquidation Test *(check one box)*

☑ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $ _____ for purposes of § 1325(a)(4) and plan provides for distribution of $ _____ to allowed priority and unsecured general creditors.

**(2)** Funding: § 5(b) claims to be paid as follows *(check one box)*

☐ Pro rata

☑ 100%

☐ Other (Describe) _____

---

**Part 6:       Executory Contracts & Unexpired Leases**

☑ **None.** If "None" is checked, the rest of § 6 need not be completed.

---

**Part 7:       Other Provisions**

**§ 7(a) General principles applicable to the Plan**

*(1)* Vesting of Property of the Estate *(check one box)*

☑ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**§ 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

**§ 7(c) Sale of Real Property**

☑ **None.** If "None" is checked, the rest of § 7(c) need not be completed.

| **Part 8:** | **Order of Distribution** |

The order of distribution of Plan payments will be as follows:

**Level 1:** Trustee Commissions*
**Level 2:** Domestic Support Obligations
**Level 3:** Adequate Protection Payments
**Level 4:** Debtor's attorney's fees
**Level 5:** Priority claims, pro rata
**Level 6:** Secured claims, pro rata
**Level 7:** Specially classified unsecured claims
**Level 8:** General unsecured claims
**Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

*\*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

| **Part 9:** | **Non Standard or Additional Plan Provisions** |

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☑ **None.** If "None" is checked, the rest of Part 9 need not be completed.

| **Part 10:** | **Signatures** |

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.

Date:    01/23/2024                          /s/ Michael A. Cibik
                                             Michael A. Cibik
                                             Attorney for Debtor(s)


If Debtor(s) are unrepresented, they must sign below.


Date:                                        
                                             Michael Patrick Creedon
                                             Debtor

Date:                                        
                                             Regina Anne Creedon
                                             Joint Debtor

5

# United States Bankruptcy Court
## Eastern District of Pennsylvania

In re:

    Michael Patrick Creedon,
    Regina Anne Creedon,

              Debtors.

Case No. 23-12202-pmm

Chapter 13

### Certificate of Service

      I certify that on this date I served a true and correct copy of the Debtors' First Amended Chapter 13 Plan on the following parties by first class mail or through the CM/ECF system:

U.S. Trustee (CM/ECF)

Kenneth E. West (CM/ECF)

PHH Mortgage Corporation (CM/ECF)

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Date: January 23, 2024

Michael A. Cibik (#23110)
Cibik Law, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com

# United States Bankruptcy Court
# Eastern District of Pennsylvania

In re:

    Michael Patrick Creedon,
    Regina Anne Creedon,

          Debtors.

Case No. 23-12202-pmm

Chapter 13

### Pre-Confirmation Certification of Compliance with Post-Petition Obligations in Accordance With 11 U.S.C. § 1325(a)(8) and 1325(a)(9)

I hereby certify as follows in connection with the confirmation hearing in the above case:

1.    The above-named debtor(s) has/have paid all post-petition amounts that are required to be paid under any and all Domestic Support Obligations.

2.    The above-named debtor(s) has/have filed all applicable federal, state and local tax returns as required by 11 U.S.C. § 1308.

3.    If the confirmation hearing is postponed for any reason, and the information herein changes, counsel will provide an updated Certification to the chapter 13 trustee prior to any subsequent confirmation hearing.

4.    The debtor(s) was/were duly questioned about the statements in this certification and supplied answers consistent with this certification.

Date: January 23, 2024

CIBIK LAW, P.C.
*Counsel for Debtor*

By: _____
    Michael A. Cibik (#23110)
    1500 Walnut Street, Suite 900
    Philadelphia, PA 19102
    215-735-1060
    mail@cibiklaw.com

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Eastern District of Pennsylvania**

Case number **23-12202-pmm**
(if known)

Check if this is:

☑ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.

   ☑ Yes. **Does Debtor 2 live in a separate household?**

   ☑ No

   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☑ No

   ☐ Yes. Fill out this information for each dependent..............

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No.  ☐ Yes. |
   | _____ | _____ | ☐ No.  ☐ Yes. |
   | _____ | _____ | ☐ No.  ☐ Yes. |
   | _____ | _____ | ☐ No.  ☐ Yes. |
   | _____ | _____ | ☐ No.  ☐ Yes. |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No

   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|
| 4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | $2,954.00 |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a. | $0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $150.00 |
| 4d. Homeowner's association or condominium dues | 4d. | $0.00 |

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | |
|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | |
| | First Name | Middle Name | Last Name | Case number *(if known)*  23-12202-pmm |

|  | **Your expenses** |
|---|---|
| 5. **Additional mortgage payments for your residence,** such as home equity loans | 5. $0.00 |
| 6. **Utilities:** | |
| 6a. Electricity, heat, natural gas | 6a. $100.00 |
| 6b. Water, sewer, garbage collection | 6b. $50.00 |
| 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $50.00 |
| 6d. Other. Specify: _____ | 6d. $0.00 |
| 7. **Food and housekeeping supplies** | 7. $400.00 |
| 8. **Childcare and children's education costs** | 8. $0.00 |
| 9. **Clothing, laundry, and dry cleaning** | 9. $75.00 |
| 10. **Personal care products and services** | 10. $75.00 |
| 11. **Medical and dental expenses** | 11. $150.00 |
| 12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $242.00 |
| 13. **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $0.00 |
| 14. **Charitable contributions and religious donations** | 14. $0.00 |
| 15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | |
| 15a. Life insurance | 15a. $0.00 |
| 15b. Health insurance | 15b. $0.00 |
| 15c. Vehicle insurance | 15c. $0.00 |
| 15d. Other insurance. Specify: _____ | 15d. $0.00 |
| 16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. $0.00 |
| 17. **Installment or lease payments:** | |
| 17a. Car payments for Vehicle 1 | 17a. $0.00 |
| 17b. Car payments for Vehicle 2 | 17b. $0.00 |
| 17c. Other. Specify: _____ | 17c. $0.00 |
| 17d. Other. Specify: _____ | 17d. $0.00 |
| 18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $0.00 |
| 19. **Other payments you make to support others who do not live with you.** Specify: _____ | 19. $0.00 |
| 20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | |
| 20a. Mortgages on other property | 20a. $0.00 |
| 20b. Real estate taxes | 20b. $0.00 |
| 20c. Property, homeowner's, or renter's insurance | 20c. $0.00 |
| 20d. Maintenance, repair, and upkeep expenses | 20d. $0.00 |
| 20e. Homeowner's association or condominium dues | 20e. $0.00 |

| Debtor 1 | **Michael** | **Patrick** | **Creedon** | |
|---|---|---|---|---|
| Debtor 2 | **Regina** | **Anne** | **Creedon** | |
| | First Name | Middle Name | Last Name | Case number *(if known)* 23-12202-pmm |

| | | | |
|---|---|---|---|
| 21. | **Other.** Specify: _____ | 21. | + _____ $0.00 |
| 22. | **Calculate your monthly expenses.** | | |
| | 22a. Add lines 4 through 21. | 22a. | _____ $4,246.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | 22b. | _____ $0.00 |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | 22c. | _____ $4,246.00 |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 (your combined monthly income) from *Schedule I.* | 23a. | _____ $8,996.74 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | – _____ $4,246.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | _____ $4,750.74 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.

None

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Michael** | **Patrick** | **Creedon** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Regina** | **Anne** | **Creedon** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **Eastern District of Pennsylvania** | |
| Case number (if known) | **23-12202-pmm** | | |

☑ Check if this is an amended filing

## Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

**If two married people are filing together, both are equally responsible for supplying correct information.**

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X /s/ Michael Patrick Creedon
Michael Patrick Creedon, Debtor 1

X /s/ Regina Anne Creedon
Regina Anne Creedon, Debtor 2

Date 02/08/2024
MM/ DD/ YYYY

Date 02/08/2024
MM/ DD/ YYYY

**L.B.F. 3015.1**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

In re:    Creedon, Michael Patrick        Chapter    13

        Creedon, Regina Anne        Case No.    23-12202-pmm

        Debtor(s)

# Chapter 13 Plan

❏ Original
☑  Second  Amended

Date:    02/12/2024

## THE DEBTOR HAS FILED FOR RELIEF UNDER
## CHAPTER 13 OF THE BANKRUPTCY CODE

## YOUR RIGHTS WILL BE AFFECTED

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

## IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
## MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
## NOTICE OF MEETING OF CREDITORS.

| Part 1: | Bankruptcy Rule 3015.1(c) Disclosures |
|---|---|

❏ Plan contains non-standard or additional provisions – see Part 9

❏ Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

❏ Plan avoids a security interest or lien – see Part 4 and/or Part 9

| Part 2: | Plan Payment, Length and Distribution – *PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE* |
|---|---|

**§ 2(a) Plan payments (For Initial and Amended Plans):**

**Total Length of Plan:**   60   **months.**

**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee")   $276,950.00

Debtor shall pay the Trustee _____ per month for _____ months and then

Debtor shall pay the Trustee _____ per month for the remaining _____ months;

**or**

Debtor shall have already paid the Trustee   $19,900.00   through month number   7   and

then shall pay the Trustee   $4,850.00   per month for the remaining   53   months.

1

☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):**

**§ 2(c) Alternative treatment of secured claims:**

☑ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

**§ 2(e) Estimated Distribution:**

| | | |
|---|---|---|
| A. | Total Priority Claims (Part 3) | |
| | 1.  Unpaid attorney's fees | $ 3,650.00 |
| | 2.  Unpaid attorney's costs | $ 0.00 |
| | 3.  Other priority claims (e.g., priority taxes) | $ 4,573.92 |
| B. | Total distribution to cure defaults (§ 4(b)) | $ 239,110.23 |
| C. | Total distribution on secured claims (§§ 4(c) &(d)) | $ 0.00 |
| D. | Total distribution on general unsecured claims(Part 5) | $ 129.85 |
| | Subtotal | $ 247,334.15 |
| E. | Estimated Trustee's Commission | $ 29,615.85 |
| F. | Base Amount | $ 276,950.00 |

**§2 (f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**

☑ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $ 5,725.00 , with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

| Part 3: | Priority Claims |
|---|---|

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise.**

| Creditor | Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| Cibik Law, P.C. | | Attorney Fees | $3,650.00 |
| Internal Revenue Service | 2 | Taxes or Penalties Owed to Governmental Units | $4,573.92 |

2

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☑ **None.** If "None" is checked, the rest of § 3(b) need not be completed.

| Part 4: | Secured Claims |
|---|---|

**§ 4(a) Secured Claims Receiving No Distribution from the Trustee:**

☑ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

**§ 4(b) Curing default and maintaining payments**

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Claim Number | Description of Secured Property and Address, if real property | Amount to be Paid by Trustee |
|---|---|---|---|
| PHH Mortgage (Arrearage) | 1 | 4 Saljon Ct Maple Glen, PA 19002-3012 | $231,112.69 |
| PHH Mortgage (Arrearage) | 1 | 4 Saljon Ct Maple Glen, PA 19002-3012 | $7,997.54 |

**§ 4(c) Allowed secured claims to be paid in full: based on proof of claim or preconfirmation determination of the amount, extent or validity of the claim**

☑ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

**§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

☑ **None.** If "None" is checked, the rest of § 4(d) need not be completed.

**§ 4(e) Surrender**

☑ **None.** If "None" is checked, the rest of § 4(e) need not be completed.

**§ 4(f) Loan Modification**

☑ **None.** If "None" is checked, the rest of § 4(f) need not be completed.

(1) Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of _____ per month, which represents _____ (***describe basis of adequate protection payment***). Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by _____ (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

| Part 5: | General Unsecured Claims |
|---|---|

**§ 5(a) Separately classified allowed unsecured non-priority claims**

☑ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

3

131

**§ 5(b) Timely filed unsecured non-priority claims**

*(1)* Liquidation Test *(check one box)*

☑ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $ _____ for purposes of § 1325(a)(4) and plan provides for distribution of $ _____ to allowed priority and unsecured general creditors.

**(2)** Funding: § 5(b) claims to be paid as follows *(check one box)*

☐ Pro rata

☑ 100%

☐ Other (Describe) _____

| Part 6: | Executory Contracts & Unexpired Leases |
|---|---|

☑ **None.** If "None" is checked, the rest of § 6 need not be completed.

| Part 7: | Other Provisions |
|---|---|

**§ 7(a) General principles applicable to the Plan**

*(1)* Vesting of Property of the Estate *(check one box)*

☑ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**§ 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

**§ 7(c) Sale of Real Property**

☑ **None.** If "None" is checked, the rest of § 7(c) need not be completed.

4

132

**Part 8:    Order of Distribution**

**The order of distribution of Plan payments will be as follows:**

        **Level 1:** Trustee Commissions*
        **Level 2:** Domestic Support Obligations
        **Level 3:** Adequate Protection Payments
        **Level 4:** Debtor's attorney's fees
        **Level 5:** Priority claims, pro rata
        **Level 6:** Secured claims, pro rata
        **Level 7:** Specially classified unsecured claims
        **Level 8:** General unsecured claims
        **Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

***Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.***

**Part 9:    Non Standard or Additional Plan Provisions**

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☑ **None.** If "None" is checked, the rest of Part 9 need not be completed.

**Part 10:    Signatures**

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.


Date:        02/12/2024                        /s/ Michael A. Cibik
                                             Michael A. Cibik
                                             Attorney for Debtor(s)


If Debtor(s) are unrepresented, they must sign below.


Date:

                                             Michael Patrick Creedon
                                           Debtor

Date:

                                             Regina Anne Creedon
                                           Joint Debtor

# United States Bankruptcy Court
# Eastern District of Pennsylvania

In re:

    Michael Patrick Creedon,
    Regina Anne Creedon,

             Debtors.

Case No. 23-12202-pmm

Chapter 13

## Certificate of Service

I certify that on this date I served a true and correct copy of the Debtors' Second Amended Chapter 13 Plan on the following parties by first class mail or through the CM/ECF system:

U.S. Trustee (CM/ECF)

Kenneth E. West (CM/ECF)

PHH Mortgage Corporation (CM/ECF)

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Date: February 12, 2024

Michael A. Cibik (#23110)
Cibik Law, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### *Philadelphia Division*

| | |
|---|---|
| IN RE:<br>MICHAEL PATRICK CREEDON AND REGINA ANNE CREEDON | Case No. 23-12202-pmm |
| | Chapter 13 |
| Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6,<br>    Movant | |
| vs. | |
| MICHAEL PATRICK CREEDON AND REGINA ANNE CREEDON,<br>    Debtors | |

## WITHDRAWAL OF OBJECTION TO CONFIRMATION OF PLAN

Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6 ("Movant"), by and through its legal counsel, hereby withdraws its Objection To Confirmation Of Plan filed on August 23, 2023, Doc # 19.

This 12th day of February, 2024.

*/s/Mario Hanyon*
Andrew Spivack, PA Bar No. 84439
Matthew Fissel, PA Bar No. 314567
Mario Hanyon, PA Bar No. 203993
Ryan Starks, PA Bar No. 330002
Jay Jones, PA Bar No. 86657
Attorney for Creditor
BROCK & SCOTT, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
Telephone: (844) 856-6646

Facsimile: (704) 369-0760
E-Mail: PABKR@brockandscott.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
*Philadelphia Division*

| | |
|---|---|
| IN RE:<br>MICHAEL PATRICK CREEDON AND REGINA ANNE CREEDON | Case No. 23-12202-pmm |
| Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2003-HE6, Asset Backed Pass-Through Certificates, Series 2003-HE6,<br>        Movant<br><br>vs.<br><br>MICHAEL PATRICK CREEDON AND REGINA ANNE CREEDON,<br>        Debtors | Chapter 13 |

## CERTIFICATE OF SERVICE

        I, the undersigned, hereby certify that a true and exact copy of the foregoing Withdrawal of Objection to Confirmation of Plan has been electronically served or mailed, postage prepaid on this day to the following:

Via Electronic Notice:

MICHAEL A. CIBIK, Debtor's Attorney
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
help@cibiklaw.com


KENNETH E. WEST, Bankruptcy Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107

Office of United States Trustee, US Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107

137

Via First Class Mail:

MICHAEL PATRICK CREEDON
4 SALJON COURT
MAPLE GLEN, PA 19002-3012

REGINA ANNE CREEDON
4 SALJON COURT
MAPLE GLEN, PA 19002-3012

Date: February 13, 2024

*/s/Mario Hanyon*
Andrew Spivack, PA Bar No. 84439
Matthew Fissel, PA Bar No. 314567
Mario Hanyon, PA Bar No. 203993
Ryan Starks, PA Bar No. 330002
Jay Jones, PA Bar No. 86657
Attorney for Creditor
BROCK & SCOTT, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
Telephone: (844) 856-6646
Facsimile: (704) 369-0760
E-Mail: PABKR@brockandscott.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | **:** | **Chapter 13** |
| | **:** | |
| **MICHAEL P. CREEDON** | | |
| **REGINA A. CREEDON** | **:** | **Case No. 23-12202 (PMM)** |
| **Debtor(s)** | **:** | |

## O R D E R

     **AND NOW,** after notice and hearing, and, as discussed in open court at the hearing

held in this matter on March 26, 2024,

     It is hereby **ORDERED** that confirmation of Debtor's Chapter 13 Plan is **DENIED**.


*Patricia M. Mayer*

Date: 3/26/2024          _____
                               **HON. PATRICIA M. MAYER**
                               **U.S. BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In Re:                                          Chapter 13

    MICHAEL  PATRICK CREEDON
    REGINA  ANNE CREEDON                Bankruptcy No. 23-12202-PMM

           Debtors

<u>TRUSTEE'S AMENDED MOTION TO DISMISS PURSUANT TO 11 U.S.C. SECTION 1307</u>

To the Honorable Judges of the United States Bankruptcy Court for the Eastern District of
Pennsylvania:

1.      Your Movant is Kenneth E. West, Esq. the duly qualified and acting Chapter 13 Trustee in
the above-captioned case.

2.      The within case was commenced by the filing of a Chapter 13 petition on 07/25/2023.

3.      This Motion to Dismiss has been filed for the following reason(s):

- There has been unreasonable delay by debtor(s) that is prejudicial to creditors
pursuant to 11 U.S.C. Section 1307(c)(1).

- Debtor(s) has/have failed to commence or continue making timely payments to the
trustee as required by 11 U.S.C. Section 1326.

      WHEREFORE, Kenneth E. West, Esq., Standing Chapter 13 Trustee,  requests that the
Court, after a hearing, enter an Order dismissing this case.

Date: 03/26/2024                          Respectfully submitted,

                                   */s/ Kenneth E. West, Esq.*
                                   Kenneth E. West, Esq.
                                   Standing Chapter 13 Trusteee
                                   P.O. Box 40837
                                   Philadelphia, PA  19107
                                   Telephone: (215) 627-1377

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | Chapter 13 |
|     MICHAEL  PATRICK CREEDON | |
|     REGINA  ANNE CREEDON | Bankruptcy No. 23-12202-PMM |
|              Debtors | |

<u>ORDER</u>

**AND NOW**, upon consideration of the Motion to Dismiss Case filed by Kenneth E. West, Esq., Standing Trustee, and after notice and hearing, it is hereby **ORDERED** that this case is **DISMISSED** and that any wage orders previously entered are **VACATED**.

**IT IS FURTHER ORDERED** <u>if</u> the case has been confirmed <u>and</u> the Trustee is holding funds, any undisbursed funds held by the Chapter 13 Trustee from payments made on account of the Debtor(s)' plan shall be refunded to the Debtor(s) unless a party in interest files a Motion for Alternative Disbursement within 21 days of the entry of this Order.


_____
Honorable Patricia M. Mayer
Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                          Case No. 23-12202-pmm

    Michael Patrick Creedon,              Chapter 13
    Regina Anne Creedon,

                Debtors.

### ORDER DISMISSING CHAPTER 13 CASE AND SETTING DEADLINE FOR APPLICATIONS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES

      **AND NOW**, upon consideration of the Motion to Dismiss Case filed by Kenneth E. West, Standing Trustee ("the Trustee"), and after notice and hearing, it is hereby **ORDERED** that:

1. This chapter 13 bankruptcy case is **DISMISSED**.

2. Any wage orders previously entered are **VACATED**.

3. Pursuant to 11 U.S.C. §349(b)(3), the undistributed chapter 13 plan payments in the possession of the Trustee shall not revest in the entity in which such property was vested immediately before the commencement of the case. All other property of the estate shall revest pursuant to 11 U.S.C. §349(b)(3).

4. All applications for allowance of administrative expenses (including applications for allowance of professional fees) shall be filed within fourteen (14) days of the entry of this Order.

5. **Promptly after the expiration of the response period for any application authorized by Paragraph 4 above, Counsel for the Debtor shall file either:**

   a. a Certification of No Response confirming that neither an objection to the proposed compensation nor an application for administrative expense has been filed; or

   b. a Certification that an objection or an application has been filed (after which the Clerk shall schedule a hearing on all such applications).

6. If no Certification, as required above in Paragraph 5 has been entered on the docket within sixty-three (63) days of the entry of this Order, then the Standing Trustee shall: (a) if any applications for administrative expenses other than Debtor(s)' Counsel's have been filed, request a hearing thereon or (b) if no such applications have been filed, return the undistributed chapter 13 plan payments in his possession to Debtor(s) pursuant to 11 U.S.C. §1326(a)(2).

Date: **May 7, 2024**

                       _____
                       Patricia M. Mayer
                       U.S. Bankruptcy Judge

142

| **Information to identify the case:** |
| --- |
| Debtor 1    <u>Michael Patrick Creedon</u> |
| Debtor 2    <u>Regina Anne Creedon</u> |
| U.S. Bankruptcy Court for the Eastern District of Pennsylvania |
| Case Number  <u>23-12202-pmm</u>          Chapter 13 |

☐ Check if this is an amended filing

## Application for Compensation and Reimbursement of Expenses

The Applicant below is filing this application with the court for payment of fees and expenses in association with this bankruptcy case.

### Part 1    Notice

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case (if you do not have an attorney, you may wish to consult one).**

If you do not want the court to grant this Application, you or your attorney must file an objection to the Application on or before the Objection Deadline. If you are required to file documents electronically by Local Bankruptcy Rule 5005-1, you must file your response electronically. Otherwise, you must file your objection at the Clerk's office at the U.S. Bankruptcy Court, 900 Market Street, Suite 400, Philadelphia, PA 19107.

If you mail your objection to the Clerk, you must do so early enough that it will be received on or before the Objection Deadline. If you or your attorney do not take these steps, the court may decide that you do not oppose the application and may enter an order granting the Application without further notice or hearing.

Objection Deadline:        <u>June 4, 2024</u>

### Part 2    Applicant and Application Information

| | |
| --- | --- |
| Applicant: | <u>Michael I. Assad (#330937)</u> |
| Applicant Firm: | <u>Cibik Law, P.C.</u> |
| Applicant's Email: | <u>help@cibiklaw.com</u> |
| Applicant's Phone: | <u>215-735-1060</u> |
| Applicant's Address: | <u>1500 Walnut Street, Suite 900</u> |
| | <u>Philadelphia, PA 19102</u> |
| Applicant Type: | <u>Attorney for Debtor</u> |
| Application Period: | <u>07/15/2023 to 21/05/2024</u> |
| Basis of Application: | <u>11 U.S.C. § 330; *In re Lewis*</u> |
| Application Type: | <u>First</u> |
| Form 2030: | <u>Exhibit A</u> |

143

| Part 3 | Case Information |
|--------|-----------------|

Date Filed:                          July 25, 2023

U.S. Bankruptcy Judge:               Patricia M. Mayer

Standing Trustee:                    Kenneth E. West

Debtor's Median Income:              Below Median

| Part 4 | Summary of Services Performed |
|--------|-------------------------------|

1. This is the first fee application in this case.

2. The Applicant seeks approval of fees in connection with the customary services of filing a chapter 13 case and guiding the plan to confirmation.

3. The services performed were of substantial benefit to the bankruptcy estate.

| Part 5 | Flat Fees Incurred |
|--------|--------------------|

By prior agreement with the Debtor, the Applicant requests payment of flat fees for each of the following services:

| Date | Description | Fee |
|------|-------------|-----|
|      | NONE        |     |
|      | **TOTAL**   |     |

| Part 6 | Hourly Fees Incurred |
|--------|----------------------|

The Applicant requests payment based on actual time expended for the following services:

| Date | Description | Hours Expended |
|------|-------------|----------------|
| 7/15/23 | (Attorney) Initial consultation with client to discuss objectives for representation | 1.00 |
| 7/25/23 | (Attorney) Drafted chapter 13 petition and statement of social security number | 0.75 |
| 7/25/23 | (Attorney) Drafted matrix list of creditors | 1.00 |
| 7/31/23 | (Attorney) Drafted motion to extend the automatic stay | 1.00 |
| 8/17/23 | (Attorney) Drafted schedules, statements, other documents, and chapter 13 plan. | 4.50 |

144

| Date | Description | Hours Expended |
|------|-------------|----------------|
| 8/23/23 | (Attorney) Represented debtors at hearing on motion to extend automatic stay. | 0.50 |
| 10/20/23 | (Attorney) Represented debtors at meeting of creditors | 1.00 |
| 11/24/23 | (Attorney) Defended against motion for relief from automatic stay, including filing answer and negotiating stipulation | 3.00 |
| 1/23/24 | (Attorney) Drafted first amended chapter 13 plan | 1.00 |
| 1/23/24 | (Attorney) Represented debtors at confirmation hearing | 0.20 |
| 2/12/24 | (Attorney) Drafted second amended chapter 13 plan | 1.00 |
| 2/13/24 | (Attorney) Represented debtors at confirmation hearing | 0.20 |
| 3/26/24 | (Attorney) Represented debtors at confirmation hearing | 0.20 |
| 5/21/24 | (Attorney) Reviewed time slips and drafted fee application | 1.00 |
| | **TOTAL ($350 per hour)** | **16.35** |

## Part 7   Expenses

The Applicant requests reimbursement for the following expenses:

| Date | Description | Fee |
|------|-------------|-----|
| | NONE | |
| | **TOTAL** | |

## Part 8   Summary of Fees and Expenses

| Period | | Requested | | Allowed | | Paid | |
|--------|--|-----------|--|---------|--|------|--|
| Start | End | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| Pre-Petition | | | | | | $2,075.00 | $0.00 |
| This Application | | $5,725.00 | $0.00 | | | | |
| | **TOTALS** | **$5,725.00** | **$0.00** | **$ 0.00** | **$ 0.00** | **$2,075.00** | **$0.00** |

## Part 9    Other Information

1. None of the compensation paid to applicant will be shared with any person other than a member or regular associate of applicant's law firm unless 11 U.S.C. §504(c) applies.

2. The Applicant does not consent to the entry of a reduced award by the Court without notice and hearing.

## Part 10    Request for Relief

The Applicant requests that the Court enter an award of $5,725.00 in compensation and of $0.00 in reimbursement of actual, necessary expenses.

_____
Signature of Applicant

May 21, 2024
Date

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Eastern District of Pennsylvania

**In re**  Creedon, Michael Patrick

Creedon, Regina Anne

Case No. _____23-12202-pmm_____

Chapter _____13_____

**Debtor**

**AMENDED**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept ............................................................................ $5,725.00

Prior to the filing of this statement I have received ................................................................ $2,075.00

Balance Due ........................................................................................................................... $3,650.00

2.  The source of the compensation paid to me was:

☑ Debtor          ☐ Other (specify)

3.  The source of compensation to be paid to me is:

☑ Debtor          ☐ Other (specify)

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

B2030 (Form 2030) (12/15)

Filing fee plus Costs & Expenses. Motion to Extend the Stay. Continued Meeting of Creditor Hearings, Addition of Creditor after Filing Petition, Motions to Avoid Liens, Motions for Relief from the Automatic Stay, Motions to Dismiss Case, Adverserial Proceedings & Discharge Litigation, Depositions, Asset Cramdowns, Objection to Proof of Claims, Certification of Stipulation Defaults, Motions for Plan Modifications, Motions for Reconsideration, Vacate Wage Orders, Praceipe for Discharge, Bankruptcy Chapter Conversions, Redemption of Property, Lexis & Pacer Research, Credit, Property, Judgements, & Liens Reports. The above legal services will be billed at a hourly rate of $375 per hour per attorney

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

01/23/2024                                      /s/ Michael A. Cibik

*Date*                              Michael A. Cibik
                                    *Signature of Attorney*

                                              Bar Number: 23110
                                              Cibik Law, P.C.
                                    1500 Walnut Street Suite 900
                                    Philadelphia, PA 19102
                                    Phone: (215) 735-1060

                                    Cibik Law, P.C.

                                    *Name of law firm*

Page 2 of 2

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA
### Philadelphia Division

| | |
|---|---|
| Michael Patrick Creedon, | Chapter 13 |
| Regina Anne Creedon, | Case No. 23-12202-pmm |
| _Debtors._ | |

## Order Granting Application for Compensation

And now, after consideration of the Application for Compensation and Reimbursement of Expenses filed by Applicant Cibik Law, P.C., with proper notice, it is hereby **ORDERED** that:

1.  The Application is **GRANTED**.

2.  Compensation in the amount of **$5,725.00** and reimbursement of expenses in the amount of **$0.00** are **ALLOWED** in favor of the Applicant.

3.  The Chapter 13 Trustee is authorized to distribute to the Applicant the allowed compensation and reimbursement of expenses set forth above as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b), and 11 U.S.C. §330(a)(4)(B), less **$2,075.00**, which was previously paid by the debtor.

Date:

_____
Patricia M. Mayer
U.S. Bankruptcy Judge

149

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
Philadelphia Division

| | |
|---|---|
| Michael Patrick Creedon, | Chapter 13 |
| Regina Anne Creedon, | Case No. 23-12202-pmm |
| *Debtors.* | |

### Certificate of Service

I certify that on this date, I did cause a copy of the documents described below to be electronically served on all parties on the clerk's service list that are registered to receive notices through the CM/ECF system.

I further certify that on this date, I did cause a copy of the documents described below to be served for delivery by the United States Postal Service, via first class mail, postage prepaid to the parties listed on the mailing list exhibit, a copy of which is attached and incorporated as if fully set forth here.

- Application for Compensation

Dated: May 21, 2024

Mike Assad (#330937)
Cibik Law, P.C
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
help@cibiklaw.com

**Mailing List Exhibit**

Michael Patrick Creedon
4 Saljon Ct
Maple Glen, PA 19002-3012

Regina Anne Creedon
4 Saljon Ct
Maple Glen, PA 19002-3012

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA
### Philadelphia Division

Michael Patrick Creedon,                    Case No. 23-12202-pmm
Regina Anne Creedon,                        Chapter 13

*Debtors.*

### Certificate of No Response

I certify that Cibik Law, P.C. has received no answer, objection, or other responsive pleading to the application for compensation filed at ECF No. 65 on May 21, 2024.

I further certify that I have reviewed the Court's docket in this case and no answer, objection, or other responsive pleading to the application appears thereon. Pursuant to the notice filed with the application, responses to the application were to be filed and served on or before June 4, 2024.

I further certify that I have reviewed the Court's docket in this case and no applications for administrative expenses appear thereon. Pursuant to the Court's order at ECF No. 63, all applications for administrative expenses were to be filed and served on or before May 21, 2024.

Date: June 5, 2024

_____
Mike Assad (#330937)
Cibik Law, P.C
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
help@cibiklaw.com

-

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: Michael and Regina Creedon,          :          Chapter 13
                                            :
                                            :
          Debtors.          :          Bky. No. 23-12202 (PMM)

## O R D E R

    **AND NOW**, upon consideration of the Application for Compensation (doc. #65, , "the

Application") filed by Michael Assad, Esquire ("the Applicant"), counsel to the Debtor, in which

the Applicant requests the allowance of compensation in the amount of **$5,725.00** for legal

services provided to the Debtor;

    **AND** this bankruptcy case having been dismissed on May 7, 2024,

    **AND**, upon the Applicant's certification that proper service has been made on all

interested parties,

    **AND**, upon the Applicant's certification of no response,

    **AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review

fee applications, notwithstanding the absence of objections by the United States trustee . . .,

creditors, or any other interested party, a duty which  . . .  derives from the court's inherent

obligation to monitor the debtor's estate and to serve the public interest,"   In re Busy Beaver

Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original),

    **AND**, the Court of Appeals also having instructed that the bankruptcy courts should not

"become enmeshed in a meticulous analysis of every detailed facet of the professional

153

-

representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive

proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the time records submitted by the Applicant and the services provided

in this case, the court concluding that a reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1.    The Application is **GRANTED IN PART AND DENIED IN PART.**

2.    Compensation is allowed in favor of the Applicant in the amount of **$4,300.00**. Counsel

was paid $2,075.00 of this amount prior to the bankruptcy filing.  See also L.B.R. 2016-

1(h) (governing procedure for disposition of fee applications without a hearing).

3.    The Chapter 13 Trustee is authorized to distribute to the Applicant the allowed

compensation ($4,300.00) less the $2,075.00 which was paid by the Debtor prepetition

---

[1]    Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary
Corp., 540 F.2d 102, 116 (3d Cir. 1976 (en banc)).

[2]    After reviewing the time records and case docket, I am unpersuaded that a fee of $5,725.00 is a
reasonable amount to charge for representation of the interests of the Debtor.

The time stated in the time records appears to be an unreasonable amount for the stated work. For
example, counsel charges 4.5 hours to draft schedules and a plan, 3.0 hours to defend against a motion for
relief and negotiate a stipulation, and 1.0 hour to review a short summary of time spent.  It is unlikely that
these tasks took that amount of time.

I have therefore reduced Counsel's fee by approximately 25%, to a fee of $4,300.00.  Such an approach
permits the court to avoid becoming enmeshed in a fee application process that is overly cumbersome or
disproportionate given the size of this case and the stakes involved.  See Green Valley Beer, 281 B.R. at
259;  In re In re Adventist Living, 137 B.R. 701 (Bankr. N.D. Ill. 1991).  See generally Busy Beaver, 19
F.3d at 845 ("Because its time is precious, the reviewing court need only correct reasonably discernible
abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled").

(for a **remaining amount due of $2,225.00**), as an administrative expense pursuant to 11

U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B).

4.      Cause exists within the meaning of 11 U.S.C. §349(b)(3) and the Trustee is directed to

distribute the funds in his possession derived from the pre-confirmation chapter 13 plan

payments of the Debtor(s) to pay the allowed compensation.

**Date: 6/10/24**                                          _____

                                                            **PATRICIA M. MAYER**
                                                            **U.S. BANKRUPTCY JUDGE**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Patrick Creedon,<br>Regina Anne Creedon,<br><div align="right">*Debtors.*</div> | Case No. 23-12202-pmm<br>Chapter 13 |

## Notice of Appeal

Appellant Michael I. Assad, the Debtors' attorney in the above bankruptcy case, hereby appeals to the U.S. District Court for the Eastern District of Pennsylvania from the order of this Court entered at ECF No. 67 on June 10, 2024, which partially denied the Appellant's application for compensation.

The Appellant requests that the Clerk serve this notice on all parties interested in the order being appealed. Those parties are listed below.

| Party | Address |
|---|---|
| Michael Patrick Creedon<br>Debtor | 4 Saljon Court<br>Maple Glen, PA 19002-3012 |
| Regina Anne Creedon<br>Joint Debtor | 4 Saljon Court<br>Maple Glen, PA 19002-3012 |
| Kenneth E. West<br>Chapter 13 Trustee | Jack K. Miller<br>Office of the Chapter 13 Standing Trustee<br>1234 Market Street, Suite 1813<br>Philadelphia, PA 19107<br>215-627-1377 |
| Andrew R. Vara<br>U.S. Trustee | Dave P. Adams<br>Office of United States Trustee<br>Robert N.C. Nix Federal Building<br>900 Market Street, Suite 320<br>Philadelphia, PA 19107<br>215-597-4411 |

Date: June 15, 2024

CIBIK LAW, P.C.
*Attorney for Appellant*

By: _____

Mike Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
help@cibiklaw.com

2

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Michael Patrick Creedon,
Regina Anne Creedon,

*Debtors.*

Case No. 23-12202-pmm
Chapter 13

## Notice of Appeal

Appellant Michael I. Assad, the Debtors' attorney in the above bankruptcy case, hereby appeals to the U.S. District Court for the Eastern District of Pennsylvania from the order of this Court entered at ECF No. 67 on June 10, 2024, which partially denied the Appellant's application for compensation.

The Appellant requests that the Clerk serve this notice on all parties interested in the order being appealed. Those parties are listed below.

| Party | Address |
|---|---|
| Michael Patrick Creedon<br>Debtor | 4 Saljon Court<br>Maple Glen, PA 19002-3012 |
| Regina Anne Creedon<br>Joint Debtor | 4 Saljon Court<br>Maple Glen, PA 19002-3012 |
| Kenneth E. West<br>Chapter 13 Trustee | Jack K. Miller<br>Office of the Chapter 13 Standing Trustee<br>1234 Market Street, Suite 1813<br>Philadelphia, PA 19107<br>215-627-1377 |
| Andrew R. Vara<br>U.S. Trustee | Dave P. Adams<br>Office of United States Trustee<br>Robert N.C. Nix Federal Building<br>900 Market Street, Suite 320<br>Philadelphia, PA 19107<br>215-597-4411 |

158

Date: June 15, 2024

CIBIK LAW, P.C.
*Attorney for Appellant*

By: _____

    Mike Assad (#330937)
    1500 Walnut Street, Suite 900
    Philadelphia, PA 19102
    215-735-1060
    help@cibiklaw.com

*Form 256* (3/23)–doc 75 – 69

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          )
    Michael Patrick Creedon              )          Case No. 23–12202–pmm
                                           )
                                           )
    Regina Anne Creedon                  )          Chapter: 13
                                           )
    Debtor(s).                           )

## Certificate of Service

      The Clerk hereby certifies that a true and correct copy of the attached document Doc.# [69] Notice of Appeal as served on June 17, 2024 to the below parties by the method indicated:

| Party | Method of Service |
|---|---|
| Judge Patricia M. Mayer | Email |
| Office of the United States Trustee | CM/ECF |
| Case Trustee: KENNETH E. WEST | CM/ECF |
| U.S. District Court | Email |
| Debtor: Michael Patrick Creedon<br>Joint Debtor: Regina Anne Creedon | Regular mail through the BNC |
| Debtor's Attorney:<br>MICHAEL A. CIBIK | CM/ECF |
| Joint Debtor's Attorney:<br>MICHAEL A. CIBIK | CM/ECF |

Date: June 17, 2024                           For The Court

                                           Timothy B. McGrath
                                           Clerk of Court

160

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

Michael Patrick Creedon,
Regina Anne Creedon,
                                    *Debtors.*

Case No. 23-12202-PMM
Chapter 13

**ORDER**

And now, after consideration of the Motion for Stay Pending Appeal filed by Appellant Michael I. Assad, with notice appropriate under the circumstances and for good cause shown, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The chapter 13 trustee must immediately:

   a. Stop payment on check number 4006411.

   b. Issue a check to the Debtors in the amount of $10,757.60.

   c. Hold the remaining $1,425.00 until further order of this Court.

3. Further enforcement of the Court's order at ECF No. 67 is **STAYED** pending resolution of the Appellant's appeal to the U.S. District Court for the Eastern District of Pennsylvania or the U.S. Court of Appeals for the Third Circuit.

4. The Court retains jurisdiction to enforce and interpret this order.

Date: **June 20, 2024**

Patricia M. Mayer
U.S. Bankruptcy Judge

161

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Patrick Creedon, | Case No. 23-12202-pmm |
| Regina Anne Creedon, | Chapter 13 |
| *Debtors.* | |

## Third Amended Designation of Record on Appeal

Appellant Michael I. Assad hereby requests that the following docket entries be included in the record of the appeal noticed at ECF No. 69 on June 15, 2024.

| Date | Docket No. | Description |
|---|---|---|
| 07/25/2023 | 1 | Chapter 13 Voluntary Petition for Individual |
| 08/17/2023 | 14 | Schedules, Statements, and Other Documents |
| 08/17/2023 | 15 | Means Test |
| 08/17/2023 | 16 | Chapter 13 Plan |
| 08/18/2023 | 17 | Amended Motion to Extend Automatic Stay |
| 08/23/2023 | 19 | Objection to Confirmation of Plan |
| 08/23/2023 | 20 | Hearing on Motion to Extend Automatic Stay *Transcript Requested at Docket No. 87* |
| 11/24/2023 | 27 | Motion for Relief from Stay |
| 11/30/2023 | 29 | Objection to Motion for Relief |
| 12/19/2023 | 30 | Motion to Dismiss |
| 12/12/2023 | 32 | Confirmation Hearing *Transcript Requested at Docket No. 87* |
| 01/19/2024 | 39 | Stipulation of Settlement |
| 01/23/2024 | 41 | First Amended Chapter 13 Plan |
| 01/23/2024 | 43 | Pre-Confirmation Certification |
| 01/23/2024 | 44 | Continued Confirmation Hearing *Transcript Requested at Docket No. 87* |

| Date | Docket No. | Description |
|------|-----------|-------------|
| 01/23/2024 | 45 | Hearing on Motion to Dismiss<br>*Transcript Requested at Docket No. 87* |
| 02/08/2024 | 47 | Amended Schedule J |
| 02/12/2024 | 48 | Second Amended Chapter 13 Plan |
| 02/13/2024 | 49 | Praecipe to Withdraw Objection |
| 02/13/2024 | 50 | Continued Confirmation Hearing<br>*Transcript Requested at Docket No. 87* |
| 02/13/2024 | 51 | Continued Hearing on Motion to Dismiss<br>*Transcript Requested at Docket No. 87* |
| 03/26/2024 | 52 | Continued Confirmation Hearing<br>*Transcript Requested at Docket No. 87* |
| 03/26/2024 | 54 | Order Denying Confirmation of Chapter 13 Plan |
| 03/27/2024 | 55 | Amended Motion to Dismiss Case |
| 05/07/2024 | 62 | Hearing on Motion to Dismiss<br>*Transcript Requested at Docket No. 87* |
| 05/07/2024 | 63 | Order Granting Amended Motion to Dismiss Case |
| 05/21/2024 | 65 | Application for Compensation |
| 06/05/2024 | 66 | Certificate of No Response |
| 06/10/2024 | 67 | Order Granting in part, Denying in part Application For Compensation |

Date: June 23, 2024

CIBIK LAW, P.C.
*Attorney for Appellant*

By: _____

    Mike Assad (#330937)
    1500 Walnut Street, Suite 900
    Philadelphia, PA 19102
    215-735-1060
    help@cibiklaw.com

UNITED STATES BANKRUPTCY COUR
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 13** |
| | : | |
| **Michael Patrick and** | | |
| **Regina Anne Creedon,** | : | **Case No.   23-12202 (PMM)** |
| | : | |
| **Debtors.** | : | |

-----------------------------------

## O P I N I O N

### I.       INTRODUCTION

This matter is before the court on an appeal from an Order entered on June 10, 2024 (doc. #67, the "Fee Order") which reduced the compensation sought by the Debtors' counsel, Michael Assad ("Counsel" or the "Applicant"), by approximately 25%.[1]   Because consideration of Counsel's Application for Compensation (doc. #65, the "Application") was a routine matter not requiring a hearing in advance of the determination, a summary order with footnotes was entered. This Opinion, filed in conformity with Local Rule 8003-1, is submitted in support of the Fee Order.

As discussed below, the amount sought in the Application was reduced pursuant to the court's professional and judicial experience and based on the court's discretion to review and determine attorney fees in a chapter 13 case.   Further, contrary to the contention of the Applicant, the procedure of issuing an order prior to holding a hearing on the Application does not violate Counsel's right to due process.

### II. PROCEDURAL AND FACTUAL BACKGROUND

Counsel filed this chapter 13 bankruptcy case on behalf of the Debtors on July 25, 2023. The Debtors' previous chapter 13 case (case no. 22-11697, the "Prior Case"), in which they were also represented by Mr. Assad, was dismissed on February 28, 2023.

---

[1]       Michael Cibik of Cibik Law is listed on the docket as counsel to the Debtors. However, Mr. Assad of the Cibik firm filed most of the documents and pleadings in this case, including the appeal.

The initial 2016(b) disclosure in the current case states that the agreed attorney fee would be $4,725.00, of which $2,075.00 was received prior to the filing. Doc. #14. The 2016(b) disclosure notes that certain legal services were not included in the $4,725.00 and would be billed at an hourly rate of $375.00. For reasons unclear from the record, the Applicant amended the firm's disclosure statement on January 23, 2024 to reflect an anticipated fee of $5,725.00. Doc. #42 (the "Amended Disclosure").[2]

Soon into this case, the Debtor's mortgagee, Wells Fargo Bank ("Wells Fargo"), filed an Objection to the proposed Plan (doc. #19) as well as a Motion for Relief from Stay (doc. #27). The Motion for Relief was settled on January 19, 2024. Doc. #39. A few months later, the Debtors defaulted on that stipulation and relief was granted to Wells Fargo. Doc. #59. The chapter 13 plan was amended twice. Doc. #'s 41, 48. On March 26, 2024, confirmation of the plan was denied. Doc. #54.

On May 7, 2024, after notice and hearing of the chapter 13 trustee's Motion, this bankruptcy case was dismissed. Doc. #63 (the "Dismissal Order"). The Dismissal Order allowed 14 days for the filing of administrative fee applications. Counsel timely filed an Application for Compensation, doc. #65, seeking fees in the amount of $5,725.00 for services performed from July 15, 2023 (the date the case was filed) through May 21, 2024 at the rate of $350.00 per hour. The Application states that a total of 16.35 hours were worked and details the tasks performed.[3]

Upon review of the Application, I entered the Fee Order on June 10, 2024 which reduced the amount sought by about 25% and allowed reduced compensation in the amount of $4,300.00.

---

[2]     The Debtors have "below median" income. Doc. #65.
[3]     The Application calculates the fee based on an hourly fee of $350.00 per hour, even though the Amended Disclosure states that the Firm would bill at a rate of $375.00 per hour. I further note that the 16.35 hours listed in the Application billed at a rate of $350.00 amounts to a charge of $5,722.50, approximately, but not exactly, the amount sought of $5,725.00.

Thus the Application was granted in part (with regard to the allowed $4,300.00) and denied with regard to the remaining $1,425.00. Footnote 2 of the Fee Order summarizes the reason for the reduction; "[t]he time stated in the time records appears to be an unreasonable amount for the stated work." Id.

On June 15, 2024, Counsel filed a timely Notice of Appeal, doc. #69, and Statement of Issues on Appeal (doc. #70, the "Statement"). Following an expedited hearing, Counsel's Motion for Stay Pending Appeal was granted, staying the execution of the distribution directed in the Fee Order. Doc. #86.

## III.  RELEVANT BACKGROUND LAW

### *Bankruptcy Code and Rules*

Bankruptcy Courts may award reasonable compensation for actual, necessary services rendered by professionals.  11 U.S.C.S. §330(a)(1).  The reasonableness of the compensation is determined by an examination of  "(i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services, and (v) the cost of comparable services in non-bankruptcy cases."  11 U.S.C.S. §330(a)(3).  A court must also consider the "benefit and necessity" of such services and what is reasonable in light of the representation of the interests of the debtor in connection with the case.  11 U.S.C. § 330(a)(4)(B).

The procedure for seeking payment of compensation is set forth in Federal Rule of Bankruptcy Procedure 2016, which provides that counsel "shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."  Fed. R. Bankr. P. 2016(a). The Federal Rule is supplemented by procedures detailed in Local Rule 2016 (discussed below).

*Third Circuit Case Law*

The Third Circuit holds that Bankruptcy Courts have not only a right, but an affirmative duty, to review fee applications even in the absence of an objection (particularly given that objections to fee applications are rare and that review is necessary). In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 841 (3d Cir. 1994).  In so finding, the Third Circuit emphasized that the Bankruptcy Court need not - in fact should not - become "enmeshed in a meticulous analysis" Id. at 844–45 (3d Cir. 1994) (citation omitted).

This sentiment has been echoed by colleagues on this court: "both the billing and fee review process are more art than science. The Court is not required to, nor realistically could it, determine an exact or a perfectly, precise fee for each case . . . fee review and allowance process is a holistic one." In re Kyung Tae Ko, 560 B.R. 245, 250–51 (Bankr. E.D. Pa. 2016) (citation and emphasis omitted). Further, it is an applicant's duty to demonstrate through a sufficiently detailed fee application that he is entitled to the amount sought.  In re Murray, 2007 WL 2317523, at *2 (Bankr. E.D. Pa. Aug. 6, 2007).

In reviewing fee applications, a court should call on its professional experience, expert judgment, and understanding of the legal profession as a starting point.  In re: Badyrka, 2022 WL 4656034, at *9 (Bankr. M.D. Pa. Sept. 30, 2022).

### In re Lewis: pre-confirmation, post-dismissal fee applications

Also relevant here (where a fee application is being considered in a dismissed, unconfirmed chapter 13 case) is In re Lewis, 346 B.R. 89, 109–10 (Bankr. E.D. Pa. 2006).  In Lewis, Judge Frank held that §349(b)(3) governs the effect of dismissal on property of the bankruptcy estate. Id. at 111.  While §349 provides that property shall, upon dismissal, be revested "in the entity to which such property was vested" prior to the filing of the case, the section permits a court to order

4

167

that the funds be otherwise distributed "for cause."  Id. at 101–02, 114.  If jurisdiction is retained, this provision allows a court to order payment of estate funds to debtor's counsel rather than to the entity vested with the funds pre-petition (who is usually the debtor).  Lewis is the prevailing case on this issue in this district.

When counsel submits a fee application in a chapter 13 case which has not been confirmed, the "no look" fee, see L.R. 2016-3(a)(1), is not applicable.  Rather, the court must "employ the traditional analysis of determining the reasonable amount of compensation, taking into account the results achieved by counsel's efforts in a case dismissed without a confirmed plan, all of the factors set forth in 11 U.S.C. § 330(a)(3), 330(a)(4)(B) and any other relevant considerations."  Lewis, 346 B.R.at 109–10 (citations omitted). It is the burden of the applicant to demonstrate by way of the fee application that the services provided to the debtor were both valuable and aimed at achieving a viable chapter 13 plan. Id. at 108; see also 3 Collier on Bankruptcy P 330.03 (16th 2024).

### IV. ANALYSIS

Counsel identified three (3) issues in the Statement.[4]  I will address these issues in turn.

### A.  Reasonable Fees

Counsel's primary objection is that the reduction of fees is unfair because the amount charged to represent the Debtors was reasonable.  Doc. #70.  The Application seeks fees of $5,725.00.  This amount was cut by the Fee Order to $4,300.00, an approximate 25% reduction. Doc. #67.  Upon careful review of the history of the case and the Applicant's billing records, I conclude, as summarized in the Fee Order, that "[t]he time stated . . . appears to be an unreasonable amount for the stated work . . . [i]t is unlikely that these tasks took that amount of time." Id. at n.2.

---

[4]        I consider the enumerated issue 3 and issue 4 to be part of the same objection, namely that a hearing prior to determination was necessary in order to protect the due process rights of Counsel.

The Debtors' bankruptcy was far from a complicated chapter 13 case.  In fact, the schedules, docket entries, and pleadings indicate that this bankruptcy posed the typical "plain vanilla" scenario, namely that the Debtors fell behind on their mortgage payments and wished to cure the arrears through a chapter 13 plan.

The arrears here are, to be sure, significant (over $200,000.00) and the Debtors' attempt to catch up has been an uphill battle.  The Debtors' Prior Case was dismissed upon motion of the trustee after the Debtors defaulted on a stipulation with mortgagee Wells Fargo Bank ("Wells Fargo").

The current bankruptcy sought to cure the same problem and, unfortunately for the Debtors, had the same unsuccessful result. The main events in the current case are as follows:

- The Debtors' Motion to Extend the Stay was granted on August 24, 2023 (doc. #21).

- Schedules and a chapter 13 plan were filed on August 17, 2023; the chapter 13 plan was amended twice on January 23 2024 and February 12, 2024 (doc. #'s 14, 16, 41, and 48).

- Wells Fargo objected to the plan and filed a Motion for Relief on November 24, 2023 (doc. #'s 19, 27); the Debtors objected to that Motion (doc. #29).

- Following a settlement of the Motion for Relief (doc. #40), the Debtors defaulted on the stipulation (doc. #58).  As a result, relief was granted to Wells Fargo on April 17, 2024 (doc. #59).

- The case was dismissed on May 7, 2024, upon motion of the chapter 13 trustee, for delay and for failure to make payments (doc. #63).

The bankruptcy did not feature complicated tax, probate, or state law issues; no adversary proceedings or objections to claims were filed; the Debtors did not attempt to cramdown a car or strip a mortgage lien.  The Debtors have one (1) home, one (1) car, two (2) secured creditors, and five (5) unsecured creditors.  While the Debtors do have some tax debt and own portions of two

6

(2) businesses,[5] this case was a straightforward chapter 13 in which, to reiterate, the Debtors sought to avert the loss of their home to foreclosure.

With this in mind, I turn to the time sheets filed by Counsel in support of the Application. Counsel charges 4.50 hours on August 17, 2023 for drafting "schedules, statements, other documents, and chapter 13 plan." Application at 2. Because the schedules and plan are not complex, and based on my experience as a consumer bankruptcy attorney, I find this to be a large amount of time spent on a routine task. This conclusion is supported by the fact that Counsel represented the Debtors in the Previous Case, filed only about one (1) year before the current case. Counsel, therefore, was not drafting schedules from scratch. I would expect the initial task of drafting schedules and a plan in a second filing to take, at most, half of the time reported.

Similarly, Counsel charges 3.0 hours on November 24, 2023 to defend "against [the] motion for relief . . . including filing answer and negotiating stipulation." Id. at 3. The Objection (doc. #29) to the Motion for Relief submitted by Counsel is one (1) paragraph. While settlement of the motion may have involved some back and forth, presumably the issues and options were well known to both parties, who at that point had been working towards resolution for years in the Prior Case and the current case. The Stipulation of Settlement (doc. #39) was filed by Wells Fargo (rather than by Debtors' Counsel) and looks to rely on boilerplate language. For these reasons, I find the charge of 3.0 hours for these tasks to be inflated.

The 25% reduction of fees was based on a careful analysis of the record and case history but is not, nor need it be, an exact calculation. Rather, the Third Circuit directs courts to use discretion in reviewing fee applications and to make a determination that is fair but not necessarily precise. At bottom, I find a bill of nearly $6,000.00 for a routine bankruptcy in which a plan of

---

[5]     The Debtors own Mr. Creedon's law practice, which is an LLC.  See schedule A/B at ¶19; see also Statement of Financial Affairs.  They also own a minority percentage of Ventresca Travel.  See Schedule A/B.

reorganization was not confirmed to be high; this determination was made pursuant to my common sense, experience, and discretion.

### B.  Unsecured Creditors Would not Benefit

Issue 2 on appeal is "[w]hether the Bankruptcy Court erred by awarding the Appellant less than the requested amount of compensation when property of the estate could no longer inure to the benefit of unsecured creditors."  Doc. #70.  The contention is that a court's analysis of counsel fees should include consideration of where the funds would go if not awarded to the debtor's lawyer.

This contention is supported neither by case law nor by district practice.

While Busy Beaver states that the bankruptcy estate should be protected from "overreaching attorneys" who might drain the funds which would "inure to the benefit of unsecured creditors,"  it is important to consider that Busy Beaver was an ongoing chapter 11 case. 19 F. 3d at 844.  However, in a dismissed chapter 13 case (the present scenario), the goal is not to keep money in the bank for unsecured creditors, but "to restore all property rights to the position in which they were found at the commencement of the case."  Lewis, 346 B.R. at 104; 11 U.S.C. § 349(b)(3).  In other words, the statute contemplates returning funds to the debtor upon the pre-confirmation dismissal of a chapter 13.  The interests of unsecured creditors—who did not own estate property when the case was filed—are not a consideration in determining chapter 13 professional fees.  See 3 Collier on Bankruptcy P. 330.3 (16th Ed. 2024) (stating that a §330 determination must inquire as to whether the service was actual and necessary and whether the billed amount is reasonable considering the nature, extent and value of the services provided).

8

## C. Due Process

Last, I take up the contention that the Fee Order, which reduced the fees sought without prior notice and hearing, violated Counsel's right to due process, particularly in light of the fact that the Applicant "did not consent to the entry of a reduced award without notice and hearing." Statement at 1.

Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In re U.S.A. Dawgs, Inc., 657 B.R. 98, 118 (B.A.P. 9th Cir. 2024) (citing Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

After reviewing the statutory and common law, I submit that the entry of the Fee Order did not violate due process. The court is able to reduce fees without a hearing prior to such decision; the proper course of action for an attorney who objects to that reduction is to file and notice a motion to reconsider the relevant order. This process allows further review of the fee application and provides counsel with an opportunity to submit additional evidence and argument in support of the amount sought.

Neither the Bankruptcy Code nor the Local Rules contemplates the requirement of a hearing *prior* to a reduction in fees. Section 330(a)(2) of the Code allows the court "on its own motion . . . [to] award compensation that is less than the amount of compensation that is requested." This portion of §330 does not mandate a hearing. Similarly, Local Rule 2016-1(h), entitled "Disposition Without Hearing: Reduced Award," provides that:

> If the court, **without holding a hearing**, awards an applicant less than the requested amount of compensation and reimbursement of expenses, the applicant may include a **request for a hearing on the application in a motion under Fed. R. Bankr. P. 9023**. If the motion under Fed. R. Bank. P. 9023 does not include a request for a hearing, the motion is governed by L.B.R. 9014-2 (providing for motions to be determined without a hearing).

9

L.B.R. 2016-1(h)(emphasis added).[6]

Although the Application notes discretely on page 4 that "[t]he Applicant does not consent to the entry of a reduced award by the Court without notice and hearing," such a notation is not the proper way to notice a motion before the court. See L.B.R. 9014-3. Further, the local form fee application (which was not used by Counsel) does not include a space or option allowing an applicant to request a hearing. See L.B.F. 2016-3(b).

In short, while a hearing to contest the reduction of fees may well be required in order to insure due process, the proper procedure is for an applicant to file a motion for reconsideration pursuant to Fed. R. Bankr. P. 9023 *after* the order on the fees has been entered.

In fact, the appellant in Busy Beaver filed a motion for reconsideration following the Bankruptcy Courts *sua sponte* reduction of fees. 19 F.3d at 837. While Busy Beaver does contemplate that, in order to satisfy due process concerns, an application should be allowed the opportunity to "present evidence or argument" in support of the amount sought in the fee application, the Third Circuit states that such an opportunity must be given not automatically or as a matter of course upon the reduction of fees, but rather only "should [a hearing] be requested." 19 F.3d at 846 (emphasis added). See also Id. at 847 (stating that, after being noticed of the reasons for the denial of fees, a hearing should be held if the applicant "make[s] a timely request for one.").

Judge Fehling of this court summarized the procedure contemplated by Busy Beaver following the reduction of counsel fees:

> First, a court may note (presumably through some order) its specific concerns and allow counsel to supplement the fee application in response thereto before holding a hearing and issuing an order on the application . . . . Second, a court could rely on the general

---

[6]    L.R. 9014-2(a)(16) provides that a hearing is not necessary "if the motion [pursuant to Fed. R. Bankr. P. 9023] does not include a request for a hearing, to alter or amend an order awarding an applicant less than the requested amount of compensation and reimbursement of expenses."  This language indicates that an applicant's motion for reconsideration must specifically request a hearing or that motion too (in addition to the underlying fee application) may be decided by the court without a hearing.

standards for reconsideration of an order . . . . **Full due process protection is therefore afforded to a fee applicant whose fee is reduced despite no advance notice**.

In re Waltenberg, 2007 WL 1740274, at *10-11 (Bankr. E.D. Pa. June 15, 2007) (citing Busy Beaver) (emphasis added). In Waltenberg, Judge Fehling issued an Order to Show Cause in advance of making a determination regarding fees because the egregious nature of counsel's billing practices warranted the consideration and imposition of sanctions. Id. at *2. However, the Opinion discusses the procedural due process protections outlined by Busy Beaver and states that as an alternative to holding a hearing prior to the determination of fees, the court may first issue an order reducing fees and "if counsel desires to do so, to allow counsel the occasion to file a motion to reconsider to defend the fee application with argument or evidence at a hearing." Id. at *11.

Thus, the Code, the law in this Circuit, and the local rules support the conclusion that the entry of a summary order reducing fees does not violate due process; objecting counsel may file and notice a motion for reconsideration, which will allow him to provide further explanation in support of the requested fees. See Zolfo, Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 261 (3rd Cir. 1995) (noting that the burden of proof in requesting a fee rests on the movant). To be sure, the procedure described remains the practice in this district. E.g., In re Sherman, 2022 WL 626940, at *1 (Bankr. E.D. Pa. Mar. 3, 2022) ("[u]nder the local rules of this court, applications for compensation typically are decided by the court without a hearing.").

While the law, as just discussed, contemplates such procedure, it is important to consider that the need for efficiency and or the goal of avoiding judicial backlog also support this practice. According to the Third Circuit, allowing an applicant an *ex-post* rather than *ex-ante* opportunity to object makes sense because "hearings on a routine matter like compensation for services might overwhelm already swollen calendars." Busy Beaver, 19 F.3d at 845–46.

11

This court currently has approximately 6,000 open chapter 13 cases. Certainly a percentage of the fees sought in these thousands of cases will include "no look" requests in confirmed cases, see L.B.R. 2016-3(a)(1), and will not require consideration of the merits of the award sought. But the additional need for hearings with regard to the many cases in which the court determines that the fee application has not supported the requested reward would indeed be burdensome.

### V. CONCLUSION

It is true that even a *de minimus* reduction of counsel feels, if a regular occurrence, may make a big difference to a consumer bankruptcy lawyer. The Applicant's objection is thus not taken lightly. Counsel's appeal allows the court to expound on a carefully considered, though summary, fee reduction order. The point of such a reduction, usually announced by way of a brief order with little explanation, is not to punish counsel or to deny hard earned wages. Rather, such process allows the court both efficiently to perform its duty of closely examining fee applications and also to balance professionals' need and right to get paid with the protection of debtors' scarce funds.

Date:  July 12, 2024

_____
**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**